**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

**PLAINTIFFS' MOTION TO ACCEPT LATE FILING OF**
**PLAINTIFFS' OPPOSITION TO**
**<u>DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES</u>**

Plaintiffs, by and through undersigned counsel, hereby respectfully requests that the Court accept for filing the accompany Plaintiffs Opposition to Defendant's Motion to Compel Answers to Interrogatories (the "Opposition," Exhibit 1 hereto). As grounds for this Motion, Plaintiffs state that while they timely filed an Opposition to the Government's Motion to Compel Answers To Interrogatories in the parallel case of <u>Anaheim Gardens v. United States</u>, No. 93-655C, on March 15, 2007, they inadvertently omitted to file the substantially identical Opposition in this case. Obviously, although the Plaintiffs regret this omission, it is not prejudicial in any respect to the Government. First, the interrogatories that are the subject of the Government's Motion to Compel (the "Motion") were identical. Second, the Plaintiffs' Responses to those interrogatories were also identical – indeed, the Plaintiffs filed a single set of Responses, bearing captions of both cases, and containing consolidated responses to the identical interrogatories served by the Government. Third, the concerns raised by the Government to those Responses were also identical. For example, the Government raised its concerns with the Responses in a single letter applicable to both cases dated February 5, 2007. *See* Exhibit C to

Opposition, attached. Finally, the Motions filed by the Government in the Anaheim Gardens and Algonquin Heights cases, but for a change of captions, were also substantially identical.

Likewise, the Opposition attached to this motion is, except for the date and caption, identical to the Opposition filed by the Plaintiffs in the Anaheim Gardens case. It makes the same arguments – that the Plaintiffs made good faith responses to the original interrogatories as they were propounded, and that further answers to these contention interrogatories should be postponed until additional discovery, including the Government's pending document production , is completed. It also offers the same reasonable proposals advanced in the Anaheim Gardens Opposition – that the Government should propound replacements for its original Interrogatories 5 and 6, and that the Plaintiffs should be allowed to provide an interim response to Interrogatory 7, setting forth the Plaintiffs' position as to why they believed, during the prepayment prohibition period, that it was futile to request prepayment. Plaintiffs' counsel was unable to reach the Government's counsel to request his consent prior to filing this motion.

Under these circumstances, while the omission to file the Opposition in this case was regrettable, it is clear that the Plaintiffs have the same good grounds to oppose the Motion in this case as in Anaheim Gardens, and that the Government was not prejudiced in any way by the omitted filing. Because the same arguments apply to both sides arguments in both cases, and because there is no prejudice to the Government here, the Plaintiffs respectfully request that the Court accept the late filing of the accompanying Opposition.

Dated: March 23, 2007

Respectfully submitted,

/s/ Harry J. Kelly

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
Tel: (202) 585-8000
Fax: (202 585-8080

Counsel for the Plaintiffs

CERTIFICATE OF FILING

I hereby certify that on the 23rd day of March, 2007, a copy of the foregoing Plaintiffs' Motion To Accept Late Filing of Plaintiffs' Opposition to Defendant's Motion To Compel Answers To Interrogatories was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by facsimile to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly