# EXHIBIT E

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

February 22, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

Our discussion yesterday about the plaintiffs' response to the United States' written discovery on ripeness was cordial and productive, but regrettably, we appear to have reached an impasse with respect to certain issues. As we agreed, I am providing this letter to memorialize our conversation.

1. Document Production

As a preliminary matter, we addressed your proposal to exchange searchable databases of the documents being produced by the respective parties. I explained that the proposed exchange would not be feasible and, therefore, that the production of documents and responses to interrogatories should occur as in any other matter. I also confirmed that the United States has begun producing documents responsive to the plaintiffs requests for production on a rolling basis, as you requested. We currently expect to be able to meet our agreed April 9, 2007 date for the production of non-privileged, responsive documents. With respect to the plaintiffs' production of documents, you stated that you had recently received a small number of responsive documents and that you would produce them promptly.

2. Interrogatories

We then turned to issues about the plaintiffs' interrogatory answers raised in my February 5, 2007 letter, and addressed further in your February 14, 2007 response.

a. Interrogatory 1

Interrogatory 1 requests information about the identity of the owners of the projects at issue. You originally objected to this interrogatory as burdensome and overly broad. We discussed plaintiffs' objections and agreed that for purposes of discovery on ripeness, the plaintiffs will promptly provide a list of general partners for each project and, additionally, will identify any limited partners who had interactions with HUD (e.g., discussed prepayment) in the course of the administrative process established by the Preservation Statutes. At present, we agreed that it would will be sufficient to provide this information for the period 1987 to 1996. We may, if warranted, seek further information as part of the current phase of discovery and reserve the right to insist upon a comprehensive answer to this interrogatory after ripeness issues are resolved.

b. Interrogatories 2 and 3

Interrogatories 2 and 3 request information about all actions taken by the plaintiffs pursuant to the administrative process established by the Preservation Statutes (i.e., ELIHPA and LIHPRHA). In your February 14, 2007 letter, you stated that you construed these interrogatories "as seeking information about the actual interactions between the owners and HUD that the owners understood to comply with the procedural provisions of these statutes." Letter from Harry Kelly to David Harrington at 6 (Feb. 14, 2007). I agreed that this was a fair reading of these interrogatories.

I explained, however, that the table appended to your interrogatory answers does not provide a full and complete answer. For instance, the table does not indicate what was requested through plans of action submitted to HUD, and does not appear to reflect instances when plans of action were withdrawn, amended or resubmitted. I explained that a comprehensive answer was needed. You agreed that the plaintiffs would supplement the answers to interrogatories 2 and 3 to provide a complete response. You indicated that you will discuss with your colleague (who has more familiarity with the documents and your database, but who is out of the office this week) to determine the best way to supplement the answers to interrogatories 2 and 3. Please contact me as soon as possible to let me know what to expect in the way of supplemental answers and when supplemental answers should be expected.

c. Interrogatory 4

Interrogatory 4 requests that each plaintiff describe in detail all communications with HUD about the possibility of prepaying the project's HUD-insured mortgage. You agreed to provide a list of all general and limited partners who communicated with HUD about the possibility of prepayment. Additionally, you stated that you will include information, to the extent known, about the identity of the HUD contact, the date that the discussion occurred, and the name of the project that was being discussed.

With respect to written communications concerning prepayment of which you are aware, we further requested that you identify the documents by Bates number or otherwise.

d. Interrogatories 5, 6 and 7

Interrogatories 5 and 6 request that you identify the date on which you contend that HUD reached a final decision regarding the application of ELIHPA and LIHPRHA, respectively. Interrogatory 7 requests that you state whether you contend that applying to prepay pursuant to the Preservation Statutes was futile and, if so, to state all facts upon which you base this contention.

You asserted objections to these interrogatories. In our February 5, 2007 letter, we explained why the asserted objections were unfounded and clarified the information sought by our interrogatories. In your February 14, 2007 letter, you declined to provide answers to these interrogatories citing RCFC 33(d) and asserting that it was premature to respond to contention-type interrogatories.

Yesterday, I again requested that answers to interrogatories 5, 6 and 7 be provided. You stated that the plaintiffs would not respond until the United States has completed the production of documents requested by the plaintiffs, which will not occur until mid-April 2007. I explained that there was no basis for refusing to answer the interrogatories immediately. I pointed out that the interrogatories were served in July 2006. Moreover, I explained that if any plaintiff did not apply to prepay under the Preservation Statutes in the early 1990's because it believed that applying to HUD was futile, then this information is currently known by the plaintiff. The production of documents by the United States is irrelevant. As you are unwilling to alter your position, we regrettably have been unable to resolve the dispute regarding these interrogatories through our discussions.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

cc: Terri L. Roman, Esq.
Alice A. Peterson, Esq.