**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

**RENEWED MOTION TO AMEND FIRST AMENDED COMPLAINT**

The Plaintiffs, by and through undersigned counsel, respectfully renew their Motion to Amended First Amended Complaint, originally filed on May 9, 1998 (the "Motion").[1] As explained below, the Motion amended the First Amended Complaint (the "Complaint") in this case by adding four additional plaintiffs (the "Additional Plaintiffs"). At the time, the Government had given its written consent to the proposed amendment. Now, however, the Government contends that the amendment did not take effect pursuant to RCFC 15(a) and has refused to provide discovery with respect to the Additional Plaintiffs, on the grounds that the Court did not act upon the Motion prior to its dismissal of the case in 2000. In order to assure that the Additional Plaintiffs have a full opportunity to litigate their claims, the Plaintiffs renew their Motion and ask the Court to enter an order confirming that the Additional Plaintiffs are parties to the case, notwithstanding the Government's attempt to renege on its prior written consent.

[1] The Motion is attached hereto as Exhibit A. A supporting Memorandum was filed with the Motion and is attached hereto as Exhibit B. For purposes of brevity, the Second Amended Complaint that accompanied the Motion and Memorandum is not attached to this Renewed Motion but is available from Plaintiffs' counsel upon request.

## BACKGROUND

This case was originally filed on August 25, 1997. At that time, the Complaint identified 25 plaintiffs, asserting claims that, among other things, the enactment of the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA") and the Low Income Housing Preservation and Residential Homeownership Act of 1990 ("LIHPRHA"), which prohibited the plaintiffs from prepaying their HUD-insured mortgages, constituted a breach of contract and/or a taking for which they are entitled to compensation pursuant to the Fifth Amendment of the U.S. Constitution.

On September 19, 1997, the Plaintiffs filed the Complaint, which added fourteen (14) new plaintiffs but was otherwise substantially identical to the original complaint in this case. No leave was required to amend the Complaint because, pursuant to RCFC 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ." As of the date the Complaint was filed, the Government had not filed a responsive pleading in this case. In fact, as of the date of this renewed Motion, the Government still has not filed a responsive pleading in this case.

Shortly after the filing of the Complaint, the Government moved to stay proceedings in this case, in light of the then-recent filing of the appeal in <u>Cienega Gardens v. United States</u>, No. 9401C (Fed. Cl.). The Plaintiffs did not oppose that motion, which was granted by the Court on October 28, 1997. Essentially, the case remained stayed until its dismissal in 2000.

On May 8, 1998, the Plaintiffs filed the Motion (to which the Memorandum and the Second Amended Complaint were attached), which added the four Additional Plaintiffs – Briar Crest, a Michigan general partnership, Briar Crest Apartments II, a

Michigan limited partnership, Briar Hills, a Michigan limited partnership, and the United Company L.P., a Massachusetts limited partnership – and made certain related textual revisions, all with the Government's written consent. As the Motion explained, the Government had "no objection to the requested amendment." Exhibit A at 1. Indeed, in a letter from Government's counsel at the time, the Government stated that "the motion is acceptable to defendant," provided that some additional language was added to the Motion. Letter to Harry Kelly from Brian Simkin dated April 23, 1998 ("Simkin Letter," Exhibit C hereto). The requested language was added, and the Motion was filed shortly thereafter, on May 8, 1998.

The supporting Memorandum explained that, pursuant to RCFC 15(a), no further action of the Court was necessary, relying on the statement by the Government's counsel that the Motion was acceptable to the Government:

> As RCFC 15(a) states, a complaint may be amended . . . "by leave of the court o***r by written consent of the adverse party***." As indicated in the Motion, the Government has stated it has no objection to the proposed amendment, ***thereby satisfying the requirements of RCFC 15(a)***.

Memorandum at 1 (Exhibit B hereto) (emphases added). Indeed, no formal order was entered by the Court with respect to the Motion prior to the dismissal of the action in 2000 or subsequent to the remand in 2006, undoubtedly reflecting the Court's shared conclusion that formal action was unnecessary pursuant to the operation of RCFC 15(a) in light of the "written consent of the adverse party" reflected in the Simkin Letter, the Motion and the Memorandum.

Notwithstanding the Government's prior statement that it did not object to the amendment of the Complaint, the Government's counsel has taken the position in the course of recent discussions concerning discovery that the Additional Plaintiffs are not

proper parties to this case, because the Court took no formal action with respect to the Additional Plaintiffs prior to dismissal. *See* Letter to Harry J. Kelly from David A. Harrington at 2 (Exhibit D hereto). Although the Government's position arose in connection with discovery discussions, its claims that the Additional Plaintiffs are not property parties transcend a discovery dispute, and therefore the provisions of RCFC 37(a)(2)(A) do not apply. Nevertheless, Government counsel has confirmed that the Government will not respond to discovery requests with respect to the Additional Plaintiffs, and therefore, to the extent RCFC 37(a)(2)(A) applies, the parties have been unable to resolve their dispute with respect to discovery concerning the Additional Plaintiffs. *See* Letter to David Harrington from Harry Kelly at ¶1(c) (Exhibit E hereto) (indicating discovery with respect to the Additional Plaintiffs would be deferred pending determination of their status).

## ARGUMENT

The Court should enter an order confirming that, by operation of RCFC 15(a), the Additional Plaintiffs are already parties pursuant to the Second Amended Complaint. Having consented to adding the Additional Plaintiffs as parties to this case at the time the Motion was originally filed, the Government cannot be allowed after the fact to renege on its position and to oppose the addition of the Additional Plaintiffs as parties here.

By operation of Rule RCFC 15(a), the Additional Plaintiffs became parties to this case when the Government gave its written consent to the Second Amended Complaint. As noted above, RCFC 15(a) provides that, after an initial amendment as of right, "a party may amend the party's pleading only by leave of court ***or written consent of the adverse party***; and leave shall be freely given when justice so requires." Emphasis added.

Unquestionably, the Government provided that written consent: First, the Simkin Letter expressly declared that the Motion was "acceptable to defendant." Simkin Letter (Exhibit C) at 1. Second, the Motion – which the Simkin Letter approved – expressly states that "[t]he Government has indicated that it has no objection to the requested amendment." Motion (Exhibit A) at 1. Third, the Memorandum – which the Government also read and, subject to minor edits that were made, agreed to – expressly stated that "[t]he Government has stated that it has no objection to the proposed amendment, ***thereby satisfying the requirements of RCFC 15(a)***." Memorandum (Exhibit B) at 1 (emphasis added). These express written manifestations of the Government's consent to the Second Amended Complaint constitute its "written consent" to the Motion for purposes of RCFC 15(a). Indeed, the Government's consent to the Memorandum confirms that it agreed in 1998 that "the requirements of RCFC 15(a)" were satisfied. Thus, leave of the Court was not required in order to amend the Complaint, the Second Amended Complaint is the operative complaint in this case, and the Additional Plaintiffs are already parties.

The Government should not be allowed to renege on the written consent it provided long ago. Although, not surprisingly, it is uncommon for a consenting party to renege on its written consent, the courts are clear that once given, a party's consent to amending a complaint may not be withdrawn. Thus, in Corwin v. Marney, Orton Investments, 843 F.2d 194 (5th Cir. 1988), the Fifth Circuit determined it was an abuse of discretion for the district court to deny a motion to amend where the defendant had previously consented to the proposed amendment:

> In this case we believe that the district court abused its discretion. Rule 15(a) clearly contemplates agreement of the opposing party as an independent reason for granting leave to amend. Although the defendants now assert that the motion was properly denied because of undue delay,

> dilatory motive, undue prejudice, and futility, their assertion is weakened by their letter's clear expression of acquiescence to an amendment, and their statement in the letter that an amendment would be for their own benefit. ***The defendants agreed to an amended complaint, and Rule 15(a) requires that they remain bound by that agreement.***

843 F.2d at 199 (emphasis added).[2] Like the defendant in Corwin, the Government gave its consent to the amendment here, and, like that defendant, the Government is "bound by that agreement." *Id*.

## CONCLUSION

It should not have been necessary for the Plaintiffs to redo what was already done in 1998 by operation of RCFC 15(a), upon the express written consent of the Government to the Motion. The Plaintiffs are compelled to do so by the obstructionist position the Government has taken by reneging on that consent. In filing this Renewed Motion, the Plaintiffs only seek to eliminate the opportunity – which the Government is now trying to exploit – that arises from the absence of an official entry in the docket confirming the operation of RCFC 15(a). Thus, to avoid any doubt in the record and to assure that the Additional Plaintiffs have the same opportunity to press their timely claims as the other Plaintiffs in this action, the Court should enter an order confirming that, by operation of RCFC 15(a), the Additional Plaintiffs are already parties pursuant to the Second Amended Complaint. While leave of the Court is not necessary pursuant to RCFC 15(a), entry of an Order by the Court confirming that the Additional Plaintiffs are parties to this case and that the Second Amended Complaint is the operative complaint here will avoid any later dispute and prevent the Government from raising further objections to the Additional

[2] The court in Corwin was interpreting provisions in Fed. R. Civ. P. 15(a) that are identical to the corresponding provisions of RCFC 15(a). In such cases, interpretations of the Federal Rules are persuasive as to the corresponding provisions of the Rules of the Court of Federal Claims. Wheeler v. United States, 11 F.3d 156, 157 n. 1 (Fed. Cir. 1993).

Parties future participation in this case.

Dated: July 5, 2007

Respectfully submitted:

/s/ Harry J. Kelly________
Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

CERTIFICATE OF FILING

I hereby certify that on the 5th day of July, 2007, a copy of the foregoing Renewed Motion To Amend First Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by facsimile to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly