U.S. Department of Housing and Urban Development
Los Angeles Office, Region IX
1615 West Olympic Boulevard
Los Angeles, California 90015-3801

August 27, 1993

L. S. Ames, General Partner
Anaheim Gardens, a Limited Partnership
25332 Narbonne Street
Lomita, CA 90717

RECEIVED 8/31/93

Dear Mr. Ames:

SUBJECT: Information for Extending Affordability Restrictions Through Retention or Sale
Project Name: Anaheim Gardens
Project No. : 122-44378

We have completed our review of the appraisal information you submitted on January 26, 1993, in order to extend the affordability of Anaheim Gardens. You should use the following information as a guide to develop a Plan of Action (POA) to carry out your intentions:

I. Extension Preservation Value .... $5,145,000.

II. Transfer Preservation Value ..... $5,145,000.

III. Extension Preservation Equity ... $4,031,103.

IV. Transfer Preservation Equity .... $4,031,103.

V. Annual Authorized Return to Owner $ 322,488.

If you are retaining ownership of the project, the annual authorized return is the maximum amount you may take as an annual distribution. A portion of this distribution may be used to pay debt service on an incentive equity loan. However, there are two conditions:

(1) The debt service payment may not exceed 90 percent of the authorized return; and

(2) The equity loan may not exceed 70 percent of the extension preservation equity shown in Paragraph III above plus 100 percent of any required repairs. Ten percent of any equity loan will be escrowed in an interest bearing account for a five-year period until a history of proper project maintenance is established.

VI. Federal Cost Limit .............. $967,939.

The Federal Cost Limit (FCL) is based on:

[ X ] 1. Fair Market Rents (FMR)

[ ] 2. Prevailing Market Rents (PMR)

VII. Extension Preservation Rent ..... $728,404.

Extension Preservation Rent (EPR) includes debt service and debt service coverage on the underlying mortgage and on any required loan(s) for 100 percent of rehabilitation costs as determined by the Capital Needs Assessment, the annual authorized return to owner, estimated operating expenses, required deposits to the reserve account, and a three percent vacancy allowance.

The values of these component factors are shown on Form HUD-9607, Calculation of Information to be Returned to Owner, which is appended to this letter.

Attachment B to this letter, Required Repairs and Estimated Costs, describes any rehabilitation that HUD has identified as necessary. You will have to obtain actual costs for these repairs when submitting your POA.

VIII. Transfer Preservation Rent ...... $816,036.

Transfer preservation rent (TPR) includes debt service and debt service coverage on the underlying mortgage, acquisition loan, and any required loan(s) for 100 percent of rehabilitation costs as determined by the Capital Needs Assessment, estimated operating expenses, required deposits to the reserve account, and a three percent vacancy allowance.

The values of these component factors are shown on Form HUD-9607 which is appended to this letter.

Attachment B to this letter describes any rehabilitation that HUD has identified as necessary. You will have to obtain actual costs for these repairs when submitting your POA. We will evaluate any additional rehabilitation items and costs you wish to include in your POA.

The maximum acquisition loan HUD will insure is 95 percent of the transfer preservation equity shown in Paragraph IV above or 95 percent of the purchase price minus the unpaid balance of all federally-assisted mortgages, whichever is lower.

IX. Federal Cost Limit Compared with Preservation Rents

All the conditions checked below apply to your options. You may choose to follow whichever course you like.

[ ] HUD records show that you have an open audit finding or other finding of non-compliance which prevents approval of a POA until it is resolved.

[ X ] 1. EPR is less than or equal to the FCL:

a. Within six months of receipt of this letter, you may submit a POA to extend affordability. This Plan should reflect the information included in Paragraphs V and VII above about annual return to owner/equity loan and rehabilitation loans. The approvable annual gross rent for the project may not exceed the FCL, which will be 120 percent of FMRs or PMRs in your area.

b. Section 8 rental assistance is available for all current very low and low-income tenants who need it. However, current moderate-income tenants may only pay the lower of 30 percent of adjusted income or FMR.

c. The POA should include all incentives requested, cash flow projections to show how physical and financial requirements for the project will be met, a current tenant income profile as well as the earliest one available for January 1987, 1988 or 1989 along with a certification that the earlier profile is no longer available if the one for January 1987 is not used, a description of all other assistance to be received including tax credits, and any other information

deemed necessary to make the POA approvable. For more information, see HUD Handbook 4350.6, Chapter 8.

d. All POAs should also include:

i. An agreement to extend affordability restrictions for the remaining useful life of the project. A petition to HUD for a hearing to determine that the useful life has expired may not be filed for 50 years from the date of Plan of Action approval.

ii. An agreement to maintain the same proportion of very low-, low- or moderate-income tenants at the project as prevailed at whichever of the following times yields the highest proportion of very low-income tenants: (1) The time the Plan is submitted; or (2) January 1987, or if the January 1987 profile is not available, the earliest profile available after that date. This requirement does not mean that a larger proportion of very low-income tenants cannot be served.

iii. An agreement to rehabilitate the project to its conditions at original rent-up including required repairs identified in the Capital Needs Assessment <u>and</u> any additional repairs relating to Housing Quality Standards (HQS) and Minimum Property Standards (MPS) including any lead-based paint and asbestos abatement requirements, and to provide a 10 percent commitment of equity for the rehabilitation loan.

iv. An agreement that 10 percent of any incentive equity loan will be escrowed for a minimum of five years to assure project rehabilitation and maintenance.

v. An agreement to accept Section 8 or other rental assistance, if needed.

e. Simultaneously with submitting a POA to HUD, you must submit it to the same official of the State or local government to whom you submitted your NOI. In addition, you must notify the tenants about the plan by posting a summary of the POA in each occupied building. This summary must state that the tenants have 60 days to comment on the POA. You must also give a copy of the POA to any tenant representative(s). The summary must indicate that a copy of the POA is available for inspection and copying, at a reasonable cost during normal business hours from:

i. The tenant representatives, whose names, addresses and telephone numbers are listed on the summary;

ii. The local HUD Field Office; and

iii. The on-site office for the project or in the location where rents are collected. If you know of no tenant representative, this statement must be certified to the Department when the POA is submitted.

[ ] 2. EPR exceeds FCL: Within six months of receipt of this letter, you may submit a POA to extend affordability. All conditions in Paragraph 1 above apply. Since the other expense components that must be covered by project income are likely to be fixed, choosing this option may entail accepting a cash return and/or equity loan lower than that calculated as the annual authorized return shown in Paragraph V above.

[ X] 3. TPR is less than or equal to FCL:

a. Within 30 days of receipt of this letter, you may submit Form HUD-9609, Second Notice of Intent (NOI) (enclosed), for a voluntary sale of the project. When you have a purchaser, you

and the purchaser will prepare a POA to transfer and repair the project. (See Paragraphs 1c through e above for further direction). The purchaser may also request eight percent of the equity paid as an annual return. If the purchaser is a nonprofit organization, the return must be deposited in the project's residual receipts account. The approvable annual gross rent for the project may not exceed the FCL, which will be 120 percent of FMRs or PMRs in your area. A priority purchaser may be eligible to receive a grant to pay any portion of the costs which will not be paid by rents. It may also apply for a loan or grant to cover acquisition costs.

b. Section 8 rental assistance is available for all current very low- and low-income tenants who need it. However, current moderate-income tenants may only pay the lower of 30 percent of adjusted income or FMR.

c. Attachment A to this letter, Instructions for Sales of Projects: Voluntary or Mandatory Sales, describes requirements for sales to priority and qualified purchasers.

[ ] 4. TPR exceeds the FCL:

a. Within 30 days you may submit one of the following:

i. Form HUD-9609, Second NOI (enclosed) to prepay your loan by first trying to sell the project through a mandatory sale;

ii. Form HUD-9609 for a voluntary sale conditioned on an annual gross rent that does not exceed the FCL. Since the other expense components that must be covered by project income are likely to be fixed, choosing this option may entail accepting a sales price lower than the Transfer

Preservation Value (TPV) shown in Paragraph II above. To bring current TPR to the FCL, your acquisition loan would have to be reduced to $_________, which, at current rates and terms, can support a sales price of $_________;

b. When you have a purchaser, you and the purchaser will prepare a POA to acquire and repair the project. (See Paragraphs 1c through e above for further direction.) The purchaser may also request eight percent of the equity paid as an annual return. If the purchaser is a nonprofit organization, the return must be deposited in the project's residual receipts account. If this is a mandatory sale, any qualified purchaser may qualify for a grant to reduce the approvable annual gross rent for the project to the FCL. A priority purchaser may be eligible to receive a grant to pay acquisition costs.

c. If this project is sold through a transfer of physical assets (TPA), Section 8 rental assistance is available for all current very low- and low-income tenants who need it. However, current moderate-income tenants may only pay the lower of 30 percent of adjusted income or FMR.

d. Attachment A to this letter, Instructions for Sales of Projects: Voluntary or Mandatory Sales, which is attached, describes requirements for sales to priority and qualified purchasers.

Attachments to this letter, Required Repairs and Estimated Costs, Notice to Tenants, and Form HUD-9607, Calculation of Information to be Returned to Owner, along with this letter must be posted at each affected building. The Notice to Tenants, should be placed on top.

Very sincerely yours,

Malcolm Findley
Acting Director
Housing Management Division

ENCLOSURE: Form HUD 9609, Second Notice of Intent

ATTACHMENTS: A, B, C, and Form 9607

cc: Sally Richman, Analyst
City of Los Angeles
Housing Preservation and Production Department
Attention: Prepayment Team
400 S. Main Street, 8th Floor
Los Angeles, CA 90013

Timothy L. Coyle, Director
Department of Housing and
Community Development
State of California
1800 3rd Street, Suite 450
Sacramento, CA 95814

Copies for posting