# EXHIBIT A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 97-582C<br>Judge Robert H. Hodges, Jr. |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' THIRD REQUEST FOR ADMISSIONS

Pursuant to Rules 26 and 36 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to plaintiffs' third request for admissions.

## OBJECTIONS

1. Defendant objects to the plaintiffs' definition of "subject properties" as vague and overly broad insofar as it defines "subject properties" as "a property that is subject to the claims asserted in this litigation" and seeks information concerning projects that are not listed in the plaintiffs' definition. Defendant further objects to the plaintiffs' definition of "subject properties" as overly broad as it defines as "subject properties" various projects that are not identified in the operative complaint. The defendant's response to plaintiffs' interrogatories is limited to those properties that are specifically listed as "subject properties" in the plaintiffs' definition and identified in the operative complaint in this action, i.e., "Cambridge Square of Fort Wayne I, Cambridge Square of Grand Rapids, Cambridge Square of Grand Rapids II, Carriage House North, Carriage House of Elkhart, Carriage House of Mishawaka, Carriage House of Mishawaka II, Cambridge Square North, Carriage House of Muskegon, Carriage House South, Carriage House West I, Carriage House West II, Carriage House III, and Carriage House West

* * *

**Request For Admission 14:**

Admit that it was futile for the Subject Properties to apply to prepay the Government insured mortgage on the properties because the conditions and criteria established in the Preservation Statutes would not allow you to approve prepayment.

**Response:**

Denied. The futility exception to the exhaustion of administrative remedies serves only to "'protect property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved.'" Howard W. Heck & Associates v. United States, 134 F.3d 1468, 1472 (Fed. Cir. 1998) (emphasis in original) (quoting Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 504 (9th Cir. 1990)). Before invoking "futility," a property owner must give the Government the opportunity, using its own reasonable procedures, to decide and explain the reach of the challenged regulation. The subject properties did not submit an application to prepay that was rejected by HUD and, consequently, futility exception is unavailable.

Further, HUD's review of a plan of action for prepayment pursuant to the Preservation Statutes was multifaceted and discretionary. The evaluation of such a plan of action would depend upon, among other things, the details of the plan proposed by the owner, when prepayment was proposed, the nature of the housing market in the vicinity of the project, and the anticipated effect of the plan upon project's tenants. Because the subject properties chose not to submit a plan of action requesting permission to prepay, HUD had no occasion to analyze or evaluate a plan of action to prepay the subject properties' Government-insured mortgages under the Preservation Statutes.

* * *