**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Plaintiffs have filed a motion seeking leave to amend the complaint so as to assert claims upon behalf of four new plaintiffs: Briar Crest, GP; Briar Crest Apartments II, LP; Briar Hills, LP; and United Company, LP (collectively, the "Briar Crest Plaintiffs"). This action was filed nearly 10 years ago and the statute of limitations for these plaintiffs ran years ago. Because adding new claims by new plaintiffs would be both highly prejudicial and futile, plaintiffs' motion for leave to amend the complaint should be denied.

## BACKGROUND

On October 28, 1997, the Court ordered this action stayed. Order of Judge Robert H. Hodges (Oct. 28, 1997) (docket no. 8); see also Order of Judge Robert H. Hodges (May 18, 1999) (docket no. 11) (continuing the stay). On May 8, 1998, while the stay remained in place, plaintiffs filed an unopposed motion for leave to amend the first amended complaint to add the Briar Crest Plaintiffs. Pls.' Mot. to Amend (May 8, 1998) (docket no. 10). Upon lifting the stay, without granting the pending motion to amend, the Court dismissed the complaint and entered judgment on behalf of the United States. Order of Judge Robert H. Hodges (Aug. 16, 2000) (docket no. 20); Judgment (Aug. 16, 2000) (docket no. 21). The Court's entry of judgment

operated as a denial of plaintiffs' pending motion to amend. E.g., Goodman v. New Horizons Community Serv. Bd., 2006 WL 940646 at *3 (11th Cir. Apr. 12, 2006) ("the entry of a final judgment implicitly denies any pending motions"); Addington v. Farmers Elevator Mut. Ins. Co., 650 F.2d 633, 666 (5th Cir. 1981) (holding that the entry of final judgment operated as a denial of plaintiff's motion for leave to amend the complaint); see also Letter from David A. Harrington to Harry Kelly at 2 (Apr. 26, 2007) (attached as Exhibit A).

The plaintiffs appealed. No issue concerning the denial of the motion to amend the complaint was raised. The Federal Circuit subsequently reversed and remanded for discovery on the issue of ripeness. See Mandate (June 21, 2006) (docket no. 23).

On July 5, 2007, over a year after the Federal Circuit remand and over nine years after the plaintiffs' originally inquiry about adding the Briar Crest Plaintiffs, the plaintiffs filed a new motion to amend the complaint. Pls.' Mot. to Amend (July 5, 2007) (docket no. 40). The United States opposes plaintiffs' recently-filed motion to amend the complaint, which, as explained below, should be denied.

## ARGUMENT

### I. The Plaintiffs Incorrectly Suggest That A Second Amended Complaint Was Filed In 1998

The operative complaint in this action is the First Amended Complaint filed by plaintiffs on September 19, 1997. First Am. Compl. (Sept. 19, 1997) (docket no. 5). The plaintiffs filed a motion for leave to file a second amended complaint while this action was stayed. Pls.' Mot. to Amend (May 8, 1998) (docket no. 10). The Court, however, did not grant plaintiffs motion before dismissing plaintiffs' claims in August 2000 and, accordingly, plaintiffs' motion was denied. See Goodman, 2006 WL 940646 at *3 ("the entry of a final judgment implicitly denies

any pending motions"); Addington, 650 F.2d at 666 (holding that the entry of final judgment operated as a denial of plaintiff's motion for leave to amend the complaint). Plaintiffs maintain nevertheless that the Briar Crest Plaintiffs "are already parties pursuant to the Second Amended Complaint." Pls.' Br. at 4. The docket is clear, however, that no second amended complaint was ever filed.

If the Briar Crest Plaintiffs are to be parties in this action, they must be added pursuant to plaintiffs' July 5, 2007 motion. This motion for leave to assert new claims upon behalf of new plaintiffs – coming more than 11 years after the Preservation Statutes were rescinded and nearly 10 years after this action was filed – should be denied.

## II. The Plaintiffs' Recently-Filed Motion To Amend The Complaint Should Be Denied

### A. Standard Of Review

RCFC 15(a) provides that after a response to the complaint has been served, "a party may amend the party's own pleading only by leave of court or by written consent of the adverse party." RCFC 15(a). The United States does not consent to plaintiffs' motion.[1] Accordingly, "[t]he decision whether to allow leave to amend pleadings . . . is within the sound discretion of

---

[1] Plaintiffs contend that the United States is attempting to "renege on its prior written consent." Pls.' Br. at 1. Plaintiffs are mistaken. The United States did not oppose the motion filed by plaintiffs in 1998. However, the plaintiffs' motion was not granted and plaintiffs did not raise this issue on appeal. It is too late to now object to the denial of the prior motion to amend. Plaintiffs' cite Corwin v. Marney, Orton Investments, 843 F.2d 194 (5th Cir. 1988). Pls.' Br. at 5-6. In Corwin, however, the defendant consented to plaintiff's motion to amend "a few weeks" before denial by the trial court and, moreover, plaintiff raised the issue on appeal. 843 F.3d at 199.

With respect to the plaintiffs' current motion, the United States has never given its consent. See Ex. A. Consent given with respect to a different motion nearly 10 years ago – a time when there would have been little prejudice and no bar by the statute of limitations – simply has no bearing on issues currently before the Court.

the trial court." First Interstate Bank of Billings v. United States, 61 F.3d 876, 881 (Fed. Cir. 1995); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Hickman v. United States, 43 Fed. Cl. 424, 439 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000).

Although leave to amend is ordinarily "freely given when justice so requires," the scope of RCFC 15(a) is far from unlimited. E.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate, 61 F.3d at 881-82; Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991). To the contrary, denial of a motion for leave to amend a complaint is warranted based upon the futility of the proposed amendment, as well as when (1) the movant has engaged in undue delay; (2) the movant has acted in bad faith; (3) the movant has acted with a dilatory motive; (4) the movant has repeatedly failed to cure deficiencies; or (5) the late amendment would unduly prejudice the opposing party. Te-Moak Bands, 948 F.2d at 1260-61 (quoting Foman, 371 U.S. at 182); see also Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994).

As this Court recognized in Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678 (1991), "[t]he existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." Id. at 680 (emphasis added), quoted in Alfa Laval Separation, Inc. v. United States, 47 Fed. Cl. 305, 312 (2000); see also Hays v. United States, 16 Cl. Ct. 770, 772 (1989) ("criteria are in the disjunctive, i.e., satisfaction of one is sufficient to deny the motion" to amend). Accordingly, if an amendment to a complaint would be futile, that fact alone would warrant denial of the motion for leave to amend the complaint. Foman, 371 U.S. at 182; Hays,

16 Cl. Ct. at 772. In this context, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); see also Stripling v. Jordan Production Co., LLC, 234 F.3d 863 (5th Cir. 2000) ("futility" means "that the amended complaint would fail to state a claim upon which relief could be granted"); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("futility" exists if "complaint, as amended, would fail to state a claim upon which relief could be granted"); Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) ("proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss").

**B. Amending The Complaint To Add Additional Plaintiffs More Than 10 Years After The Preservation Programs Were Ended Would Be Unduly Prejudicial**

Allowing the plaintiffs to amend the complaint would prejudice the defense of this action. Not only was the complaint in this action filed 10 years ago, the challenged regulatory restrictions were ended by Congress more than 11 years ago. Chancellor Manor v. United States, 331 F.3d 891, 896 (Fed. Cir. 2003) (the challenged regulatory restrictions were ended by the HOPE Act in 1996).

During the past 10 years, many HUD employees who worked on the projects that plaintiffs now seek to add to this action have moved on to other jobs, have retired, or have died. Even witnesses that can be located will not have worked on preservation processing for over 10 years. Put simply, it will likely be impossible to obtain testimony from witnesses necessary to defend the new claims that plaintiffs now seek to assert. Moreover, many documents needed to defend this action (or to refresh the recollection of those witnesses who can be located) are themselves likely unavailable. Each Government-insured project was assigned a unique FHA number at its inception and HUD maintained a separate file under that FHA number. Naturally,

different record retention policies apply to the files of projects that are the subject of ongoing litigation. It is a near certainty that documents that otherwise would have been retained by HUD have been destroyed as part of HUD's ordinary record retention program. The lack of a complete documentary record concerning the Briar Crest Plaintiffs' projects, particularly where documents would be needed to refresh witness recollections, is highly prejudicial.

In sum, adding claims relating to additional HUD-insured projects at this late date would seriously prejudice the ability to defend the claims. For this reason, plaintiffs' motion for leave to amend the complaint should be denied.

**C. The Claims That Plaintiffs Seek To Add Are Time Barred And, Therefore, Plaintiffs' Motion To Amend The Complaint Is Futile**

The challenged regulatory restrictions in the Preservation Statutes were lifted in April 1996 by the Housing Opportunity Program Extension Act ("HOPE Act"). Chancellor Manor v. United States, 331 F.3d at 896. Consequently, the as-applied taking claims that plaintiffs now seek to assert accrued no later than April 1996. See Bayou des Familles Dev. Corp. v. United States, 130 F.3d 1034, 1038 (Fed. Cir. 1997); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1347-48 (Fed. Cir. 2002).

Taking claims are subject to a six year statute of limitations. 28 U.S.C § 2501. Consequently, the statute of limitations ran no later than April 2002 and the as-applied taking claims that plaintiffs seek to add are time barred. Because plaintiffs new claims are barred by the statute of limitations, plaintiffs' motion to amend the complaint is futile and should be denied.

Of course, RCFC 15 provides that certain claims relate back to the date that an action was originally filed. RCFC 15(c)(2). The relation back doctrine does not apply to the new

claims that plaintiffs seek to assert, however. See, e.g., First Third Bank v. United States, 52 Fed. Cl. 829 (2002); Grace v. Rosenstock, 169 F.R.D. 473 (E.D.N.Y. 1996). Under RCFC 15(c)(2), relation back occurs when new claims concern the same "conduct, transaction or occurrence" as the original complaint. RCFC 15(c)(2). That is not the case here. The Briar Crest Plaintiffs each own a separate low-income housing projects that was assigned its own FHA number, entered into its own regulatory agreement with HUD, and was eligible to prepay at a different time. Furthermore, under the Preservation Statutes, each project owner was to file its own notice of intent, submit its own plan of action, proceed separately through the administrative process, and, at the conclusion of that process, receive its own use agreement or consummate its own market value sale to a qualified purchaser. See 12 U.S.C. §§ 4101, 4103, 4109, 4110. Thus, the identity of the owner, the underlying conduct, and terms of the transactions are different for each project. The mere fact that the same statutes governed projects owned by the Briar Crest Plaintiffs is insufficient to allow relation back. Accordingly, the as-applied taking claims that plaintiffs now seek to assert are barred by the statute of limitations, the proposed amendment to the complaint would be futile and, therefore, the plaintiffs' motion for leave to amend the complaint should be denied.

## CONCLUSION

For these reasons, the United States respectfully requests that plaintiffs' motion be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

July 23, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 23th day of July 2007, a copy of “DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS’ MOTION TO AMEND THE COMPLAINT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David A. Harrington