**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

## PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO RCFC 36(b)

Pursuant to the direction of this Court during the hearing on July 20, 2007, certain of the Plaintiffs[1], by and through undersigned counsel, move for an order determining that they were not required to respond to the Government's Second and Third Set of Requests For Admissions (the "Requests"), on June 20, 2007, because of an agreement between counsel concerning the timing of those responses. And further, that because of the agreement, contrary to Government counsel's assertion, the Requests are not deemed admitted under Rule 36(a) of the Rules of the Court of Federal Claims ("RCFC"). Alternatively, Plaintiffs move, pursuant to RCFC 36(b), for an order permitting withdrawal of the alleged deemed admissions.

## BACKGROUND

[1] The fourteen Plaintiffs at issue in this motion are Cambridge Square North Associates, a Limited Partnership, Cambridge Square of Fort Wayne Associates I, a Limited Partnership, Cambridge Square of Grand Rapids Associates I, a Limited Partnership, Cambridge Square of Grand Rapids Associates II, a Limited Partnership, Carriage House North Associates, a Limited Partnership, Carriage House of Elkhart Associates, a Limited Partnership, Carriage House of Mishawaka Associates I, a Limited Partnership, Carriage House of Mishawaka Associates II, a Limited Partnership, Carriage House of Muskegon Associates, a Limited Partnership, Carriage House South Associates, a Limited Partnership, Carriage House West I Associates, a Limited Partnership, Carriage House West II Associates, a Limited Partnership, Carriage House West III Associates, a Limited Partnership, and Carriage House West IV Associates, a Limited Partnership. These plaintiffs are referred to herein as the "Cambridge Square" and "Carriage House" plaintiffs.

The Government served a Second Set of Requests for Admissions dated April 24, 2007, and a Third Set of Requests for Admissions dated May 1, 2007 ("the Requests," Exhibits A and B hereto, respectively). Plaintiffs served discovery requests on the Government dated May 4, 2007. As of May 23, 2007, responses to all of these discovery requests were outstanding. At that time, both the Plaintiffs and the Government agreed that each side would receive additional time to respond to the outstanding discovery requests from the other party. Specifically, as of May 23, 2007, the Plaintiffs and the Government agreed to extend the time to respond to all of the then outstanding discovery until June 15, 2007. As part of this agreement, Plaintiffs expressly reserved the right to supplement their responses to the Government's written discovery requests – including the Government's Second and Third Requests for Admissions – for the Cambridge Square and Carriage House Plaintiffs until after June 15, 2007 given that the Government's document production for these Plaintiffs would not be completed until June 15, 2007. Specifically, Plaintiffs' counsel's letter memorializing the agreement stated:

> You confirmed that you have not supplied any documents or discovery responses with respect to our recent discovery concerning the Carriage House or Cambridge Square plaintiffs that are the subject of the plaintiffs' outstanding discovery requests in Algonquin Heights. Since we will be receiving your responses to those discovery requests on the same date that we are providing our responses to your requests, ***the plaintiffs reserve the right to supplement their responses after June 15 with respect to additional information obtained from your responses concerning these plaintiffs.***

Letter to David Harrington from Harry Kelly dated May 23, 2007 (Exhibit C hereto) (the "May 23 Letter") (emphasis added). The Government did not object to the statement of the agreement as set forth in the May 23 Letter. Thereafter, the parties agreed once again to move the June 15 deadline to June 20, 2007.

Upon receipt of the Government's document production on June 15, Plaintiff's counsel again notified the Government that written responses for the Cambridge Square and Carriage

House Plaintiffs would be filed as a supplement to the Plaintiffs' responses after the responses for the other Plaintiffs were served on June 20, 2007. This notification is reflected in the following e-mail sent to Government's counsel:

> My thanks for the Carriage House/Cambridge Square/Glendale Court documents that we received today. We appreciate the documents. ***As we discussed previously, we will need to review and digest them before we can provide responses to your discovery requests for these properties***. Pursuant to Para. 1(e) of my May 22 letter to you, we will supplement our responses after June 15 with respect to these properties . . . . .

Email message to David Harrington from Harry Kelly dated June 15, 2007 (Exhibit D hereto) ("June 15 Message") (emphasis added). Again, the Government did not object to the June 15 Message.

Thereafter, on June 20, 2007, all of the Plaintiffs, except for the Cambridge Square and Carriage House Plaintiffs, served written responses to the Government's Second and Third Sets of Requests for Admissions and Interrogatories. The accompanying cover letter again repeated Plaintiffs' counsel's understanding of the agreement first stated in the May 23 Letter and reiterated in the June 15 Message, that written responses for the Cambridge Square and Carriage House Plaintiffs would be submitted in a subsequent supplemental response. Specifically, the cover letter stated:

> Pursuant to [the May 23 Letter] to you, our responses to your second and third set of discovery requests do not include information pertaining to the Carriage House and Cambridge Square plaintiffs in the <u>Algonquin Heights</u> litigation. ***We are reviewing the materials supplied by the Government with respect to these plaintiffs and will supplement our responses when we complete that review.***

Letter to David Harrington from Harry Kelly dated June 20, 2007 (Exhibit E hereto) ("June 20 Letter") (emphasis added).

The next day, on June 21, 2007, the Government's counsel contacted Plaintiffs' counsel. Government's counsel asserted for the first time that there was no agreement between the parties

that would allow the Plaintiffs to file written responses for the Cambridge Square and Carriage House Plaintiffs after June 20, 2007. Accordingly, Government's counsel asserted that since the 30-day deadline for responding to the Requests had passed the prior day, the Requests were deemed admitted by operation of RCFC 36(a). Plaintiffs' counsel disputed this assertion and attempted to resolve the dispute. There were several subsequent telephone conversations and one letter setting forth Plaintiffs understanding of the situation. (Exhibit F hereto). The attempts to resolve the dispute were to no avail, and to this day Government's counsel resolutely refuses to withdraw its assertion that the Second and Third Set of Requests For Admission are deemed admitted. As a result, Plaintiffs now seek this Court's intervention.

## ARGUMENT

The Government's refusal to acknowledge the consequence of its prior agreements to allow the Plaintiffs to submit supplemental written responses with respect to the Requests has needlessly interrupted and complicated discovery in this matter.

### A. The Requests Are Not Deemed Admitted Under RCFC 36(a)

Under RCFC 36(a), a request for admission is deemed admitted if the party to whom the request is directed fails to answer within 30 days, and there is no agreement between counsel for the parties to extend the time to respond. Here, it is undisputed that the Cambridge Square and Carriage House Plaintiffs did not respond to the Government's Second and Third Requests for Admissions within 30 days of service of the Requests. However, there was an agreement between the parties to extend the time for such a response until after the June 20 deadline for service of the other Plaintiffs' written responses. This agreement was reached in order to give the Plaintiffs reasonable time to incorporate into their responses the information contained in the documents received from the Government on June 15, 2007. It is hard to believe that the

Government's counsel harbored any doubt after receiving the May 23 Letter and the June 15 Message, that the responses for the Cambridge Square and Carriage House Plaintiffs were not going to be served on June 20 with the responses of the other Plaintiffs. To the extent that the Government disagreed with Plaintiffs' counsel's conclusion that the responses were not due, it had an obligation to contact Plaintiffs' counsel to make Plaintiffs' counsel aware of that disagreement. Instead, both the May 23 Letter and June 15 Message went unanswered, signaling the Government's acquiescence, if not express agreement, with Plaintiffs' understanding that the due date for the disputed responses would be some time after June 20, 2007. Consequently, in light of the agreement, there is no basis to conclude that the Requests for the Cambridge Square and Carriage House Plaintiffs are deemed admitted under RCFC 36(a). Accordingly, the Court should enter an order stating that the Requests are not deemed admitted and instruct the Government to provide Plaintiffs with a reasonable amount of time from the date of the order to respond to the outstanding Requests.

B. **RCFC 36(b) Permits Withdrawal of Any Requests Deemed Admitted**

Alternatively, should the Court conclude that the Requests are deemed admitted by operation of RCFC 36(a), Plaintiffs request that the Court permit Plaintiffs to withdraw the admissions pursuant to RCFC 36(b). At worst, the foregoing outlines a situation where there was a good faith misunderstanding between counsel with respect to the deadline for responding to the Requests for the Cambridge Square and Carriage House Plaintiffs. Under RCFC 36(b), the Court is authorized to permit withdrawal of an admission when:

> the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Both of these tests are satisfied here. "The first prong of this test emphasizes the importance of having an action resolved on the merits, and is 'satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" Health Insurance Plan of Greater New York, Inc. v. United States, 56 Fed. Cl. 718, 718-719 (2003). As the Fifth Circuit has observed, "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule." Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390, 1393-94 (5th Cir. 1969). The purpose of requests for admission is "to facilitate the litigation process through identifying those issues where are not contested, thereby narrowing those matters which eventually need to be presented at trial" – not to artificially preclude a party from proving its case on the merits. In re Ottawa River Steel, 324 B.R. 636, 638 (Bank. N.D. Ohio 2005). Thus, "the first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995).

Here, the Government contends that all of the Requests are deemed admitted. The Requests include several requests for admission that go directly to the heart of the case and that would, if deemed admitted, preclude the Cambridge Square and Carriage House Plaintiffs from effectively litigating their claims. For example, Requests for Admission Nos. 6 and 8, contend that it was not "futile" for the Cambridge Square and Carriage House Plaintiffs to submit plans of actions under ELIHPA and LIHPRHA seeking to prepay their HUD-insured mortgages. See Government's Second Set of Requests for Admissions Nos. 6 and 8 (Exhibit A hereto). Without doubt, these contentions go to the heart of this case and thus, they ought to be addressed on the

merits. Whatever else RCFC 36 requires, it should not be applied to preclude a plaintiff from presenting the merits of their vigorously contested claims in the ordinary course because of a good faith misunderstanding between counsel. *See, e.g.*, Health Insurance Plan, 56 Fed. Cl. at 719 ("[P]resentation of the merits of the action would only be served by withdrawal of the admission, thereby allowing the parties to proceed in the ordinary course. . . ."). Moreover, "federal policy still favors deciding issues based on the actual merits of the case, and ***not on the basis of procedural niceties***." In re Ottawa River Steel, 324 B.R. at 638 (emphasis added).

The second prong of the RCFC 36(b) test is also satisfied, because the Government will not be prejudiced by a withdrawal of the alleged deemed admissions. As the case law on RCFC 36(b) sets forth, "[t]he prejudice contemplated by this rule 'is not simply that the party who initially obtained the admission will not have to convince the fact finder of its truth,' but rather that a party will find it difficult to prove its case, for example, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions." Health Insurance Plan, 56 Fed. Cl. at 719, *quoting* Brook Village North Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982); *see also* Kerry Steel, Inc. v. Paragon Indus., Inc. 106 F.3d 147, 154 (6th Cir. 1997), *quoting* American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991) "[(p]rejudice under Rule 36(b) . . . 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'"). Here, the Government will not be prejudiced by a withdrawal since permitting withdrawal will not put the Government in a place where it will be faced with a sudden need to obtain evidence to prove its case. Indeed, no trial date is set here, and discovery is not closed. *See* Health Insurance Plan, 56 Fed. Cl. at 719 (granting withdrawal of admissions, even where trial date was set and discovery was closed; court concluded that "[a]ny

inconvenience . . . occasioned by reopening this matter thus seemingly is remediable, will not occasion delay of the scheduled trial, and, at all events, does not amount to the sort of prejudice that would preclude withdrawal of the subject admissions under RCFC 36(b).”). Moreover, the Government was informed by way of a proffer prior to the filing of this motion about the likely responses to the Requests by the Cambridge Square and Carriage House Plaintiffs. Thus, if a withdrawal is permitted it will not be surprised by the responses it subsequently receives. In any event, even if a proffer were not made, a simple review of the Cambridge Square and Carriage House interrogatory responses which were served, by agreement, on the Government on July 11, 2007, would reveal the likely responses to the Requests. Finally, it is worth noting that if the Government had simply agreed to allow the Cambridge Square and Carriage House Plaintiffs to file written responses to the Requests after June 20, 2007, as agreed, rather than requiring Plaintiffs to seek this Court’s intervention, the Government would already have the responses in hand. Thus, any claim of prejudice is disingenuous.

## CONCLUSIONS

For the foregoing reasons, the Court should conclude the that the Cambridge Square and Carriage House Plaintiffs’ responses to the Government’s Requests are not deemed admitted by operation of RCFC 36(a). There was an agreement between counsel, reflected in the May 23 Letter, June 15 Message and June 20 Letter, that the responses would not be served until an undetermined date after June 20. Alternatively, should the Court conclude that counsel did not agree to extend the time for the Cambridge Square and Carriage House Plaintiffs to respond to the Requests, and thus, that they are admitted under RCFC 36(a), the Court should permit withdrawal of the admissions pursuant to RCFC 36(b). Withdrawal is not only permissible

under RCFC 36(b), but it is dictated because the subject matter of at least some of the admissions should be resolved on the merits, and there is no prejudice to the Government.

Dated: July 24, 2007

Respectfully submitted:

/s/ Harry J. Kelly________

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

## CERTIFICATE OF FILING

I hereby certify that on the 24th day of July, 2007, a copy of the foregoing Plaintiffs' Motion for Relief Pursuant to RCFC 36(b) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by facsimile to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly