# EXHIBIT A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Rules of the United States Court of Federal Claims, defendant, the United States, requests that the plaintiffs respond to the requests for admissions set forth below.

## DEFINITIONS

1. The terms "you," "your," or "plaintiffs" refer collectively to those plaintiffs specifically identified in the operative complaint in this action, as well as all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "subject property" refers to each and every property owned by the plaintiffs that are the subject of any claim asserted in the operative complaint in this litigation.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

5. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

7. The term "HUD" refers to the Department of Housing and Urban Development, predecessor institutions, past or present employees, agents, directors, officers, representatives, including counsel, and all other persons or entities that acted or purported to act upon behalf of its behalf.

8. The term "ELIHPA" refers to the Emergency Low-Income Housing Preservation Act.

9. The term "LIHPRHA" refers to the Low-Income Housing Preservation and Resident Homeownership Act.

10. The term "Preservation Statues" refers collectively to ELIHPA and LIHPRHA.

11. The term "HOPE Act" refers to the Housing Opportunity Program Extension Act of 1996.

12. The term "plan of action" refers to a plan submitted pursuant to and in accordance with section 223 of ELIHPA or, alternatively, the section of LIHPRHA codified at 12 U.S.C. § 4107, regardless of whether the plan proposes to terminate low-income affordability restrictions, extend low-income affordability restrictions, or transfer the subject property to a qualified purchaser.

13. The term "use agreement" refers to an agreement to provide a project's owner any of the incentives authorized by section 224 of ELIHPA or, alternatively, to provide any of incentives authorized by that section of LIHPRHA codified at 12 U.S.C. § 4109.

14. Unless otherwise stated, this discovery request concerns the period from January 1, 1987 to December 31, 1997.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 5:**

For each subject property, admit that no plan of action seeking to terminate the subject property's "low income affordability restrictions" pursuant to section 225(a) of ELIHPA was submitted to HUD.

**Response:**

**REQUEST FOR ADMISSION NO. 6:**

For each subject property, admit that submitting a plan of action to HUD to terminate the subject property's "low income affordability restrictions" pursuant to section 225(a) of ELIHPA was not futile.

**Response:**

**REQUEST FOR ADMISSION NO. 7:**

For each subject property, admit that no plan of action seeking to prepay the Government-insured mortgage on the subject property pursuant to LIHPRHA (see 12 U.S.C. § 4108) was submitted to HUD.

**Response:**

**REQUEST FOR ADMISSION NO. 8:**

For each subject property, admit that submitting to HUD a plan of action to prepay the Government-insured mortgage on the subject property pursuant to LIHPRHA (see 12 U.S.C. § 4108) was not futile.

**Response:**

**REQUEST FOR ADMISSION NO. 9:**

For each subject property, admit that submitting to HUD a plan of action seeking a use agreement containing one or more of the "incentives" permitted by section 224(b) of ELIHPA was not futile.

**Response:**

**REQUEST FOR ADMISSION NO. 10:**

For each subject property, admit that submitting to HUD a plan of action seeking a use agreement pursuant to LIHPRHA (see 12 U.S.C. § 4109) was not futile.

**Response:**

**REQUEST FOR ADMISSION NO. 11:**

For each subject property, admit that submitting to HUD a plan of action seeking to sell the property pursuant to LIHPRHA (see 12 U.S.C. § 4110) was not futile.

**Response:**

**REQUEST FOR ADMISSION NO. 12:**

For each of the subject properties listed below, admit that no plan of action pursuant to the Preservation Statutes was submitted to HUD before enactment of the HOPE Act in March 1996:

Brookside Manor Apartments

Countrytowne Apartments

Dolly Ann Apartments

Forest Glen Apartments (Phase I)

Forest Glen Apartments (Phase II & III)

Jodani Associates

Cherry Branch Townhomes

Leader House Apartments

New Amsterdam Apartments

Pine Crest Apartments

Suehar Associates

**Response:**

**REQUEST FOR ADMISSION NO. 13:**

For each of the subject properties listed below, admit that before enactment of the HOPE Act in March 1996, HUD did not give its unconditional approval of a plan of action submitted pursuant to the Preservation Statutes:

Buckman Road Garden Apartments

Willow Creek Apartments

First Landmark Apartments

Glenarden Woods Apartments

Glenreed Apartments

Suburbia Fairfax Apartments

**Response:**

**REQUEST FOR ADMISSION NO. 14:**

For each of the subject properties listed below, admit that before enactment of the HOPE Act in March 1996, HUD did not fund a plan of action submitted pursuant to the Preservation Statutes:

Garrison Forest Apartments (Section I)

Garrison Forest Apartments (Section II)

Town and Country Apartments and Townhouses (Section I)

Town and Country Apartments and Townhouses (Section II)

**Response:**

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

April 24, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 24 day of April 2007, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Second Set of Requests For Admissions, to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena M. Goddard