**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**RENEWED MOTION TO AMEND FIRST AMENDED COMPLAINT**

In its Response in Opposition to the Plaintiffs' Motion to Amend the Complaint ("Opposition"), the Government attempts to rewrite history.[1] It contends, among other things, that it should not be bound by its prior commitments, and that events that had already transpired can now be conveniently ignored. Such revisionism is neither necessary nor permissible. Almost ten years ago, the Government provided its written consent to permit the Plaintiffs to amend the First Amended Complaint in this case to include the Additional Plaintiffs. Under those circumstances, RCFC 15(a) did not require leave of the Court to amend the Complaint. The Court should ignore the arguments asserted in the Opposition and grant the Renewed Motion to confirm that, pursuant to the written consent that the Government gave to the Motion in 1998,

[1] For the record, the Opposition is misnamed, because there is no pending "Motion to Amend the Complaint" filed by the Plaintiffs. Rather, the Plaintiffs have filed a *Renewed* Motion to Amend First Amended Complaint (the "Renewed Motion"), solely as a result of the Government's recent refusal, first expressed in the spring of this year, to honor the written consent it gave to the Plaintiffs' Motion to Amend First Amended Complaint (the "Motion"). The Motion, originally filed in May 1998, added four new plaintiffs, Briar Hills, L.P., Briar Hills II, L.P., Briar Crest G. P., and the United Co., Ltd. (the "Additional Plaintiffs"). Because, as noted below (pp. 7-9), the Government apparently perceives some advantage in this tactic, the Plaintiffs point out the Government's mislabeling of their pleadings, to assure that the record is clear and that the Government's misnamed Opposition does not create further misunderstanding.

the Second Amended Complaint is the operative complaint in this action and the Additional Plaintiffs have been parties to this case since 1998.

## ARGUMENT

### I THE SECOND AMENDED COMPLAINT IS THE OPERATIVE COMPLAINT HERE PURSUANT TO RCFC 15(a) BECAUSE THE GOVERNMENT GAVE ITS WRITTEN CONSENT.

The only issue here is whether the Court should give effect to the Motion pursuant to RCFC 15(a), which provides that, after an initial amendment as a matter of right, "a party may amend the party's pleading only by leave of court o***r written consent of the adverse party*** . . . ." RCFC 15(a) (emphasis added). The Opposition does not – indeed, it cannot – deny that it gave its written consent to the Motion. Rather, it attempts to ignore RCFC 15(a), pretends that its written consent to the Motion and its supporting Memorandum are without legal consequence, and urges the Court to assist it in undoing what was done almost ten years ago. The Court should not condone such tactics, and should instead grant the Renewed Motion.

#### A. The Government Gave Its Written Consent To the Second Amended Complaint, Which Satisfies The Requirements of RCFC 15(a).

As the Renewed Motion explains, there are two ways in which a party, after an initial amendment as a matter of right, may amend its pleadings pursuant to RCFC 15(a).[2] One alternative is to seek leave of court. Alternatively, a party may amend its complaint pursuant to RCFC 15(a) upon "written consent of the adverse party." At the time the Motion was filed, the Plaintiffs' requested, and the Government gave, its written consent to the Motion, eliminating the need to seek leave of the Court. Thus, the Government's prior counsel, Brian Simkin, gave written consent to the Motion, when he stated, in response to a request from the Plaintiffs for

[2] The Plaintiffs filed their First Amended Complaint in September 1997, shortly after the original complaint in this case was filed. No responsive pleading has been filed by the Government in this case.

consent to file the Motion, that the Motion "is acceptable to defendant." *See* Letter to Harry Kelly from Brian Simkin dated April 23, 1998 ("Simkin Letter," Exhibit A).[3] The Motion and Memorandum repeated that written consent. The Motion, for example, expressly reported that the Government "had no objection to the requested amendment." Motion, Exhibit B at 1. Similarly, the accompanying Memorandum – to which Government counsel Brian Simkin gave his consent in the Simkin Letter – expressly stated the parties' understanding that the Government's written consent was sufficient to satisfy the requirements of RCFC 15(a):

> As RCFC 15(a) states, a complaint may be amended . . . "by leave of the court ***or by written consent of the adverse party.***" As indicated in the Motion, the Government has stated it has no objection to the proposed amendment, ***thereby satisfying the requirements of RCFC 15(a).***

Memorandum (without attachment), Exhibit C at 1 (emphases added).

The Opposition does not acknowledge the Simkin Letter, nor does it offer a construction of the language of the Motion and Memorandum as anything other than evidence of its express written consent. Rather, the Government contends that because the Court took no action on the Motion prior to dismissal, the Motion is deemed denied. *See* Opposition at 2 – 3. Second, the Government contends that its consent to the original Motion "has no bearing on issues currently before the Court." *Id*. at 3, n. 1. Both of these statements are manifestly erroneous.

### 1. Because the Government Gave Its Written Consent To the Motion, Leave of Court Was Not Required Pursuant To RCFC 15(a).

The principal objection raised by the Government's Opposition is that no further action was taken by the Court subsequent to the filing of the Motion. As a result, the Government concluded, the Motion was deemed to be denied by operation of the subsequent dismissal.

3 Notwithstanding his prior written consent to the Motion and Memorandum, Mr. Simkin has signed the Opposition as "Assistant Director." It is unclear how, having admitted that RCFC 15(a) was satisfied in 1998, he disputes that admission now.

Opposition at 2 – 3. This argument simply misconstrues RCFC 15(a): as noted above (pp. 2 - 3), RCFC 15(a) only requires leave of court when written consent is ***not*** obtained from the adverse party. Here, the Plaintiffs obtained the Government's written consent, as reflected in three separate documents – the Simkin Letter, the Motion and the Memorandum. Simply put, the express language of RCFC 15(a) was satisfied when the Government gave its written consent. The Court cannot and should not ignore the express language of RCFC 15(a) to permit the Government to withdraw the consent it gave almost a decade ago. *See* <u>Corwin v. Marney, Orton Investments</u>, 843 F.2d 194, 199 (5th Cir. 1988) ("the defendant agreed to an amended complaint, and Rule 15(a) requires that they remain bound by that agreement.").

The Government's argument – that the absence of an order, the amendment reflected in the Motion did not take effect – arises from a misreading of RCFC 15(a). Essentially, the Government reads the disjunctive language in RCFC 15(a) – which provides that a party may amend its complaint "by leave of the court ***or*** by written permission of the adverse party" (emphasis added) – as conjunctive. In other words, the Government takes the position that even when a party, such as the Plaintiffs here, obtains "written consent of the adverse party," RCFC 15(a) requires that it still must obtain "leave of the court" in the form of an order. Apparently, the Government's position is that, notwithstanding the express language of the rule, leave of court is ***always*** required to effect an amendment pursuant to RCFC 15(a). The Government does not cite a single case in support of this reading of RCFC 15(a), however, which defies both the express language of the rule and common sense.

The reason that the Court took no further action after the filing of the Motion is that, pursuant to the express provisions of RCFC 15(a), there was nothing further for the Court to do to effectuate the amendment requested by the Motion. For that reason, the cases cited by the

Government dealing with implied denials are inapposite. Indeed, Goodman v. New Horizons Cmty. Serv. Bd., 2006 WL 940646 at *3 (11th Cir. April 12, 2006), does not stand for the cited principle, because it involved the appeal of a motion for discovery sanctions that was mooted, not by an intervening dismissal, but by the denial of the predicate discovery motions on which it was based. 2006 WL 940646 at *3. Unlike the present case, Addington v. Farmers Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981) expressly dealt with a nonconsensual motion to amend a complaint, requiring leave of court pursuant to Fed. R. Civ. P. 15(a). Indeed, in that case, there was no actual implied denial, because the grounds given for summary judgment and dismissal addressed the subject of the proposed amendments. ***Id.*** Thus, neither case is pertinent to the specific situation here, in which the adverse party had given its written consent to a requested amended pleading pursuant to RCFC 15(a). Even more important, neither case addressed what would happen to a motion pending at the time of dismissal where, as here, the dismissal was later reversed and the case remanded. Certainly, nothing suggests that after a successful appeal, pre-dismissal consents provided by the defeated appellee should be ignored, as the Government contends here.

Where, as here, there was nothing for the Court to do, the absence of subsequent action does not constitute an implied dismissal. Because the Second Amended Complaint took effect upon the Government's written consent, without need for further action, the absence of subsequent action on the Motion is irrelevant. Nevertheless, while an order was not necessary to effectuate the amendments reflected in the Second Amended Complaint, it is prudent for the Court to enter an order now, confirming that the Second Amended Complaint is the operative complaint, to assure that the Government raises no further obstacles to the participation of the Additional Plaintiffs in this case.

**2. The Government Has Consented To The Plaintiffs' Interpretation of RCFC 15(a).**

The Government's contention that is prior written consent "has no bearing on issues currently before this Court" (Opposition at 3, n.1) is incorrect in two senses. First, as noted above (pp. 2 - 3), its prior written consent to the Second Amended Complaint eliminated the need for formal leave of court here. Moreover, in the Memorandum, the Government also expressly endorsed the specific interpretation of RCFC 15(a) that the Plaintiffs' urge here:

> As indicated in the Motion, the Government has stated it has no objection to the proposed amendment, ***thereby satisfying the requirements of RCFC 15(a).***

Memorandum at 1 (emphases added). Thus, the Government agreed in the Memorandum that there was nothing more that needed to be done for that amendment to take effect and that no formal action of the Court was needed for the Second Amended Complaint to take effect.

Moreover, the absence of further action by the Court on the Motion demonstrates that the Court also agreed that the requirements of RCFC 15(a) were, in fact, satisfied, exactly as the parties expected. Thus, the Court, the Plaintiffs and the Government all agreed in 1998 that no further action was required to amend the Complaint, since the Government had given its "written consent." Certainly, after receiving the Government's agreement that Rule 15(c) was satisfied, the Plaintiffs had no reason to believe that almost ten years later, when it was time for the Government to provide requested discovery, the Government would renege on both its prior written consent to the Second Amended Complaint, and on its agreement that the requirements of RCFC 15(a) had been satisfied pursuant to that prior written consent.

Having taken the position in the Memorandum that its written consent was sufficient to "satisf[y] the requirements of RCFC 15(a)," the Government should not be allowed to argue ten years later that something further was needed to effectuate that amendment. Contrary to the Government's current contentions, the consent it gave to the Motion and Memorandum thus

clearly has a "bearing on the issues currently before this Court." Opposition at 3, n. 1. Where the Government has already consented in writing to the amendment, and where it has also consented that no further act was needed to satisfy Rule 15(a), the Court should not allow the Government to renege on its past written commitments.

## II THE GOVERNMENT'S ALTERNATIVE ARGUMENTS SHOULD BE REJECTED.

As noted above (p. 1, n. 1), the Opposition refuses to call the Renewed Motion by its correct name. This was no accident, because the Government wants to treat the Renewed Motion as a new motion, rather than a renewal of the Motion filed in 1998, so that it can allege that the Government would somehow be prejudiced if the Additional Plaintiffs asserted their claims now, and that the statute of limitations bars the Additional Plaintiffs' claims. Similar arguments were raised earlier by the Government in connection with the Government's Motion For Protective Order ("Government Motion"). Although the Plaintiffs vigorously deny the premise of these arguments – because as explained above, the Additional Plaintiffs are already included as Plaintiffs in this case upon the "written consent" of the Government pursuant to RCFC 15(a) – they also dispute these latest arguments, which had no merit in connection with the Government Motion and, if possible, have even less merit here.

For example, the allegation that the Government will be prejudiced if the Additional Plaintiffs are included is nonsense. Opposition at 5 – 6. Essentially, the Government contends that witnesses and documents needed to respond to the claims of the Additional Plaintiffs are unavailable. This suggests that while the Government took steps to secure documents and witnesses for the other Algonquin and Anaheim plaintiffs, it did not do so with respect to the Additional Plaintiffs. Such an outcome defies logic: in 1998, the Government knew that the Additional Plaintiffs had asserted claims. Presumably, it took the same steps to secure

documents and witnesses for the Additional Plaintiffs as it took for the other plaintiffs in this case. If not, the fault is not with the Plaintiff, but with the Government, and so whatever possible "prejudice" it claims is of its own making. In any event, the Government offers no declaration to support its claims of prejudice, which therefore must be rejected as purely speculative.

The Government also contends that the claims of the Additional Plaintiffs are time-barred and cannot relate back pursuant to RCFC 15(c)(2). Opposition at 6 – 7. Obviously, the Plaintiffs contend that the Additional Plaintiffs are not time-barred because they were added to the case in 1998, before the limitations period expired. In any event, the Government's limitations claims are also without a logical basis. The claims asserted by the Additional Plaintiffs– that their right to prepay was taken as a result of the enactment of the Preservation Statutes – are the same claims they asserted in the Second Amended Complaint filed almost a decade ago (indeed, it is the same complaint filed almost a decade ago). Moreover, they are identical to the claims asserted by the other Plaintiffs in this litigation. They clearly involve the same "conduct, transaction, or occurrence" that was raised in the Second Amended Complaint and in the prior complaints in this case. The Government cannot contend it was unaware of the facts of the Additional Plaintiffs' claims because it gave its express written consent to add those claims almost ten years ago.

## CONCLUSIONS

The Government believes that history can be rewritten, that historical facts – such as the filing of the Second Amended Complaint in 1998 – can be controverted, that the Rules of the Court of Federal Claims can be ignored, and that its prior consent is meaningless and not worth the paper it is written on. These contentions ultimately undermine both the effectiveness of the

Court and the appearance of justice. The Court would do the Government no favor by allowing it to pursue such tactics here. For the foregoing reasons, the argument advanced in the Opposition should be rejected and the Renewed Motion should be granted.

Dated: August 6, 2007

Respectfully submitted:

/s/ Harry J. Kelly________
Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
Phone: (202) 585-8000
email: hkelly@nixonpeabody.com

Attorney for the Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on the 6th day of August, 2007, a copy of the foregoing Plaintiffs' Reply In Support Of Renewed Motion To Amend First Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by facsimile to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly