**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW ADMISSIONS**

**INTRODUCTION**

The United States served requests for admission directed to 14 plaintiffs (the "Cambridge Square and Carriage House plaintiffs") on April 24, 2007, and May 1, 2007. Def.'s Second Set of Requests for Admissions (served Apr. 24, 2007) (attached as Exhibit 1); Def.'s Third Set of Requests for Admissions (served May 1, 2007) (attached as Exhibit 2). When plaintiffs, on May 22, 2007, requested additional time to respond, the United States agreed. Plaintiffs counsel, Harry Kelly, memorialized the parties' agreement:

> We discussed the deadline for the parties to respond to each other's outstanding discovery requests and to supplement previous responses. We agreed that all discovery responses and supplements will be due June 15, 2007.

Letter from Harry Kelly to David Harrington at 1 (May 22, 2007) (emphasis added) (attached as Exhibit 3); see also Letter from Harry Kelly to David Harrington at 1 (May 23, 2007) (same) (attached as Exhibit 4). When plaintiffs, 16 days later, made another request for additional time, the United States again agreed:

> This will confirm our conversation a moment ago, in which you agreed to my request to extend the deadline for us to deliver our

> written discovery responses to you to June 20, 2007. We confirm that delivery will be made by hand.

E-mail from Harry Kelly to David Harrington at 1 (June 8, 2007) (emphasis added) (attached as Exhibit 5). Thus, as reflected in his own letters, Mr. Kelly knew that the United States had given plaintiffs to June 20, 2007 to respond to pending requests for admission. The Cambridge Square and Carriage House plaintiffs have not served answers to the United States' second and third set of requests for admissions. Accordingly, by operation of Rule 36 of the Rules of the Court of Federal Claims ("RCFC"), the requests are admitted. RCFC 36(a).

Plaintiffs now move to withdraw their admissions. Because plaintiffs have neither provided good cause for their failure to respond to the requests, nor offered any evidence that the admissions are inaccurate, the Court should deny plaintiffs' motion.

## ARGUMENT

### I. No Responses To The United States' Requests For Admissions, Which Were Due By Agreement Of The Parties On June 20, 2007, Have Been Received

Requests for admissions concerning the Cambridge Square and Carriage House plaintiffs were served on April 24, 2007, and May 1, 2007. Exs. 3 & 4. On May 22, 2007, the United States and plaintiffs agreed that responses to all pending discovery would be served June 15, 2007. Plaintiffs confirmed this agreement in writing in letters dated May 22, 2007, and May 23, 2007. Exs. 3 & 4.

The date for responding to these discovery requests was subsequently changed to June 20, 2007. Ex. 5. As a condition for this extension, plaintiffs agreed to serve their responses by hand. Id. Plaintiffs failed to serve answers to the United States requests for admissions

concerning the Cambridge Square and Carriage House plaintiffs on June 20, 2007. Consequently, under RCFC 36(a) the requests are admitted.

Plaintiffs suggest that there was confusion about the date on which they were to serve answers to the United States requests for admission. Pls.' Mot. at 4-5. Plaintiffs' own letters show otherwise. It was plaintiffs' counsel who wrote not once, but twice, that "all discovery responses and supplements will be due June 15, 2007." Exs. 3 & 4. It was likewise plaintiffs' counsel who thanked the United States for agreeing "to extend the deadline for [plaintiffs] to deliver our written discovery responses to you to June 20, 2007." Ex. 5.

Ignoring the specific deadlines in their own letters, plaintiffs point to passages that permit the "supplementation" of discovery requests. Pls.' Mot. at 2-3. However, any discussion of supplementation necessarily presupposes that an answer has already been provided. See RCFC 26(e) (discussing the duty to supplement prior answers). This is particularly so where the reference to supplementation follows a fixed deadline for providing answers to discovery requests. Plaintiffs' suggestion that the reference to the possibility of supplementation somehow obviated the need to serve answers in the first instance is nonsense. Further, plaintiffs' letters stated that the same deadline also applied to "supplements." Ex. 3 & 4. In any event, plaintiffs identify no written stipulation in which the United States agreed to extend the date for responding to discovery requests beyond June 20, 2007. RCFC 29 (requiring a "written stipulation" by "the parties" to "extend[] the time provided in RCFC 33, 34, and 36"); see also Letter from David A. Harrington to Harry Kelly at 1-3 (June 14, 2007) (attached as Exhibit 6) (explaining that plaintiffs had failed to respond by the agreed upon deadline and, therefore, that the United States' requests were admitted).

The rules in this Court are clear. A written response to requests for admission must be served "within 30 days after service of the request, or such shorter or longer time as . . . the parties may agree to in writing."[1] RCFC 36(a). Where a party fails to respond to requests for admissions, the requests are admitted. Id. The United States agreed to allow plaintiffs to June 20, 2007, to respond to its second and third requests for admission. See Exs. 3-5. No answers were served by that date, or subsequently, and, therefore, the requests are admitted as to the Cambridge Square and Carriage House plaintiffs.

## II. Plaintiffs' Motion Should Be Denied Because Plaintiffs Have Offered No Evidence That Their Admissions Are Inaccurate

The Court should deny plaintiffs' motion to withdraw admissions to the United States' second and third set of interrogatories with respect to projects owned by the Cambridge Square and Carriage House plaintiffs. In seeking to withdraw their admissions, plaintiffs offer no evidence that the admissions are inaccurate. This omission is not inadvertent. The record is clear that the Cambridge Square and Carriage House plaintiffs did not apply to prepay under the Preservation Statutes. Moreover, these very plaintiffs recently conceded that they performed no analysis of prepayment, never had any communications with HUD about the possibility of prepayment, had no internal discussions concerning prepayment, and, most significantly, could not say that requesting to prepay would have been futile. Accordingly, plaintiffs' motion does

[1] Plaintiffs cite a Friday afternoon e-mail from June 15, 2007. Pls.' Mot. at 3. The e-mail, however, does not purport to reflect an agreement with the United States to provide a third extension to respond to pending discovery requests. See Pls.' Mot., Ex. D. A unilateral statement tucked into a plaintiffs' e-mail does not comply with Rule 36's requirement that the parties "agree . . . in writing" to any enlargement. RCFC 29, 36.

subserve the resolution of this action on the merits, will not promote the just, speedy and inexpensive determination of this action, and should be denied. See RCFC 1, 36(b).

In the United States' third set of requests for admission, requests one and three ask that plaintiffs admit that they have not applied to prepay under the Preservation Statutes.[2] Ex. 2 at 1, 3. This fact is confirmed by the documents produced in this action, as well as by plaintiffs' own interrogatory answers. Simply put, plaintiffs lack any basis for withdrawing admissions to requests one and three.

Requests for admission two and four ask plaintiffs to admit that applying to prepay under the Preservation Statutes was not futile. Ex. 2 at 2, 4. Plaintiffs seek to withdraw these admissions on the ground that they concern the merits of this action. Pls.' Mot. at 5-7. Again, however, plaintiffs offer no evidence that their admissions are inaccurate. Plaintiffs do not – and cannot – dispute that the Preservation Statutes allowed owners to request to prepay and authorized HUD to approve prepayment requests. ELIHPA § 225(a); 12 U.S.C. §§ 4101, 4108. Moreover, deposition testimony by the first two Cambridge Square plaintiffs – Cambridge Square North and Cambridge Square of Fort Wayne – confirm that plaintiffs' admissions with respect to futility are accurate.

---

[2] Similar requests were made in the United States' second set of requests for admission. See Ex 1 (requests 5 to 8). In addition, the United States' second set of requests for admission asked plaintiffs to admit that the incentives and sale options under the Preservation Statutes were not futile. Ex. 1 (requests 9-11). Many of the plaintiffs in this action obtained use agreements that provided incentives under the Preservation Statutes and many other plaintiffs successfully sold their projects. Given plaintiffs in this action successfully sought incentives and sales, it is unclear what good faith basis exists for withdrawing admissions that these statutory avenues were not futile.

The plaintiffs selected Dean Donnelson to testify on plaintiffs' behalf.[3] Mr. Donnelson testified that the plaintiffs never concluded that it would be futile to apply to prepay under the Preservation Statutes. Cambridge Square North Tr. 87 (Aug. 1, 2007) (excerpts attached as Exhibit 7); Cambridge Square Fort Wayne Tr. 40 (Aug. 1, 2007) (excerpts attached as Exhibit 8). Indeed, through Mr. Donnelson, plaintiffs also acknowledged:

- the partnerships do not know if their projects could have prepaid under the Preservation Statutes (CSN Tr. 40);
- the partnerships conducted no evaluation of the possibility of prepaying under the Preservation Statutes (CSN Tr. 32, 40-41);
- the partnerships had no internal discussions about prepaying (CSFW Tr. 23-24);
- the general partners had no discussion with limited partners about the possibility of prepaying under the Preservation Statutes, despite the fact that approval of the limited partners would be required to prepay and refinance (CSN Tr. 39-40; CSFW Tr. 66);
- the partnerships had no discussions with HUD about prepaying (CSN Tr. 62);
- the partnerships did not know what factors HUD looked at to evaluate a request to prepay (CSFW Tr. 28);
- the partnerships do not know of any project that HUD refused to allow to prepay under the Preservation Statutes (CSFW Tr. 28).

---

[3] Plaintiffs have indicated that Mr. Donnelson will testify upon behalf of all Cambridge Square and Carriage House plaintiffs.

In sum, the Cambridge Square and Carriage House plaintiffs never evaluated prepayment under the Preservation Statutes and have no basis to assert that applying to HUD to prepay was futile. The plaintiffs' admissions in response to requests to admit two and four are accurate and confirmed by their own deposition testimony. The plaintiffs' pending motion to withdraw these admissions should, therefore, be denied.

## CONCLUSION

For these reasons, the Court should deny plaintiffs' motion for leave to withdraw admissions to the United States' second and third sets of requests for admissions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

August 10, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 10th day of August 2007, a copy of "DEFENDANT'S RESPONSE IN SUPPORT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW ADMISSIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington