NIXON PEABODY LLP
ATTORNEYS AT LAW

Suite 900
401 9th Street, N.W.
Washington, D.C. 20004-2128
(202) 585-8000
Fax: (202) 585-8080

Harry J. Kelly
Direct Dial: (202) 585-8712
E-Mail: hkelly@nixonpeabody.com

May 23, 2007

**VIA ELECTRONIC MAIL/U.S. MAIL**

David Harrington, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW
Room 12136
Washington, DC 20530

**Re: Anaheim Gardens/Algonquin Heights
-- Additional Discovery Requests for Algonquin Heights Plaintiffs**

Dear David:

This letter, which supersedes an earlier version sent yesterday, responds to your letter to me dated May 14, 2007 and follows up our telephone call yesterday afternoon, as follows:

1. **Parties' Discovery Responses.** We agreed to the following matters:

   a. We discussed the deadline for the parties to respond to each other's outstanding discovery requests and to supplement previous responses. We agreed that all discovery responses and supplements will be due on June 15, 2007.

   b. We agreed that the parties will not be required to provide further discovery with respect to the Thetford properties that are the subject of your pending motion until the Court rules on that motion. If the Court rules in our favor with respect to those properties, the parties will provide responsive discovery promptly thereafter.

   c. You confirmed that the response in your May 14, 2007 letter is sufficient to demonstrate a dispute concerning the Government's duty to respond to outstanding discovery requests with respect to Briar Crest, a Michigan general

partnership, Briar Crest Apartments II, a Michigan limited partnership, Briar Hills, a Michigan limited partnership, and the United Company Limited Partnership, a Massachusetts limited partnership, which were the subject of the Uncontested Motion to Amend First Amended Complaint in Algonquin Heights. I confirmed that the plaintiffs intend to file a motion to address that status of these parties soon, and that until that motion is resolved, no discovery responses will be due from either party with respect to these entities. As with your pending motion for a protective order, the parties will provide responses promptly if the Court rules in our favor with respect to these plaintiffs.

d. We confirmed that the Defendants' Third Set of Request for Admission, Third Set of Interrogatories and Second Set of Document Production Requests in both cases largely replicate your first set of discovery requests, although the new requests seek additional or more specific information in some cases. The Plaintiffs will respond to these new requests, but to the extent that they have already provided responsive information, will not be required to replicate past responses or production.

e. You confirmed that you have not supplied any documents or discovery responses with respect to our recent discovery requests concerning the Carriage House or Cambridge Square plaintiffs that are the subject of the plaintiffs' outstanding discovery requests in Algonquin Heights. Since we will be receiving your responses to those discovery requests on the same date that we are providing our responses to your requests, the parties reserve the right to supplement their responses after June 15 with respect to additional information obtained from your responses concerning these plaintiffs.

2. **Holiday Town Apartments #2 ("Holiday Town 2").** This will confirm that according to our records, Holiday Town 2 was one of the HUD-insured properties that should be included in the Thetford properties that are part of this litigation. We have provided documents pertaining to Holiday Town 2 to you pursuant to our previous production. Holiday Town 2 was listed among the parties that are the subject of your pending motion, so if after considering your pending Motion and our forth-coming response, the Court concludes that the "new" Thetford properties are part of the lawsuit, we would expect the Government to provide discovery with respect to Holiday Town 2 as well.

3. **Deposition Schedule.** We compromised that depositions would start during the week of June 25, 2007. With respect to the location of the depositions, it seems most sensible to try to take them here in Washington, rather than at the site of the properties or at the other remote locations, because now most of the documents are here in Washington. No doubt, some plaintiffs would prefer not to travel, and we may find some trips unavoidable. I will contact the plaintiffs to determine which are

willing to come to Washington; we discussed the possibility of doing some regional depositions in areas such as Boston, New York, Indianapolis, Florida and California.

I believe this addresses the questions and statements raised in your May 14 letter and our conversation yesterday, but if I have missed or misstated anything materially in your view, please let me know. Please call me if you have any questions.

Very truly yours,

Harry J. Kelly

cc: Alycia A. Ziarno, Esq.

10587800.1