**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

June 27, 2007

*Via Hand Delivery*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I am writing concerning your failure to provide responses to interrogatories and requests for admission relating to 14 plaintiffs in the Algonquin Heights case (the "Cambridge Square and Carriage House plaintiffs").

**Background**

The United States originally served interrogatories and requests for admissions on plaintiffs in July 2006. After obtaining to multiple, lengthy extensions, the plaintiffs served responses on January 12, 2007. The plaintiffs' responses did not include information about the Cambridge Square or Carriage House plaintiffs.

When apprised of this fact, you asserted that the definition of plaintiff used in the United States' original discovery requests did not encompass the Cambridge Square and Carriage House plaintiffs. Rather than disputing this assertion, on May 1, 2007, the United States served new interrogatories and requests for admission. These discovery requests were essentially the same as those served in July 2006,[1] but broadened the definition of plaintiff to include the Cambridge Square and Carriage House plaintiffs. E.g., Def.'s Third Set of Interrogatories at i (defining "plaintiff" as referring to all "plaintiffs identified in the operative complaint in this action . . . ."). Two weeks later, on May 15, 2007, plaintiffs served discovery seeking documents from the United States about projects owned by the Cambridge Square and Carriage House plaintiffs.

---

[1] Several minor changes were made to obviate objections asserted by plaintiffs to the United States' original discovery.

On May 22, 2007, during a discussion of outstanding discovery issues, you requested additional time to respond to the United States' pending discovery. We agreed that you would provide answers to all pending discovery requests on June 15, 2007. See Letter from Harry Kelly to David Harrington at 1 (May 23, 2007). However, because we would be exchanging discovery, "the parties reserve[d] the right to supplement their responses after June 15." Id. at 2 (emphasis added).

On June 6, 2007, we produced several boxes of documents concerning all 14 Cambridge Square and Carriage House plaintiffs. See Letter from Brian-Eric Henderson at 1-2 (June 6, 2007). Additional responsive documents were produced on June 15, 2007. See Letter from Brian-Eric Henderson to Harry Kelly at 1-2 (June 15, 2007).

In the meantime, you asked for a second extension to June 20, 2007, which we agreed to on the condition that answers to our discovery requests would be hand served. See E-mail from Harry Kelly (June 8, 2007).

Your discovery responses were not hand served on June 20, 2007. Moreover, no information pertaining to the Cambridge Square and Carriage House projects was provided. See Letter from Harry Kelly to David Harrington at 1 (June 20, 2007).

**Plaintiffs Failure to Comply With Their Discovery Obligations**

The United States served interrogatories and requests for admission pertaining to the Cambridge Square and Carriage House plaintiffs on May 1, 2007. Your responses originally were due June 3, 2007, and the United States agreed to extensions allowing responses to be served by hand on June 20, 2007.

Your responses were not served by hand on June 20, 2007. Moreover, your cover letter expressly states that the "response to [the United States'] second and third set of discovery requests do not include information pertaining to the Carriage House and Cambridge Square plaintiffs in the Algonquin Heights litigation." Letter from Harry Kelly to David Harrington at 1 (June 20, 2007).

Having failed to respond to the United States' requests for admission, the requests are admitted. RCFC 36(a). The United States will rely upon the plaintiffs' admissions in conducting deposition discovery concerning the Cambridge Square and Carriage House plaintiffs. Court permission is required to withdraw admissions. RCFC 36(b). If your review of the documents produced by the United States provides a basis for seeking judicial leave to withdraw your admissions, you should file a motion early enough to obtain a ruling before depositions of the Cambridge Square and Carriage House plaintiffs commence. These depositions currently are scheduled to begin on August 1, 2007.

Additionally, by failing to address the Cambridge Square and Carriage House plaintiffs, you have failed to provide answers to the United States second and third sets of interrogatories. If interrogatory answers are not provided by Monday, July 2, 2007, the United States anticipates filing a motion to compel.[2]

**Partial Response To Plaintiffs' June 21, 2007 Letter**

On June 21, 2007, I received a letter that addressed, among other things, the plaintiffs' failure to serve responses to discovery requests concerning the Cambridge Square and Carriage House plaintiffs.[3]

On this subject, the letter states that in May, "we discussed the fact that document production for those plaintiffs would be delayed." Letter from Harry Kelly to David Harrington at 3 (June 21, 2007). There was no such discussion. The plaintiffs served document requests pertaining to the Cambridge Square and Carriage House plaintiffs on May 15, 2007. Under court rules, documents were not due from the United States until Monday, June 18, 2007. By agreeing to a June 15, 2007 delivery date, the United States agreed to expedite production and, indeed, produced many documents more than a week before the expedited delivery date. There has been no delay by the United States. The only "delay" was plaintiffs' dilatory request for documents concerning the Cambridge Square and Carriage House projects.

You also state that your May 23, 2007 letter expressly reserved the right to supplement discovery responses. While this is correct, it is also a *non sequitur*. The May 23, 2007 letter expressly states that responses to all pending discovery requests are due June 15, 2007. Only after an interrogatory answer has been provided can it be supplemented. I regret that you have chosen to disregard our agreement and will keep this in mind in future dealings.

Very truly yours,

David Harrington

David A. Harrington
Trial Attorney
Commercial Litigation Branch

---

2 This letter focuses upon deficiencies concerning discovery sought with respect to the Cambridge Square and Carriage House plaintiffs. Other problems in plaintiffs' responses exist and will be addressed separately.

3 Your letter contains numerous misstatements and I make no attempt to provide a comprehensive rebuttal.