# EXHIBIT A

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 93-655C<br>Judge Robert H. Hodges, Jr. |

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

**SECOND JOINT MOTION TO ENLARGE DISCOVERY SCHEDULE**

The parties jointly request that the Court modify the schedule in this case to enlarge the period for discovery, through and including August 31, 2007, and state the following as grounds for the requested relief:

In the summer of 2006, the parties submitted a joint status report outlining, among other matters, a proposed discovery schedule in this case. Specifically, the parties proposed a discovery deadline of January 31, 2007. On August 14, 2006, the Court entered an order (the "Order") that, among other things, endorsed the January 31, 2007 discovery deadline. The parties conducted discovery activities pursuant to that order, with the Plaintiffs delivering tens of thousands of pages of documents and written

discovery responses during the original discovery period. In response to the Plaintiffs' discovery request, the Government also initiated discovery during this period.

Recognizing that the scope of the parties' discovery requests was extensive and required additional time in which to complete production of documents and preparation of final discovery responses, the parties filed a Joint Motion To Enlarge Discovery Schedule ("Joint Motion") on December 22, 2006, requesting that the Court extend the discovery deadline through and including May 31, 2007. An order granting that request was entered on January 2, 2007.

Since that time, the parties have continued to pursue their discovery activities. In particular, the Government has continued to produce tens of thousands of pages of its own documents to the Plaintiffs, along with written responses to discovery requests. Although some discovery disputes emerged that resulted in a motion to compel since the filing of the Joint Motion, the parties have addressed and resolved a number of other discovery issues amicably.

Notwithstanding this hard work, the parties believe that additional time is required to complete discovery in this case. In part, this is based on additional discovery requests that have been or shortly will be filed, which the parties anticipate will require additional time to answer. In addition, the parties expect that several weeks will be necessary to conduct depositions after the written discovery is finished.

Consequently, the parties request that the discovery deadline be extended through and including August 31, 2007. The parties expect to complete document production and written discovery by the end of June 2007, and anticipate taking depositions in the weeks thereafter.

This is the second time that the parties have asked for an extension in the discovery deadline. The parties have worked diligently to advance discovery since the filing of the Joint Motion, but given the number of parties, documents and issues involved, they have made significant progress and believe that the remaining time will allow them to complete discovery in an orderly manner so that all parties have the information necessary to prepare their summary judgment briefs on the pending ripeness issues. Pursuant to the Order, the parties will file an additional joint status report after the close of discovery proposing a briefing schedule for summary judgment motions on ripeness and addressing any other issues that may be outstanding at the time. They do not believe that any other modifications in the Order are appropriate at this time. No trial date has been set in this case.

Accordingly, the parties request that the deadline to complete discovery on ripeness in this matter be extended through and including August 31, 2007.

Respectfully submitted:

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

Attorneys for Defendant

May 4, 2007