**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ANAHEIM GARDENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 93-655C<br>(Judge Robert H. Hodges) |
| ALGONQUIN HEIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 97-582C<br>(Judge Robert H. Hodges) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY DEADLINE**

Plaintiffs in these actions have filed an "emergency motion" to extend the period for discovery through the end of September 28, 2007. This "emergency" is entirely of plaintiffs' own making. Ripeness discovery has been open for over one year, the Court has twice extended the period for discovery, and the United States began taking ripeness depositions in June in order to meet the judicially-established deadline. Moreover, the United States repeatedly urged the plaintiffs to take steps to complete their discovery by the August 31, 2007 deadline and, indeed, requested on multiple occasions that plaintiffs' identify witnesses so that depositions could be arranged. In spite of these efforts, plaintiffs failed to consult with the United States about the

scheduling of their own depositions, failed to notify the United States of prospective witnesses or subject areas and, until yesterday, had served no deposition notices.

Now, mere days before discovery is to close, plaintiffs have served six deposition notices that require the United States to locate, identify and prepare witnesses to testify on 16 vaguely defined subjects with respect to over 70 different HUD projects. Plaintiffs have failed to provide the "reasonable notice" required by RCFC 30(b). See In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 230 (N.D. Ill. 2005). Accordingly, the Court should deny plaintiffs' motion for a third enlargement of the period for ripeness discovery and enter a protective order with respect to the plaintiffs' recently-noticed depositions.

**BACKGROUND**

On August 14, 2006, the Court directed that the parties commence discovery on ripeness and provided that the discovery period would close January 31, 2007. Order of Judge Hodges (Aug. 14, 2006) (docket no. 138). At the request of the parties, the Court extended the discovery deadline to May 31, 2007, and then, to August 31, 2007. Order of Judge Hodges (Jan. 2, 2007) (docket no. 142); Order of Judge Hodges (May 15, 2007).

The United States originally proposed that the second enlargement be only 30 days, but acquiesced to plaintiffs' request that the parties seek a longer enlargement. Letter from David A. Harrington to Harry Kelly at 3 (Apr. 26, 2007) (attached as Exhibit A) (at the same time urging plaintiffs to take steps "to enable deposition discovery to go forward"). Plaintiffs objected to the United States' efforts to begin deposition discovery in June 2007. Nevertheless, by June 21, 2007, the United States had notified plaintiffs of the depositions it expected to take and proposed

a schedule that would complete deposition discovery by the August 31, 2007 deadline. See Letter from David A. Harrington to Harry Kelly (June 21, 2007) (attached as Exhibit B).

Five days later, on June 26, 2007, the United States presented a revised deposition schedule to accommodate scheduling requests of plaintiffs and their counsel. Letter from David A. Harrington to Harry Kelly at 1 (June 26, 2007) (attached as Exhibit C). The letter stated:

> Given that many open days exist in July and August and that substantial resources are available to a national firm such as Nixon Peabody, **we do not agree to [plaintiffs'] proposal to extend the discovery deadline**, which has already been extended twice. If taking depositions on open dates are not feasible, however, **we are willing to consider double tracking depositions to enable you to complete deposition discovery before August 31, 2007**.

Id. (emphasis added). Despite this offer, plaintiffs did not attempt to schedule at that time any depositions in either July or August 2007.

By early August, plaintiffs still had not noticed any depositions. Noting that the period for discovery was coming to a close, the United States wrote plaintiffs' counsel urging them to confer about preferred dates and places if they wished to take depositions:

> As you are aware, the United States consulted with you about preferred deposition locations and times, and worked to facilitate a mutually acceptable schedule for needed depositions. The vast majority of plaintiffs' requests were accommodated. To date, we have received no similar inquiries about depositions of Government witnesses. Less than four weeks remain before the close of discovery. **If plaintiffs intend to take any ripeness depositions, please notify us promptly so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established.**

Letter from David A. Harrington to Harry Kelly at 1 (Aug. 6, 2007) (attached as Exhibit D). When plaintiffs still did not respond, the United States again wrote to plaintiffs' counsel:

> As you are well aware, the period for ripeness discovery has been open for over a year and is rapidly drawing to a close. In my August 6, 2007 letter, I explained that we had received no inquiries from plaintiffs about depositions of Government witnesses and urged that you arrange any such depositions promptly "so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established." Letter from David A. Harrington to Harry J. Kelly at 1 (Aug. 6, 2007). Over one week has passed, during which time the United States has taken eight ripeness depositions, and still plaintiffs have neither inquired about the availability of witnesses nor served deposition notices. You have in the past suggested that plaintiffs were planning to take ripeness depositions. If that is still the case, **your delay in serving notice is prejudicial** and reflects a lack of professional courtesy that stands in stark contrast to our own ongoing efforts to accommodate the schedules and preferences of you and your clients. **If plaintiffs intend to take any ripeness depositions, please hand serve deposition notices immediately, but in no event later than 2:00 p.m., Friday, August 17, 2007, so that we can determine whether we can accommodate your requests or should seek a protective order.**

Letter from David A. Harrington to Harry Kelly at 1 (Aug. 15, 2007) (attached as Exhibit E). Still no deposition notices were served by plaintiffs. E-mail from David A. Harrington to Harry Kelly (Aug. 17, 2007) (attached as Exhibit F). Rather, after the close of business on Friday, August 17, 2007, plaintiffs filed an "emergency motion" seeking to extend the deadline for discovery in these actions.

## ARGUMENT

Plaintiffs have failed to establish good cause for further extending the discovery deadline in this action. They have been provided over one year to conduct written and deposition discovery. The fact that they have not fully taken advantage of the opportunity does not constitute a basis for altering the Court-established deadline. Indeed, the United States

repeatedly urged plaintiffs to take the steps necessary to schedule depositions within this deadline.

Plaintiffs contend that the United States "monopolized all of the time available for taking depositions in this case." Pls.' Mot. at 5. Plaintiffs statement is factually inaccurate. On 24 business days during the months of July and August 2007, no ripeness depositions were taken by the United States. Further, the fact that the United States noticed depositions did not prevent plaintiffs from doing the same. Two months ago, on June 27, 2007, the United States offered to work with plaintiffs to schedule any depositions that they wished to take. Ex. C. In so doing, the United States specifically offered to double track depositions to enable plaintiffs to meet the August 31, 2007 deadline. Plaintiffs' counsel – Nixon Peabody – is one of the largest law firms in the United States, which, according to its own website, employs over 700 attorneys. It simply is not credible, with the resources available to plaintiffs and the cooperation offered by the United States, that the plaintiffs were unable to complete discovery by the August 31, 2007 deadline in these actions.

Yesterday, August 20, 2007, plaintiffs served their first deposition notices in these action. These notices seek to depose "the United States," pursuant to Rule 30(b)(6), on August 30, 2007, and August 31, 2007, and request that the United States identify, prepare and produce "the most knowledgeable person" to testify about 16 different subject areas and over 70 different HUD projects. Exs. G-L.

Rule 30(b) requires that "reasonable notice" of a deposition be given. RCFC 30(b). Yet plaintiffs waited until 10 days before the discovery deadline. They noticed depositions at the end of a week when plaintiffs knew that the lead attorney for the United States would be on vacation.

They served the notices in these complex cases that concern events occurring over 10 years ago. They seek testimony from "the United States" about 16 different subject areas (many of which are poorly defined) and more than 70 different HUD projects. Such a belated request would not be reasonable under any circumstance. Plaintiffs' actions are even more egregious here, because the United States over two months repeatedly attempted to confer about the scheduling of any depositions that the plaintiffs sought to take. E.g., Ex. D ("please notify us promptly so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established").

The Court should enter a protective order barring the depositions noticed by plaintiffs on August 20, 2007. This is the remedy that court's have employed in similar situations. For instance, in In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 230 (N.D. Ill. 2005), the court found that plaintiffs who manufactured a similar "emergency" at the end of the discovery period were not entitled to take further depositions. The court explained:

> [T]en business days notice would seem reasonable. But, just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact intensive. What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different case where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices. The plaintiffs were keenly aware of all of these facts and the competing demands imposed by the other discovery that had been percolating for some time. . . .
>
> Obviously, if the notices of deposition . . . were unreasonable, it necessarily follows that [the court deadline for discovery] would be violated, for the discovery would not then have been initiated in time to be completed by the . . . cut-off date.

Id. at 328.

Similarly, here, the plaintiffs failed to provide reasonable notices of the depositions that it now seeks to take. Accordingly, the discovery was not initiated in time to be completed by the Court-established deadline and should not be allowed.

## CONCLUSION

For these reasons, the United States respectfully requests that plaintiffs' motion for an extension of the discovery period be denied and that the Court enter a protective order with respect to plaintiffs' recently-served deposition notices.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

August 21, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 21th day of August 2007, a copy of "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY DEADLINE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington