**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

September 11, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

As you are aware, on August 24, 2007, the Court denied the United States' motion for protective order with respect to 23 projects owned by Thetford Properties III, LP, and Thetford Properties IV, LP, (collectively, the "additional Thetford projects") in Anaheim Gardens, and ruled that claims of Briar Crest, GP, Briar Crest Apartments II, LP, Briar Hills, LP, and The United Company, LP, (collectively, the "Briar Crest projects") could proceed in Algonquin Heights. See Order of Judge Hodges at 1 (Aug. 24, 2007). The practical effect of these rulings was to add a total of 27 projects to the respective actions. The Court further directed the parties to "confer and submit to the court the earliest possible certain date for close of discovery." Order of Judge Hodges at 2 (Aug. 24, 2007). I am writing to confirm yesterday's discussion about further proceedings in Anaheim Gardens and Algonquin Heights in light of the Court's ruling.

First, we agreed that the Court's rulings would necessitate the production of additional documents. I explained that many files relating to the additional Thetford projects and the Briar Crest projects are in storage and, as a result, that it would take approximately 30 days to produce Government documents relating to these projects. You confirmed that plaintiffs previously produced all responsive documents concerning the additional Thetford projects and that documents relating to the Briar Crest projects could be produced in about two weeks. Accordingly, we agreed that the parties would produce documents on a rolling basis and would complete document discovery by Friday, October 12, 2007. We further agreed that if unforeseen events are expected to delay the production of documents beyond that date, timely notice would be given to opposing counsel.

Second, we confirmed that the Court's rulings would necessitate supplementation of prior interrogatory answers. To give the parties time to review newly-produced documents, we agreed that supplemental interrogatory answers will be served no later than Friday, November 2, 2007.

Third, we discussed the scheduling of deposition discovery. I proposed that both parties conduct deposition discovery during the month of November, with a break during the week of Thanksgiving, and that discovery close on November 30, 2007. You stated that you were opposed to "double tracking" depositions, did not want both parties to be taking depositions during the same time period, and sought a later discovery deadline. Accordingly, we agreed that (1) the plaintiffs would take their previously-noticed Rule 30(b)(6) depositions (as well as any other depositions) during the weeks of November 5, 2007, and November 12, 2007, (2) no depositions would be taken during the week of November 19, 2007 due to the Thanksgiving holiday, (3) the United States would take depositions during the weeks of November 26, 2007, and December 3, 2007, and (4) ripeness discovery will close on December 7, 2007.[1] Additionally, I stated that the United States would tentatively identify those individuals expected to testify at plaintiffs' Rule 30(b)(6) depositions by October 12, 2007, and would not notice depositions on Monday, November 26, 2007.

Fourth, we addressed the possibility of consolidating the Anaheim Gardens and Algonquin Heights actions. No agreement was reached with respect to consolidation, but we agreed to discuss the issue further.

Lastly, I agreed to draft a joint status report containing the agreed schedule, described above, that would be submitted to the Court.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

---

[1] The United States anticipates taking the previously-noticed deposition of Brookside Manor before November 2007.