**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT**

For its answer to the plaintiffs' second amended complaint,[1] defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute plaintiffs' characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Denies the allegations contained in the first sentence of paragraph 2, but avers that some multi-family housing projects owned by some of the plaintiffs provide affordable housing in exchange for mortgage guarantees and other subsidies from the United States. Admits the allegations contained in the second sentence of paragraph 2 to the extent supported

---

[1] This action was dismissed and judgment entered on August 16, 2000. Plaintiffs appealed, challenging the dismissal of the regulatory takings claim in count one on ripeness grounds. Plaintiffs did not challenge this Court's dismissal of the other counts asserted in the complaint. The Court of Appeals reversed and remanded this action "for the development of facts on whether appellants' takings claims are ripe." Anaheim Gardens v. United States, 444 F.3d 1309, 1317 (Fed. Cir. 2006). Accordingly, counts two (breach of contract), three (breach of contract) and four (money mandating statute) in the second amended complaint have been resolved in favor of the United States.

by the operative regulatory agreements or interest reduction contracts, which are the best evidence of their contents; otherwise denies the allegations contained the second sentence of paragraph 2. Denies the allegations contained in the third sentence of paragraph 2.

3. Admits that Congress enacted the Emergency Low income Housing Act of 1987, Pub. L. No. 101-242, 101 Stat. 1815, 1877 (February 5, 1988) ("ELIHPA"), and subsequently enacted the Low Income Housing Preservation and Resident Homeownership Act of 1990, 12 U.S.C. § 4101 et seq. ("LIHPRHA"), to address a potential reduction in the stock of affordable housing; otherwise denies the allegations contained in paragraph 3.

4. Admits that Congress enacted the Housing Opportunity Program Extension Act of 1996, Pub. L. No. 104-120, 110 Stat. 834 (March 28, 1996) (the "HOPE Act"), which permitted owners to prepay certain mortgages insured by the Department of Housing and Urban Development ("HUD"); otherwise denies the allegations contained in paragraph 4.

5. Denies.

6. The allegations contained in paragraph 6 constitute plaintiffs' characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the Court of Appeals for the Federal Circuit remanded this action for factual development concerning the claim asserted as count one and that counts two, three and four have been resolved in favor of the United States.

7. The allegations contained in the first sentence of paragraph 7 constitute plaintiffs' characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 7.

8. The allegations contained in the first sentence of paragraph 8 constitute plaintiffs' characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Admits.

10. Denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the remaining allegations in paragraph 10.

11. Denies. Avers that participants in the section 221(d)(3) program executed a regulatory agreement, which described the terms of participation in the program, and which is the best evidence of its contents.

12. Admits that participants in the section 221(d)(3) program executed a regulatory agreement, which described the terms of participation in the program, and which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits that participants in the section 221(d)(3) program executed a regulatory agreement, which described the terms of participation in the program, and which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits that the allegations contained in paragraph 14 describe generally the section 221(d)(3) program, but avers that terms of participation are governed the promissory note, mortgage, regulatory agreement, and the contract for mortgage insurance executed by the

section 221(d)(3) program participant, as well as by applicable statutory and regulatory provisions, which are the best evidence of their contents.

15. Admits that the allegations contained in paragraph 15 describe generally the section 221(d)(3) program, but avers that terms of participation are governed the promissory note, mortgage, regulatory agreement, and the contract for mortgage insurance executed by the section 221(d)(3) program participant, as well as by applicable statutory and regulatory provisions, which are the best evidence of their contents.

16. Admits the allegations in paragraph 16 to the extent supported by FHA Form No. 4104-3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations in the first sentence contained in paragraph 17. Denies the remaining allegations contained in paragraph 17 and avers that participants in the section 236 program executed a regulatory agreement or interest reduction contract, which described the terms of participation in the program, and which is the best evidence of its contents.

18. Denies the allegations contained in paragraph 18 and avers that each participant in the section 236 program executed its own regulatory agreement or interest reduction contract, which described the terms of participation in the program, and which is the best evidence of its contents.

19. Denies the allegations contained in paragraph 19 and avers that each participant in the section 236 program executed its own regulatory agreement, which described the terms of participation in the program, and which is the best evidence of its contents.

20. Admits that the allegations contained in paragraph 20 describe generally the section 236 program, but avers that terms of participation are governed the promissory note, mortgage, regulatory agreement, contract for mortgage insurance, and interest reduction contract executed by the section 236 program participant, as well as by applicable statutory and regulatory provisions, which are the best evidence of their contents.

21. Admits that the allegations contained in paragraph 21 describe generally the section 236 program, but avers that terms of participation are governed the promissory note, mortgage, regulatory agreement, contract for mortgage insurance, and interest reduction contract executed by the section 236 program participant, as well as by applicable statutory and regulatory provisions, which are the best evidence of their contents.

22. Admits that the allegations in paragraph 22 to the extent supported by FHA Form No. 4104-3, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits.

24. Admits that the allegations contained in paragraph 24 describe generally the section 236 program, but avers that terms of participation are governed the promissory note, mortgage, regulatory agreement, contract for mortgage insurance, and interest reduction contract executed by the section 236 program participant, as well as by applicable statutory and regulatory provisions, which are the best evidence of their contents.

25. Denies the allegations contained in paragraph 25 and avers that each participant in the section 236 program executed its own regulatory agreement or interest reduction contract,

which described the terms of participation in the program, and which is the best evidence of its contents.

26. The allegations contained in the first and second sentences of paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 26.

27. Denies.

28. Admits that the projects owned by Leader House Associates, LP, New Amsterdam Associates, LP, and Tower West Associates, LP, (the "New York projects") executed interest reduction contracts and were classified as non-insured projects; otherwise denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

29. Denies the allegations contained in the first and second sentences of paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the third sentence contained in paragraph 29. The allegations contained in the fourth and fifth sentences of paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Denies the allegations contained in the first sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The

remaining allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in the first sentence of paragraph 32. Admits further that Country Town Apartments was subject to LIHPRHA; otherwise denies the allegations contained in paragraph 32 of the complaint.

33. Denies.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies.

37. Denies.

38. Denies and avers that no plaintiff submitted a plan of action to HUD that requested prepayment pursuant to ELIHPA or LIHPRHA.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

40. Denies the allegation contained in paragraph 40 that “prepayment was and is a vital right of the Owners;” otherwise admits the allegations contained in paragraph 40.

41. Admits the allegation contained in the first sentence of paragraph 41 that Congress enacted ELIHPA on February 5, 1988; otherwise denies the allegations contained in the first sentence of paragraph 41. The allegations contained in the second sentence of paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 41.

42. Admits that the allegation in the first sentence of paragraph 42 that LIHRPA was enacted as Title VI of the Cranston-Gonzalez National Affordable Housing Act of 1990, Pub. L. No. 101-625, 104 Stat. 4079, 4249 (November 28, 1990); otherwise denies the allegations contained in the first sentence of paragraph 42. The allegations contained in second sentence of paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they provide an incomplete description of the statute and are denied.

43. Denies.

44. The allegations contained in paragraph 44 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they provide an incomplete description of the statute and are denied.

45. Denies.

46. The allegations contained in paragraph 46 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they provide an incomplete description of the statute and are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they provide an incomplete description of the statute and are denied.

48. Denies.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Admits the allegations contained in first sentence contained in paragraph 50. Denies the allegations contained in the second sentence in paragraph 50.

51. Denies.

52. Admits that certain “incentives” were available to project owners pursuant to LIHPRHA; otherwise denies the allegations contained in paragraph 52.

53. Denies.

54. Denies.

55. Denies.

56. Denies the first sentence contained in paragraph 56. The second sentence of paragraph 56 contains a selective quote from the Congressional Record, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence in paragraph 56.

57. Denies.

58. Admits that the allegation in the first sentence of paragraph 58 that in 1990 Congress changed sunset provision in ELIHPA; otherwise denies the allegations contained in the first sentence of paragraph 58. The second sentence of paragraph 58 contains a selective quote from the Congressional Record, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence in paragraph 58.

59. Paragraph 59 contains a selective quote from the Congressional Record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. Denies.

61. Denies.

62. Admits that in 1990 the Bartlett-Barnard Amendment was approved by the House Committee on Banking, Finance and Urban Affairs; otherwise denies the allegations contained in paragraph 62.

63. Paragraph 63 contains selective quotes from the Congressional Record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. Paragraph 64 contains selective quotes from the Congressional Record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65. Paragraph 65 contains selective quotes from the Congressional Record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66. The allegations contained in paragraph 66 constitute legal argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. Denies the allegations contained in the first sentence of paragraph 67. The allegations contained in the second sentence of paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. Denies.

69. Denies.

70. The allegations contained in paragraph 70 constitute legal argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 constitute legal argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute legal argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73. Denies.

74. Admits that "Congress appropriated $618,462,000 million under the Department of Veterans Affairs and Housing and Urban Development, and Independent Agencies Appropriations Act, 1992 Pub.L. 102-139, 105 Stat. 736, 745 (1991), and appropriated $600,000,000 under the Department of Veteran Affairs and Housing and Urban Development and Independent Agencies Appropriations Act, 1993, Pub.L. 102-389, 106 Stat. 157, 158 (1992);" otherwise denies the allegations contained in paragraph 74.

75. Admits that the HOPE Act was enacted in March 1996, that the HOPE Act "effectively repealed" certain aspects of ELIHPA and LIHPRHA, and that owners were "allowed to prepay" after passage of the HOPE Act; otherwise denies the allegations contained in paragraph 75.

76. Defendant's responses to paragraphs 1 through 75 are incorporated by reference.

77. Denies.

78. Denies.

79. Defendant's responses to paragraphs 1 through 78 are incorporated by reference.

80. Denies and avers that count two has been resolved in favor of the United States.

81. Denies and avers that count two has been resolved in favor of the United States.

82. Defendant's responses to paragraphs 1 through 81 are incorporated by reference.

83. Denies and avers that count three has been resolved in favor of the United States.

84. Denies and avers that count three has been resolved in favor of the United States.

85. Denies and avers that count three has been resolved in favor of the United States.

86. Denies and avers that count three has been resolved in favor of the United States.

87. Defendant's responses to paragraphs 1 through 86 are incorporated by reference.

88. Denies and avers that count four has been resolved in favor of the United States.

89. Denies and avers that count four has been resolved in favor of the United States.

90. Denies and avers that count four has been resolved in favor of the United States.

91. Denies and avers that count four has been resolved in favor of the United States.

92. Denies and avers that count four has been resolved in favor of the United States.

93. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant such other and further relief as the Court may deem appropriate.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are barred by the statute of limitations. 28 U.S.C. § 2501.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

September 24, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 24th day of September 2007, a copy of "ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington