**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF DISPUTE REGARDING DISCOVERY AND MOTION FOR EXPEDITED STATUS CONFERENCE**

Defendant, the United States, is filing this notice to apprise the Court of a dispute regarding further discovery and to request that the Court promptly schedule a status conference to address this issue.

## BACKGROUND

On August 14, 2006, the Court directed that discovery on the issue of ripeness proceed in these actions. Ripeness discovery is currently scheduled to close on December 7, 2007.

Parties are entitled to serve a total of 25 written interrogatories, including discrete subparts, without leave of court. RCFC 33(a). Leave to serve additional interrogatories "shall be granted" by the Court consistent with the principles of RCFC 26(b)(2). Id.

The United States has served a total of 23 interrogatories to date. Plaintiffs have previously taken the position – without providing a specific explanation – that the United States has served in excess of 25 interrogatories. See Pls.' Resp. to Def.'s Third Set of Interrogs. at 5-9 (served June 20, 2007) (attached as Exhibit A). The United States disagrees and avers that it is entitled to serve two additional interrogatories without obtaining leave from the Court.[1]

**DISCUSSION**

The United States seeks to serve the following two interrogatories to ascertain the plaintiffs' position on ripeness in these actions:

**INTERROGATORY NO. 24:**

> For each subject property, if you contend that ELIHPA effected a regulatory taking, state the date that you contend that the claim that ELIPHA effected a regulatory taking ripened.

**INTERROGATORY NO. 25:**

> For each subject property, if you contend that LIHPRHA effected a regulatory taking, state the date that you contend the claim that LIHPRHA effected a regulatory taking ripened.

These interrogatories are simple, straightforward, and will present no burden to answer. They are timely in that they will be served more than 30 days before the close of discovery.[2] Order of Judge Hodges at 1 (Sept. 21, 2007) (establishing December 7, 2007 as the close of ripeness

[1] Should the Court conclude that, including discrete subparts, the United States has served 25 interrogatories, the United States respectfully requests leave to serve two additional interrogatories.

[2] Plaintiffs have previously argued that contention interrogatories should be served near the end of discovery. See Pls.' Response to Def.'s Mot. to Compel at 8-10 (filed March 23, 2007).

discovery). And they are proper in that they go to the crux of the ripeness issue currently pending before the Court.

Plaintiffs have indicated that they will object to these interrogatories as exceeding the number of interrogatories allowed under Rule 33 and perhaps on other grounds. The United States, therefore, anticipates that it will receive no substantive response if it simply serves these interrogatories upon plaintiffs.

The information requested by these interrogatories is necessary to brief summary judgment motions following the close of ripeness discovery. The parties' dispute concerning the proposed interrogatories is simple and well-defined. And the prompt resolution of this issue will help ensure that ripeness discovery is completed by the December 7, 2007 deadline. Accordingly, the United States respectfully requests that the Court expedite the scheduling of a status conference to address the propriety of the United States' proposed interrogatories. Counsel for the United States currently is available to participate in a status conference any day this week (i.e., October 16-19, 2007).

**CONCLUSION**

For these reasons, the United States respectfully requests that the Court promptly schedule a status conference to address the two interrogatories that the United States seeks to serve in these actions.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

October 15, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 15th day of October 2007, a copy of "DEFENDANT'S NOTICE OF DISPUTE REGARDING DISCOVERY AND MOTION FOR EXPEDITED STATUS CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington