**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 93-655C (Judge Robert H. Hodges, Jr.) |
| ALGONQUIN HEIGHTS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 97-582C (Judge Robert H. Hodges, Jr.) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF DISPUTE REGARDING DISCOVERY AND MOTION FOR EXPEDITED STATUS CONFERENCE**

Defendant, the United States has filed a "notice" to inform the Court of what Defendant's counsel characterizes as a dispute regarding further discovery. Oddly, the Government has not moved for relief on the alleged discovery dispute, but rather, it seeks a status conference to address the issue. This is Plaintiffs' reply to the Government's "notice" in advance of the status conference scheduled for Wednesday, October 17, 2007 at 2:00 p.m.

**BACKGROUND**

Pursuant to an earlier order of this Court, discovery on ripeness in the above matters was scheduled to conclude as of August 31, 2007. However, as the Court will recall, at that time

there were several motions pending, which precluded completion of discovery. Indeed, several of the then-pending motions were attempts by the Government to preclude discovery regarding twenty seven subject properties. After the Court ruled in favor of Plaintiffs, and against the Government on each of the pending motions, additional discovery was necessary. Accordingly, the parties negotiated and agreed to specific time frames to accomplish that additional discovery. Importantly, only the additional discovery flowing from the resolution of the various motions was addressed; the parties did not address or contemplate either party propounding new discovery. Nonetheless, the Government now believes that it is entitled to propound new additional discovery in the form of two interrogatories.

At the outset, it is important for the Court in resolving the Government's pending "notice" to understand that the request for additional discovery does not exist in a vacuum, but rather, it is only one aspect of the newest overall discovery dispute initiated by the Government. Specifically, the Government has neglected to fully inform the Court that at the same time that it is seeking to propound additional discovery, it is unjustifiably refusing to comply with Plaintiff's Rule 30(b)(6) deposition notices served in August of 2007. See Exhibit A, Letter to David Harrington from Harry J. Kelly, with attachments dated October 16, 2007. In addition, the Government has failed to produce all of the documents and records it is required to, and frankly, no satisfactory explanation as to why has yet been provided. It is against this backdrop of abusive behavior by the Government that the Plaintiffs' are compelled to refuse to consent to the Government's request to serve additional discovery. Moreover, as set forth in more detail below, the requested discovery is untimely and unnecessary as it is merely duplicative and cumulative of the many interrogatories and admission requests that the Government has previously served, not

to mention the many questions posed during the fifty depositions previously taken by the Government.

## ARGUMENT

The Government is correct that under the Rule 33 of the Rules of the Court of Federal Claims, a party is entitled to serve 25 interrogatories on an opposing party. Notably, this 25 total includes subparts of interrogatories. See RCFC 33(a). Accordingly, a party may not ask one long interrogatory in an attempt to circumvent counting subparts in the total. Here, the Government claims that it has only served 23 interrogatories in this matter. The Government is wrong. Even using the most conservative mathematical calculations, the Government has far exceeded that number.

For example, in its First Set of Requests for Interrogatories, using a conservative view of what constitutes a subpart, the Government plainly propounded at least 19 interrogatories. See Exhibit B, Defendant's First Set of Interrogatories. The Government's Second Set of Interrogatories included an additional six interrogatories, bringing the cumulative total to 26 – a number in excess of the total permissible. See Exhibit C, Defendant's Second Set of Interrogatories. However, the Government did not stop with two sets of interrogatories. Instead, it proceeded to serve a Third Set of Interrogatories. See Exhibit D, Defendant's Third Set of Interrogatories. That third set included an additional eight interrogatories, two of which had **eleven** subparts. Again, taking the most conservative approach to calculating totals, the Government has served, at a minimum, in excess of 34 interrogatories. In a few words, Plaintiffs' position is - enough is enough! The Government has already far exceeded the permissible number of interrogatories and there is absolutely no basis to grant its request for more.

Even if the Court were not concerned strictly with the number of interrogatories already propounded, the Court should not exercise discretion to permit the Government to serve the additional interrogatories included in its "notice." The proposed interrogatories are unnecessary because they are duplicative and cumulative. The Government has asked for the same information included in its proposed additional interrogatories in so many different ways that it is difficult to capture them all in this reply. Suffice it to say that in addition to the 34 plus interrogatories already served and responded to, the Government has served three sets of requests for admissions, and it has deposed fifty subject properties on the very same subject matter. In other words, the Government has had more than ample opportunity to ask its questions, and it would be unreasonable to permit it to continually think of new ways to rephrase the same questions. Each and every time that the Government asks the same thing in a different way, there are very real costs incurred by the Plaintiffs in responding to that request. It is unjust and unfair to subject Plaintiffs to ever increasing discovery costs that will not in the end lead to any new admissible evidence.

Finally, the Government's request should be denied as it is wrongly taking advantage of the extended discovery period to propound new written discovery. When discovery was extended until December 7, 2007, it was done for very specific and narrow reasons – and not in order to permit the parties to engage in additional written discovery. In point of fact, the extended discovery period was a tightly designed schedule (because the Government balked at extending through the time Plaintiffs' proposed) aimed only to accommodate (1) the Plaintiffs' taking of depositions, (2) the mutual exchange of documents and related written discovery only for the properties that were subject to the Court's August 24, 2007 order, and (3) for the Government to depose Plaintiffs concerning those disputed properties. The parties did not

contemplate any additional new discovery being served, and the Government never suggested that it intended to engage in additional discovery. The time has come for the Government to stop abusing the discovery process, and move on to resolving the issues on the substantive merits.

## CONCLUSION

Based on all of the foregoing, Plaintiffs respectfully request that the Court deny the Government "notice" or motion to serve additional interrogatories.

Dated: October 16, 2007

Respectfully submitted:

/s/ Harry J. Kelly________

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on the 16th day of October, 2007, a copy of the foregoing Plaintiffs' Reply to Defendant's Notice of a Dispute Regarding Discovery and Motion for Expedited Status Conference was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by electronic mail to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly