# EXHIBIT C

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, requests that the plaintiffs respond to the following interrogatories.

## DEFINITIONS

1. The terms "you," "your," or "plaintiffs" refer collectively to those plaintiffs specifically identified in the operative complaint in this action, as well as all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "subject property" refers to each and every property owned by the plaintiffs that are the subject of any claim asserted in the operative complaint in this litigation.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

5. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. The term "identify," as used herein, in reference to:

A. A natural individual means to state, to the extent known, his or her:

(1) full name;

(2) present residence address, and if that is not known, the answer shall so state, and in lieu of the present residence address, the last known address and the last known date the person resided there;

(3) present employer, business address, telephone number and job title, if known and if not known, the answer shall so state; and

(4) employer, address and job title at the time of the event, transactions or occurrence to which the interrogatory relates.

B. A person other than a natural individual means to state, to the extent known, the:

(1) full name;

(2) present or last known address;

(3) state of incorporation, if known;

(4) place(s) of business at the present time and at all times relevant to the interrogatory involved;

C. A document, means to state, to the extent known the:

(1) title, heading or caption of such document;

(2) identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(3) date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such document was prepared and/or executed;

(4) description of the type of document (for example, letter, handwritten notes, etc.) and the number of pages;

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to enable defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation on a cover page attached to the document that refers to the relevant interrogatory).

7. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

8. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things,

including, but not limited to, pertinent date(s) and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

9. The term "HUD" refers to the Department of Housing and Urban Development, predecessor institutions, past or present employees, agents, directors, officers, representatives, including counsel, and all other persons or entities that acted or purported to act upon behalf of its behalf.

10. The term "ELIHPA" refers to the Emergency Low-Income Housing Preservation Act.

11. The term "LIHPRHA" refers to the Low-Income Housing Preservation and Resident Homeownership Act.

12. The term "Preservation Statues" refers collectively to ELIHPA and LIHPRHA.

13. The term "HOPE Act" refers to the Housing Opportunity Program Extension Act of 1996.

14. The term "plan of action" refers to a plan submitted pursuant to and in accordance with section 223 of ELIHPA or, alternatively, the section of LIHPRHA codified at 12 U.S.C. § 4107, regardless of whether the plan proposes to terminate low-income affordability restrictions, extend low-income affordability restrictions, or transfer the subject property to a qualified purchaser.

15. The term "use agreement" refers to an agreement to provide a project's owner any of the incentives authorized by section 224 of ELIHPA or, alternatively, to provide any of incentives authorized by that section of LIHPRHA codified at 12 U.S.C. § 4109.

16. Unless otherwise stated, this discovery request concerns the period from January 1, 1987 to December 31, 1997.

## INSTRUCTIONS

1. In responding to the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individuals executing plaintiff's answers to interrogatories.

2. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

4. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

5. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person

signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

6. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds for your objections.

7. Should you claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, you shall so state and describe such documents in the manner indicated above. You shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

8. When answering these interrogatories, please type the interrogatory, as well as your response or objection in accordance with all provisions of Rules 33 and 34 of the United States Court of Federal Claim.

9. With respect to each interrogatory response or part thereof to which you refuse to provide a response based upon a claim of privilege or protection, specify in detail the factual or legal basis upon which you rely in withholding the information. Your response should specifically state each privilege or protection upon which you rely in withholding a response and provide the content of the response in as much detail as is possible without revealing the privileged or protected matter.

10. If any material responsive to this request has been destroyed, state the reason for the destruction, date on which the material was destroyed, the person in whose possession, custody or control the material was when destroyed, and the person who destroyed the material.

11. To the extent that the answer to an interrogatory is being provided by the production of business records pursuant to RCFC 33(d), specify the title, date and Bates number of the business record from which the answer can be derived and the date upon which the record was produced.

12. These interrogatories are continuing in nature to the extent provided in RCFC 26. If at any time after responding to these requests plaintiff obtains additional responsive information, a supplemental response shall be furnished within 15 days of receiving such information.

## INTERROGATORIES

**INTERROGATORY NO. 9:**

For each of the subject properties, identify each and every study, analysis, evaluation or other assessment relating to prepayment or other options available under the Prepayment Statutes that was undertaken by, on behalf of, or with respect to the subject property between 1984 and 2000.

**Response:**

**INTERROGATORY NO. 10:**

For each of the subject properties, identify each statute, ordinance, regulation, contract or agreement – whether Federal, state, city, county, municipal or otherwise – that affected or could have affected the project owner's ability to raise rents if the subject property had prepaid its Government-insured mortgage between 1987 and 1997.

**Response:**

**INTERROGATORY NO. 11:**

For each subject property, state whether the property's owner concluded that it was futile to apply to prepay pursuant to the Preservation Statutes and, if so, identify the date upon which the owner reached this conclusion and state all facts upon which the owner's conclusions was based.

**Response:**

**INTERROGATORY NO. 12**:

For each request for admission in defendant's second set of requests for admissions to which you responded with anything other than an unqualified admission, explain in detail the basis for your answer.

**Response**:

**INTERROGATORY NO. 13:**

Identify any person upon whom you expect to rely to establish that the plaintiffs' taking claims are ripe and, for each person, specify the subject properties about which the person is expected to testify.

**Response:**

**INTERROGATORY NO. 14:**

Identify any expert upon whom you intend to rely to establish that the plaintiffs' taking claims are ripe and, for each expert identified, state (i) the expert's full name, (ii) the subject areas upon which the expert is expected to testify, (iii) the subject properties about which the expert is expected to testify, (iv) the expert's qualifications, including but not limited to the expert's field of expertise, current occupation, and educational background, and (v) a summary of the expert's conclusions and opinions.

**Response:**

**INTERROGATORY NO. 15:**

Identify each person who assisted in preparing an answer to any interrogatories propounded by the United States and, for each person, specify the interrogatories and subject properties for which the person provided assistance.

**Response:**

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

April 24, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 24 day of April 2007, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Second Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Erna M. Goddard

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, requests that the plaintiffs respond to the following interrogatories.

**DEFINITIONS**

1. The terms "you," "your," or "plaintiffs" refer collectively to those plaintiffs specifically identified in the operative complaint in this action, as well as all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "subject property" refers to each and every property owned by the plaintiffs that are the subject of any claim asserted in the operative complaint in this litigation.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

5. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. The term "identify," as used herein, in reference to:

A. A natural individual means to state, to the extent known, his or her:

(1) full name;

(2) present residence address, and if that is not known, the answer shall so state, and in lieu of the present residence address, the last known address and the last known date the person resided there;

(3) present employer, business address, telephone number and job title, if known and if not known, the answer shall so state; and

(4) employer, address and job title at the time of the event, transactions or occurrence to which the interrogatory relates.

B. A person other than a natural individual means to state, to the extent known, the:

(1) full name;

(2) present or last known address;

(3) state of incorporation, if known;

(4) place(s) of business at the present time and at all times relevant to the interrogatory involved;

C. A document, means to state, to the extent known the:

(1) title, heading or caption of such document;

(2) identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(3) date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such document was prepared and/or executed;

(4) description of the type of document (for example, letter, handwritten notes, etc.) and the number of pages;

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to enable defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation on a cover page attached to the document that refers to the relevant interrogatory).

7. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

8. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things,

including, but not limited to, pertinent date(s) and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

9. The term "HUD" refers to the Department of Housing and Urban Development, predecessor institutions, past or present employees, agents, directors, officers, representatives, including counsel, and all other persons or entities that acted or purported to act upon behalf of its behalf.

10. The term "ELIHPA" refers to the Emergency Low-Income Housing Preservation Act.

11. The term "LIHPRHA" refers to the Low-Income Housing Preservation and Resident Homeownership Act.

12. The term "Preservation Statues" refers collectively to ELIHPA and LIHPRHA.

13. The term "HOPE Act" refers to the Housing Opportunity Program Extension Act of 1996.

14. The term "plan of action" refers to a plan submitted pursuant to and in accordance with section 223 of ELIHPA or, alternatively, the section of LIHPRHA codified at 12 U.S.C. § 4107, regardless of whether the plan proposes to terminate low-income affordability restrictions, extend low-income affordability restrictions, or transfer the subject property to a qualified purchaser.

15. The term "use agreement" refers to an agreement to provide a project's owner any of the incentives authorized by section 224 of ELIHPA or, alternatively, to provide any of incentives authorized by that section of LIHPRHA codified at 12 U.S.C. § 4109.

16. Unless otherwise stated, this discovery request concerns the period from January 1, 1987 to December 31, 1997.

## INSTRUCTIONS

1. In responding to the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individuals executing plaintiff's answers to interrogatories.

2. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

4. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

5. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person

signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

6. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds for your objections.

7. Should you claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, you shall so state and describe such documents in the manner indicated above. You shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

8. When answering these interrogatories, please type the interrogatory, as well as your response or objection in accordance with all provisions of Rules 33 and 34 of the United States Court of Federal Claim.

9. With respect to each interrogatory response or part thereof to which you refuse to provide a response based upon a claim of privilege or protection, specify in detail the factual or legal basis upon which you rely in withholding the information. Your response should specifically state each privilege or protection upon which you rely in withholding a response and provide the content of the response in as much detail as is possible without revealing the privileged or protected matter.

10. If any material responsive to this request has been destroyed, state the reason for the destruction, date on which the material was destroyed, the person in whose possession, custody or control the material was when destroyed, and the person who destroyed the material.

11. To the extent that the answer to an interrogatory is being provided by the production of business records pursuant to RCFC 33(d), specify the title, date and Bates number of the business record from which the answer can be derived and the date upon which the record was produced.

12. These interrogatories are continuing in nature to the extent provided in RCFC 26. If at any time after responding to these requests plaintiff obtains additional responsive information, a supplemental response shall be furnished within 15 days of receiving such information.

## INTERROGATORIES

**INTERROGATORY NO. 9:**

For each of the subject properties, identify each and every study, analysis, evaluation or other assessment relating to prepayment or other options available under the Prepayment Statutes that was undertaken by, on behalf of, or with respect to the subject property between 1984 and 2000.

**Response:**

**INTERROGATORY NO. 10:**

For each of the subject properties, identify each statute, ordinance, regulation, contract or agreement – whether Federal, state, city, county, municipal or otherwise – that affected or could have affected the project owner's ability to raise rents if the subject property had prepaid its Government-insured mortgage between 1987 and 1997.

**Response:**

**INTERROGATORY NO. 11:**

For each subject property, state whether the property's owner concluded that it was futile to apply to prepay pursuant to the Preservation Statutes and, if so, identify the date upon which the owner reached this conclusion and state all facts upon which the owner's conclusions was based.

**Response:**

**INTERROGATORY NO. 12:**

Identify any person upon whom you expect to rely to establish that the plaintiffs' taking claims are ripe and, for each person, specify the subject properties about which the person is expected to testify.

**Response:**

**INTERROGATORY NO. 13:**

Identify any expert upon whom you intend to rely to establish that the plaintiffs' taking claims are ripe and, for each expert identified, state (i) the expert's full name, (ii) the subject areas upon which the expert is expected to testify, (iii) the subject properties about which the expert is expected to testify, (iv) the expert's qualifications, including but not limited to the expert's field of expertise, current occupation, and educational background, and (v) a summary of the expert's conclusions and opinions.

**Response:**

**INTERROGATORY NO. 14:**

Identify each person who assisted in preparing an answer to any interrogatories propounded by the United States and, for each person, specify the interrogatories and subject properties for which the person provided assistance.

**Response:**

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

April 24, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 24 day of April 2007, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Second Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena M. Goddard