# In the United States Court of Federal Claims

* * * * * * *

ALGONQUIN HEIGHTS, et al., *

Plaintiffs, * No. 97-582 C

v. * Filed: October 22, 2007

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

**ORDER**

We conducted a status conference on October 17 to discuss various discovery issues. These included the following:

> Defendant seeks additional contention interrogatories to assess plaintiffs' position regarding ripeness under ELIPHA and LIHPRHA, as it applies to each plaintiff. Plaintiffs argue that the responses to such inquiries would be burdensome and duplicative. Defendant's request for leave to serve Interrogatories twenty-four and twenty-five is GRANTED. The court admonished the parties to conduct discovery with a view toward maximum voluntary exchange of relevant information, and to keep in mind the costs to plaintiffs and defendant in time and resources.
>
> Plaintiffs served upon defendant a total of six Rule 30(b)(6) deposition notices for *Anaheim Gardens* and for *Algonquin Heights*. Defendant declined, claiming the notices were vague and overbroad; that providing 30(b)(6) witnesses for such purposes would be an undue burden and expense; that some of the information sought is privileged; that some of the information was irrelevant due to the recent Federal Circuit decision in *Cienega Gardens*; and that the depositions might violate the "one day of seven hours" rule.
>
> Claims of privilege should be made on the record as they arise. *See* RCFC 30(c) - (d)(1). The parties should file requests for protective orders prior to scheduled depositions. Plaintiffs are entitled to all available information related to their case through normal discovery channels. Defendant must provide appropriately

knowledgeable government officials and other current or former government employees, if any, so that plaintiffs may obtain the information necessary to present their case to the court. Defendant's refusal to provide such officials may result in various sanctions, including restrictions on the nature of defenses the Government may offer at trial.

Rules limiting depositions by hours and days are based on practical considerations that should be self-evident. Plaintiffs and defendant must conduct concise, well-organized, and economical depositions that serve the interests of both the parties and the witnesses. The parties may refer to RCFC 30(d) for resolving circumstances that create a need to extend depositions beyond one day. They may contact the court for further guidance if necessary.

The September 21, 2007 Order contains the schedule currently in effect. The parties should have completed document production, and they may be working on supplemental interrogatory responses. The September 21 schedule is reprinted below for the parties' convenience.

- The parties will serve supplemental interrogatory answers by November 2.
- Plaintiffs will conduct depositions on ripeness between November 5 and November 16, 2007.
- Defendant will conduct depositions on ripeness November 26 - December 7.
- Discovery closes on December 7, 2007.

IT IS SO ORDERED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge