**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO ANSWER QUESTIONS AND TO PRODUCE CERTAIN DOCUMENTS**

Pursuant to Rule 37(a)(2)(B) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiffs move for an order compelling the Defendant to produce a witness or witnesses to fully testify regarding the identity of any properties that were permitted to prepay their Government-insured mortgages under the Emergency Low Income Housing Act of 1987 ("ELIHPA") or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA"), including all of the facts and circumstances related to those properties and the prepayment. Additionally, Plaintiffs seek an order compelling the Defendant to produce a witness or

witnesses to testify about the processing of Plaintiffs' properties under ELIHPA and/or LIHPRHA. Plaintiffs also seek an order pursuant to Rule 37(a)(2)(A) compelling the Government to produce documents related to the properties that were allegedly permitted to prepay under ELIHPA and/or LIHPRHA. Finally, pursuant to Rule 37(a)(4)(A), Plaintiffs seek an order directing the Defendant to pay for the reasonable costs and expenses, including attorneys' fees, associated with Plaintiffs' bringing the instant motion.

Pursuant to Rule 37(a)(2)(B) of the RCFC, Plaintiffs certify that they have attempted in good faith to confer with Government counsel to resolve these matters prior to bringing the instant motion, but that those efforts were unsuccessful.

## BACKGROUND

**1. The Plaintiffs' Rule 30(b)(6) Depositions.** In August 2007, Plaintiffs served three separate Rule 30(b)(6) deposition notices on the Government. Shortly after the receipt of the notices, the Government stated that it believed that it would produce between four to six witnesses to testify regarding the notices. Accordingly, the parties agreed that a two week deposition period for the Plaintiffs to depose these witnesses would suffice. The Government asked the Plaintiffs for time to identify the actual individuals who would testify. Plaintiffs agreed, and gave the Government until October 12, 2007 to identify the actual witnesses.

On October 12, 2007, rather than identifying the promised four to six witnesses, the Government identified only two witnesses, and proceeded to raise extensive objections to all of the Rule 30(b)(6) notices. See Letter from David A. Harrington to Harry J. Kelly dated October 12, 2007, and attached hereto as Exhibit A. Plaintiffs responded to the Government's objections in a letter dated October 16, 2007. See Letter from Harry J. Kelly to David A. Harrington dated October 16, 2007, and attached hereto as Exhibit B. Specifically, Plaintiffs informed Mr.

Harrington that, in their view, the Government's objections to the Rule 30(b)(6) notices were either baseless and/or premature. Plaintiffs further informed the Government, among other things, that absent a protective order from the Court, they fully intended to question the Government's witnesses about all of the noticed subject matters.

**2. Judge Hodges' Warning to the Government.** On October 17, 2007, the parties had a conference call with Judge Hodges. During that call, the Rule 30(b)(6) deposition notice dispute was raised and significant time was spent discussing the Government's objections and Plaintiffs responses to those objections. Thereafter, Judge Hodges entered an order stating that the Plaintiffs "[were] entitled to all available information related to their case through normal discovery channels." See Order dated October 22, 2007, attached hereto as Exhibit C. Further, the Court instructed that, "[d]efendant must provide appropriately knowledgeable government officials and other current or former government employees, if any, so that plaintiffs may obtain the information necessary to present their case to the court." Id. Finally, Judge Hodges cautioned that, "[d]efendant's refusal to provide such officials may result in various sanctions, including restrictions on the nature of defenses the Government may offer at trial." Id. Notably, the Government never sought a protective order from the Court limiting any of the subject matters noticed in the Rule 30(b)(6) notices.[1]

**3. The Government's Designation of Mr. Barry.** Despite Judge Hodges' order, the Government did not alter its designation of Maurice Barry, a relatively low level HUD employee from the Boston field office, as the 30(b)(6) witness with respect to the majority of two of the three Rule 30(b)(6) notices. Specifically, Mr. Barry was designated to testify about subject

[1] Revised Rule 30(b)(6) deposition notices were served on October 19, 2007, in part, to add more clarity for the Government. The subject matters pertinent to the instant motion did not change between the original notice and the revised notice.

matters 1-6 of the notice attached hereto as Exhibit D, and subject matters 1-4 of the notice attached hereto as Exhibit E. At the heart of the issue in the instant motion is subject matter number three in Exhibit D, and subject matter number 1 in Exhibit E. Subject matter number three in Exhibit D seeks a witness to testify about "[t]he identity of any properties that were permitted to prepay under ELIHPA or LIHPRHA, and all facts and circumstances related to those properties and the prepayment." Given the Government's position that it was not futile for the Plaintiffs' to attempt to obtain HUD's approval to prepay their mortgages, it is essential for Plaintiffs to obtain full discovery with respect to any properties that, according to the Government, actually were allowed to prepay under either ELIHPA or LIHPRHA. Subject matter number one in Exhibit E seeks a witness to testify about "[HUD's] processing of prepayment and other requests under ELIHPA and/or LIHPRHA for the Plaintiffs and subject properties listed in Exhibits A and B."

**4. Mr. Barry's Inability to Testify.** Unfortunately, Mr. Barry proved to be unable to provide full and authoritative testimony on all of the designated subject matters. Specifically, at the start of his deposition on November 9, 2007, Mr. Barry testified that because he had no personal knowledge of any prepayments under ELIHPA or LIHPRHA, his testimony about subject matter number three in Exhibit D was "cloudy." See Deposition Transcript of Maurice Barry, dated November 9, 2007, ("Barry Deposition I") at p.14, line 21 through p. 17, line 6, attached hereto as Exhibit F. When asked who could testify about subject matter number three if not him, Mr. Barry said that it was potentially someone in Washington at HUD's headquarters. Id. at p 17, line 14 through p. 18, line 20. Mr. Barry further testified that he was aware that Joseph Malloy had given "a certification" with regard to how many properties had applied for prepayment and how many had been permitted to prepay, but that "other than that" he was "not

sure."[2] Id. Even more specifically, he testified that he was not "intimately aware" of the Malloy declaration or a "particular project" that had been permitted to prepay. Id. at p. 154, line 22 through p. 155, line 14. In other words, on November 9th, Mr. Barry never mentioned possessing knowledge about any of the three properties allegedly permitted to prepay under either ELIHPA or LIHPRHA, including one known as Parc Chateau West.[3] Indeed, his testimony on November 9th plainly suggested that he was unaware of this property – a fact which Plaintiffs later learned was not true. Moreover, although the Government's counsel knew that he had prepared Mr. Barry just days before to testify about Parc Chateau West, he took no action during the November 9th deposition to correct or clarify Mr. Barry's testimony on this subject.

It was not until Mr. Barry's second day of deposition testimony on November 14, 2007, that he admitted to knowing about Parc Chateau West.[4] See Deposition Transcript of Maurice Barry, dated November 14, 2007 ("Barry Deposition II"), at p. 212, line 13 through p. 228, line 7 attached as Exhibit G. Even then, he only did so in response to a direct question from Plaintiffs' counsel. To make matters worse, although Mr. Barry finally acknowledged on November 14th that he knew about Parc Chateau West, he provided no substantive answers to any specific

---

[2] In response to the Plaintiffs' October 2006 interrogatory asking for this same information, the Government served a response in June 2007, attaching a 1997 declaration from a Joseph Malloy, then HUD's Deputy Director of the Existing Products/Preservation Division. In that declaration given in connection with Greenbrier v. United States, Mr. Malloy asserted that eight properties had applied to prepay their mortgages under ELIHPA or LIHPRHA, and that three had been permitted by HUD to do so. None of the three properties were named. The Government has been on notice since Plaintiffs received that response that Plaintiffs wanted more detailed information about all eight of the properties. Mr. Malloy's declaration is included Exhibit E to Plaintiffs' October 16th letter to Mr. Harrington which is attached hereto as Exhibit B.

[3] The Government's identification of Parc Chateau West did not occur, disturbingly, until the Government served a supplemental interrogatory response on November 2, 2007, despite the fact that the Government was aware of the name of Parc Chateau West as early as June or July of 2007. See Deposition Testimony of Franca Hetue dated November 14, 2007, at p. 59, line 3 through p. 61, line 15 attached hereto as Exhibit H.

[4] Prior to acknowledging on November 14th that he knew about Parc Chateau West, Mr. Barry was asked directly whether his testimony had changed since the prior Friday, November 9th, with regard to any of the 30(b)(6) subject matters about which he intended to testify. He said no. See Barry Deposition II at p. 207, line 22 though p. 208, line 4.

questions about that property and its alleged prepayment. Id. He stated that he could not do so because he could not recall any specifics without being shown documents. Id. at p. 219, line 17 through p. 220, line 3; and p. 224, line 20 through p. 227, line 1. However, it was impossible for Plaintiffs' counsel to show him any documents related to Parc Chateau West, since as Plaintiffs learned during the deposition, those documents were not produced to Plaintiffs.[5] See id. at p. 220, line 19 through p. 222, line 20. As a result, Plaintiffs were unable to obtain any substantive testimony regarding subject matter three from Mr. Barry, despite the fact that he was the designated representative on the subject matter.

**5. Plaintiffs obtain information concerning other properties that allegedly prepaid only from other witnesses.** Plaintiffs' counsel learned through the depositions of two other Government witnesses, who Plaintiffs only noticed as individuals after the Government failed to name them as Rule 30(b)(6) witnesses, that the two other properties referenced in the Malloy declaration may be located in Madison Wisconsin and St. Louis, Missouri. Specifically, Mr. Michael Winiarski, a current HUD employee in Washington, D.C., testified that he believed that one property that was permitted to prepay under either ELIHPA or LIHPRHA was located in Madison, Wisconsin. See Deposition Transcript of Michael Winiarski dated November 13, 2007 at p. 145, line 21 through p. 146, line 8; p. 172, lines 13-21; p. 232, line 17 through p. 235, line 1 attached as Exhibit I. Further, Mr. Mulholland, another current Washington, D.C. based HUD employee, testified that he believed that a property in St. Louis had been permitted to prepay under either ELIHPA or LIHPRHA. See Deposition Transcript of Kelly Mulholland dated November 16, 2007, at p. 70, line 20 through p. 73, line 22 attached as Exhibit J. Indeed, Mr. Mulholland referred Plaintiffs to Sue Warner, a mortgage credit examiner in the St. Louis office

[5] To date, despite multiple requests, those documents still have not been produced by the Government.

as person potentially possessing information about this issue. Id. Despite this knowledge in the possession of two current Government employees, Mr. Barry, the Government's designated Rule 30(b)(6) witness on the subject matter of any properties that allegedly were permitted by HUD to prepay their mortgages under either ELIHPA or LIHPRHA, was unable to offer any testimony regarding either of the two properties. See e.g., Barry Deposition II at p. 227, line 22 through p. 228, line 4.

**6. Mr. Barry failed to provide other testimony required by the Plaintiffs' Rule 30(b)(6) notices.** With regard to the second Rule 30(b)(6) notice, Mr. Barry stated on the record that he could only testify in a limited manner about subject matters two through four, and that he would not testify at all about subject matter number five. Barry stated, however, that he was prepared to testify about subject matter number one which related to the actual processing of Plaintiffs' properties under ELIPHA and LIHPRHA. Despite that assertion, when asked a series of questions about several properties that were used as examples of ELIHPA processing, Mr. Barry was unable to offer any substantive information about the lengthy delays associated with that processing. Indeed, on no less than four occasions, Mr. Barry stated that he was unable to answer Plaintiffs' questions and suggested that Plaintiffs obtain information from a HUD employee in the relevant North Carolina field office. See, e.g., Barry Deposition II at p. 308, line 12 through p. 312 line 5; p. 318, line 11 through p. 322, line 8; p. 324, line 19 through p. 327, line 6; p. 331, line 3 through p. 333, line 18. Similarly, Mr. Barry was unable to testify about the ELIHPA processing related to several Indiana based properties. See e.g., Id. at p. 416, line 10 through p. 420, line 16. He again testified that to obtain the requested information, Plaintiffs should be asking questions of someone from the HUD Indiana field office. Id.

**7. <u>Documents related to Parc Chateau West.</u>** As noted above, Plaintiffs only learned about the existence of documents related Parc Chateau West during Mr. Barry's testimony on November 14, 2007. When the issue first arose, the Government's counsel stated on the record that he was not sure whether the Parc Chateau West documents were produced to Plaintiffs. See Barry Deposition II at p. 220, line 11 through p. 221, line 4. Thereafter, he argued that non-production of the documents was defensible because he was not obligated to produce every document used to prepare Mr. Barry for his testimony. Id. at p. 222, lines 1-12. When Plaintiffs' counsel pointed out that the documents were in fact responsive to a document request served by Plaintiffs in October 2006, Mr. Harrington then responded that "[i]f there have been any documents that we have – that have not been produced that are responsive to a discovery request, we will look into it, and we will make sure they are produced." Barry Deposition II at p. 222, lines 13-20.

In an email dated November 15, 2007, Plaintiffs again requested that Mr. Harrington provide the Parc Chateau West documents prior to the start of Mr. Mulholland's deposition on Friday, November 16, 2007. See Email from Alycia A. Ziarno to David A. Harrington attached as Exhibit K. Mr. Harrington appeared for that deposition but did not bring the documents. He, with agreement voiced by HUD's agency counsel, stated that they did not have access to the Parc Chateau West documents since the documents were apparently located in Boston where they were previously used in preparing Mr. Barry for his testimony. More specifically, Mr. Harrington asserted that the first time he saw the documents was when they were faxed to him during Mr. Barry's preparation in Boston. If true, that fact would render his prior assertion on the record two days earlier on November 14th – i.e., that he did not know if the records had been

produced – incorrect, because he knew that he had not produced documents that he had only first seen a few days before. In any event, to date, the records have not been produced to Plaintiffs.

These facts indicate several things. First, that the Government's repeated objections that it was impossible and/or unduly burdensome for it to search for information, and prepare a witness to answer questions about the properties identified in the Malloy Declaration were the product of insufficient diligence or a gross overstatement since the Government was aware of the name of Parc Chateau West as early as June or July of 2007, and possessed accessible documents relevant to the property somewhere in the Government's files. Second, that the testimony of Mr. Barry, who contended he could not recall the details of the alleged prepayment by Parc Chateau West even though he had been prepared with documents related to it, is insufficient to satisfy the requirements of Rule 30(b)(6). And finally, that there are serious questions about exactly what documents the government possesses concerning not only Parc Chateau West, but any other properties that allegedly were permitted to prepay their mortgages under ELIHPA or LIHPRHA, the extent and number of those documents, and what happened to any missing or destroyed records such as those Ms. Hetue was unable to locate in June or July of 2007.

## ARGUMENT

### 1) The Government Is Obliged To Produce A Rule 30(b)(6) Witness Who Can Respond To the Plaintiffs' Legitimate Discovery Requests.

Rule 30(b)(6) of the RCFC requires a party, including the Government, to provide a witness or witnesses to testify on its behalf in a deposition about matters identified with reasonable particularity. If a designated representative does not have personal knowledge of the subject matters to be covered, the entity producing the witness has an obligation to familiarize and prepare the witness so that he or she can testify fully. See e.g., Starlight Int'l v. Herlihy, 186 F.R.D. 626, 638-40 (D. Kan. 1999). A representative who appears at a Rule 30(b)(6) deposition

who provides evasive or incomplete answers does not satisfy the knowledgeable witness requirement. See RCFC 37(a)(3); see also Fox v. Morris Jupiter Assoc., 2007 U.S. Dist. LEXIS 70880, at *6-7 (S.D. Fla. 2007).

Here, as plainly set forth above, the Government failed to produce a witness who could fully testify about subject matter number three in Exhibit D (i.e., the identify of properties allegedly permitted to prepay their HUD-insured mortgages under ELIHPA or LIHPRHA) and subject matter number one in Exhibit E (i.e., HUD's processing of the Plaintiff's properties under ELIHPA and LIHPRHA). First, Mr. Barry evaded answering questions about Parc Chateau West by relying on the Plaintiffs' lack of documents which resulted directly from the Government's failure to produce those documents to the Plaintiffs. Moreover, he was not prepared at all to testify about the properties located in Madison, Wisconsin and St. Louis, Missouri that were identified by two other current Government employees.

The Government's inadequate preparation and lack of diligence in investigating the facts underlying the subject matters at issue is particularly egregious in light of Judge Hodges' order of October 22, 2007, and the absence of an appropriate protective order obtained in advance of Mr. Barry's deposition. Apparently, despite Judge Hodges' order, the Government maintains an erroneous belief that the unilateral objections set forth in Mr. Harrington's October 12, 2007 letter, and repeated on the record at Mr. Barry's deposition, were somehow sufficient to preclude the witness from having to fully testify pursuant to the Rule 30(b)(6) notices. However, so long as the Government contends that it was not futile for the Plaintiffs to attempt to prepay their mortgages, any and all documents and testimony relating to any properties that allegedly were permitted to prepay are squarely relevant and must be provided by the Government.

Moreover, as is plain from the record, Mr. Barry's testimony regarding processing of ELIPHA and LIHPRHA applications was plainly deficient. Even Mr. Barry admitted several times on the record that he could not fully testify about the matters being asked about. Indeed, he suggested at least four times that there were other better sources for the information sought. The Government should have known that it was not proper to tender Mr. Barry as its sole 30(b)(6) representative only to have him testify that someone else within the Government was more knowledgeable about the subject matter about which he was tendered. Again, the Government appears to have proceeded under the mistaken belief, and notwithstanding Judge Hodges' order, that its unilateral objections shielded its witness from having to answer questions about subject matters directly relevant to this case and for which there is no protective order in place.

**2) The Government Must Provide Documents Related To The Properties That Allegedly Prepaid and Must Explain Any Lost or Destroyed Documents.**

With regard to the documents related to Parc Chateau West as well as any other properties that allegedly were permitted to prepay under ELIHPA or LIHPRHA, Plaintiffs' document requests were served on the Government on October 27, 2006. See Plaintiffs' First Request for Production of Documents attached as Exhibit L. Request No. 3 asks for "all documents. . . describing, discussing, mentioning, relating to or concerning the ability of an owner to prepay a Government insured mortgage on any insured property pursuant to the Preservation Statutes which was a defined term that included both ELIHPA and LIHPRHA. Further, in Instruction No. 3, Plaintiffs specifically requested that for responsive documents that were known to have existed, but that could not be located, or that had been destroyed, or discarded, the Government was to provide the name of the author of the document, the date of the document, the recipient of the document, and to summarize the content of the document.

Documents related to Parc Chateau West or any other properties that allegedly were permitted to prepay are within the scope of both Request No. 3 and Instruction No. 3

First, any document related to Parc Chateau West's prepayment is plainly a document that "relates to or concerns the ability of an owner to prepay a Government insured mortgage on an insured property" under either ELIHPA or LIHPRHA. It is disingenuous for the Government to argue otherwise. As a result, the Government should have produced the Parc Chateau West documents referred to by Mr. Barry during his November 14th testimony in response to the Plaintiffs' October 2006 requests. To date, the Government has offered absolutely no explanation about why these documents were not discovered until November 2007 when they should have been produced in response to Plaintiffs' October 2006 requests. Further, no explanation has been offered about the circumstances surrounding how and where they were ultimately located. As previously noted, Ms. Hetue testified at her November 14th deposition that she could not locate these documents when she looked for them in June or July of 2007, at least 10 months after they were requested by Plaintiffs' document requests. However, apparently, someone, somewhere in the Government had possession of some relevant Parc Chateau West documents, and the Government eventually figured that out. The Plaintiffs are entitled to full disclosure about how, when and where the documents were located. Moreover, pursuant to Instruction No. 3, the Government owes Plaintiffs an explanation about any missing documents, and more specifically, about what happened to the documents that Ms. Hetue testified did at one time most certainly exist.

## CONCLUSION

In sum, the Government fell woefully short of its obligation to produce a proper Rule 30(b)(6) witness when it produced Mr. Barry to testify about subject matter number three in

Exhibit D and subject matter number one in Exhibit E. Not only was Mr. Barry not prepared to testify about matters upon which he was allegedly prepared, but he was not prepared to answer fairly basic questions clearly within the scope of the subject matters at issue. Consequently, Plaintiffs request an order compelling the Government to produce a witness or witnesses capable of fully testifying about subject matter number three in Exhibit D and subject matter number one in Exhibit E at a mutually convenient time. In addition, Plaintiffs request an order compelling the Government to (1) produce any and all records related to the Parc Chateau West as well as any other properties allegedly permitted to prepay under either ELIHPA or LIHPRHA, and (2) to provide Plaintiffs with a full explanation about the timing, the manner and the circumstances surrounding the recent discovery of the documents that do exist, and the destruction or loss of the documents that no longer exist. Finally, in light of Defendant's conduct in this regard, pursuant to Rule 37(a)(4)(A), Plaintiffs request that the Government be directed to pay for Plaintiffs' reasonable costs and expenses, including attorneys' fees, in bringing the instant motion.

Dated: December 7, 2007

NIXON PEABODY LLP

__________s/ Harry J. Kelly__________

Harry J. Kelly
401 9th Street N.W., Suite 900
Washington, D.C. 20004
(202) 585-8712
Attorneys for Plaintiffs