EXHIBIT F





IN THE UNITED STATES COURT OF FEDERAL CLAIMS

\- - - - - - - - - - - - - - x
ANAHEIM GARDENS, et al., :
Plaintiffs, :
V. : No. 93-655 C
THE UNITED STATES, :
Defendant. :
\- - - - - - - - - - - - - - x
ALGONQUIN HEIGHTS, et al.,:
Plaintiffs, :
V. : No. 97-582 C
THE UNITED STATES, :
Defendant. :
\- - - - - - - - - - - - - - x

Deposition of MAURICE BARRY

Washington, D.C.

Friday, November 9, 2007

9:40 a.m.

Reported by: TRISTAN-JOSEPH, RPR

Q. Okay. And if I refer to that Act as the HOPE Act, you'll understand that abbreviated --

A. I will.

Q. -- terminology?

A. I will.

Q. By the way, during the position I might refer to ELIHPA and LIHPRHA or Title II or Title VI together as the Preservation Statutes.

And will you understand that abbreviated terminology?

A. I will.

Q. And throughout the course of the deposition, if I'm asking you questions about a statute and you're not clear which one I'm asking about, please ask me to clarify that because it will be important today, as we discuss the various statutes, that your answers relate to either Title II and Title VI, or whether they're the same, you can indicate that as well. Okay?

A. Okay.

Q. Let's start with -- I'm going to show you what is going to be marked as Exhibit 1.

If you could just take a moment and just look this document over when you receive it. I have a couple of questions for you about it.

(Barry Deposition Exhibit No. 1 was marked for Identification.)

(Witness reviews document.)

THE WITNESS: Okay.

BY MS. ZIARNO:

Q. Have you seen this document before?

A. Yes, I have.

Q. Okay. You see that on the second page of it there's six subject matters?

A. Yes.

Q. Could you tell me which of those you're here to testify about today.

A. I believe number one.

MR. HARRINGTON: I can go ahead and answer this. Mr. Barry is going to testify about all six subject areas on this Deposition Notice, but, of course, he's going to be testifying subject to the objections that we've previously asserted. I don't anticipate that that will pose any

problems.

You know, for instance, we assert an objection to the last subject area, because we didn't have the knowledge about who was doing the drafting and the development of various forms.

You can ask Mr. Barry about that, but I think, you know, you'll find out exactly what I'm saying.

MS. ZIARNO: Exactly. And we get to objections as we go through the testimony.

BY MS. ZIARNO:

Q. And I would like, on the record, though, for you to state, as the witness, which of these six subject areas you're going to be prepared to testify about today.

A. Number one, number two.

Three is cloudy because it says, "The identity of any properties that were permitted to prepay under ELIHPA and LIHPRHA, and all facts and circumstances relating to those properties and the prepayment."

I did not have any personal knowledge of

any prepayments under ELIHPA or LIHPRHA.

Number four, you know, number four could fall into that same issue, other than understanding what the criteria and methodology might be, even though I had no personal experience with any properties that prepaid.

Number five -- I can speak to number six, although, as my counsel has stated, you know, I'm not aware of who drafted, you know, the specific notices and handbooks and that type of thing --

Q. If I could --

A. -- relating to those statutes.

Q. Thank you.

If you could look at the top of this page where it states that, Pursuant to Rule 30(b)6, "you," in this case, meaning the "government," shall designate the most knowledgeable person or persons to testify on behalf -- on its behalf as to the following subject matters, and then we go through the six that we just talked about.

Who would you direct us to as the most

knowledgeable person or persons with respect to number three, if it's not you?

MR. HARRINGTON: Object. It's vague, and that we've asserted the objections as to number three.

To the extent that you have any answer to that, you can go ahead and answer.

THE WITNESS: You know, potentially, it could be somebody in Washington. I'm not sure -- in Washington headquarters, you know, is what I mean by that, I'm not exactly sure who remains in headquarters, who, you know, was aware of properties that had prepaid.

I understand that, at one point in time, Joseph Malloy, who was, I believe, at the time, the Assistant Development Director in Washington, gave a certification with regards to how many properties had come in for prepayment and how many properties actually prepaid.

Other than that, I'm not sure.

BY MS. ZIARNO:

Q. Okay. And the same question with

A. And that's why I say mainly. I don't recall it ever being used for Title II because it was just different ways in which we expressed to the owners what those values were and they weren't done beforehand. They were done at the time of the POA. I mean, at the time of preliminary approval of the POA.

So some of the same information may wind up in a letter but not in this form.

Q. In the course of processing under Title II or Title VI, did you ever rely on Federal Register notices?

A. Federal Register, yes. I wouldn't term them notices, but I refer to them as the Federal Register.

Q. So you've read a Federal --

A. Sure.

Q. -- Register --

A. Sure.

Q. -- section before?

A. Sure.

Q. And I apologize if you've already

answered this question, but did you ever process a Plan of Action under Title II that requested prepayment and termination of the affordability restrictions?

A. No.

Q. Did the Boston office?

A. Not that I'm aware of.

Q. Are you aware of HUD ever processing such an application?

A. Not with project names or anything like that, no. I believe it's been done based on the certification, if you will, from Joe Malloy, but I'm not intimately aware of that -- of a particular project.

Q. Let's turn to Title VI for a few minutes.

What guidance did use under Title VI for processing?

A. 4350.6.

Q. The infamous large handbook I have here under the table that I was hoping not to have to get to.