**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO**
**RESPOND TO PLAINTIFFS' REQUEST FOR ADMISSIONS NOS. 8 AND 9**

Pursuant to Rule 36(a) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiffs move for an order compelling the Government to answer Plaintiffs' Requests for Admissions Nos. 8 and. 9. The responses served by the Government contain only objections and superficial denials to these requests, which address important factual issues in the above-captioned cases. Despite a request to do so, the Government has refused to supplement its insufficient responses.

## BACKGROUND

In October 2007, the Plaintiffs served their First Requests For Admissions (the "Requests," excerpted at Exhibit A hereto). Request for Admission No. 8 asked for an admission with respect to the outcome of the so-called "windfall profits test":

> Admit that if the windfall profits test provided sec. 222(c) of LIHPRHA indicated that an inadequate supply of decent, affordable housing existed in the rental market of any of the Subject Properties, that property would not be eligible to prepay its Government insured mortgage.

In its response, the Government objected to the Request on the ground that it was "vague and unclear." It further objected to the Request on the ground that it sought a legal conclusion. On the basis of those objections, the Government then denied the Request:

> Defendant objects that plaintiff's reference to "the windfall profits test provided [in] sec[tion] 222(c) of LIHPRHA" is vague and unclear. LIHPRHA was enacted as Title VI of Pub. L. No. 101-625, 104 Stat. 4259 (Nov. 28, 1990). The first Section Number in Title VI of Pub. L. No. 101-625 is section 601. Defendant is unaware of any discussion of "windfall profits" in section 222(c) of LIHPRHA. Defendant further objects that the requested admission seeks a legal conclusion. Accordingly, the request for admission is denied.

Defendant's Response to Plaintiffs' First Request for Admission ("Responses," excerpted at Exhibit B hereto).

Request for Admission No. 9 sought factual admissions concerning whether prepayment of the Plaintiffs' HUD-insured mortgages would have had an adverse impact on the availability of affordable housing.

> Admit that with respect to each of the Subject Properties, there was an inadequate supply of decent, affordable housing in the rental market of each Subject Property at the time it became eligible to prepay its Government insured mortgage.

<u>See</u> Exhibit A. The Government's response consisted of nothing more than objections to the form of the Request and a perfunctory denial:

> Defendant objects that the request for admission is vague and unclear because it neither defines the terms used in the request nor provides a context for those

> terms. It is unclear, for example, what constitutes an inadequate supply of housing, what constitutes "decent, safe, affordable" housing, and what constitutes the pertinent "rental market" for the subject properties, as those terms are used in this request. Accordingly, the request for admission is denied.

Responses, at Response to Request No. 9 (Exhibit B).

On December 4, 2007, the Plaintiffs' counsel wrote to the Government's counsel, asking him to supplement the Government's Responses to both Request No. 8 and Request No. 9. See Email to David Harrington from Harry Kelly dated December 4, 2007 (Exhibit C hereto). In that email, Plaintiffs' counsel pointed out, among other things, that the Plaintiffs' expert report addressed the windfall profits test underlying Requests Nos. 8 and 9, and that the discussion within that report may have clarified any misunderstanding the Government had concerning the information sought by the Requests. Nevertheless, the Government's counsel stood by the Government's original Responses and declined to provide any further supplementary response. Email to Harry Kelly from David Harrington dated December 5, 2007 (Exhibit D hereto).

## ARGUMENT

The Responses made by the Government to Requests Nos. 8 and 9 are insufficient based on the plain language of the RCFC. Under RCFC 36(a):

> The answer [to an admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

RCFC 36(a). As noted above, the Responses served by the Government consist of nothing more than general objections to the alleged vagueness and clarity of the language used in the Plaintiffs' Requests followed by perfunctory denials. In other words, contrary to RCFC requirements, the Responses are not denials on the basis of any fact. Rather, the Responses are denials made solely with reference to the general objections.

Moreover, the Government's general objections are not even well-founded. The Requests as stated are clear and unambiguous. Request No. 8, for example, asks for information concerning the application of the windfall profits test, which was found in Section 222(e) of the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").[1] This Request seeks a simple factual admission about whether a determination under the windfall profits test that an inadequate supply of decent, safe, affordable housing exists in a local rental market would mean that the property could not prepay its mortgage under LIHPRHA. This does not seek a legal conclusion as the Government contends. Nonetheless, even if the Request sought the application of facts to a legal issue, that is not an appropriate ground upon which to refuse to answer the request.

Similarly, the Government's objections to Request No. 9 are not well-founded, because the Request as stated was clear and unambiguous. The impact of prepayment on the availability of affordable housing is a central issue in this case. Under both the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA") and LIHPRHA, HUD was required to deny an owner's application to prepay its mortgage if, among other things, prepayment reduced the availability of affordable housing in the local market area. See ELIHPA §225(a), 12 U.S.C. § 1715l, and LIHPRHA, 12 U.S.C. § 4108(a). At least since the Federal Circuit's decision in Cienega Gardens v. United States, 265 F.3d 1237, 1246 (Fed. Cir.2001), the Government has been aware that these provisions "set[] forth strict numerical criteria that must be met before HUD may exercise any discretion it has to approve prepayment requests," including criteria

1 Request No. 8 inadvertently identified the pertinent provision of LIHPRHA as Section "222(c)," rather than Section 222(e). We regret the typographical error, but find it incredible that the Government would rely on it to contend that the Request was "vague and unclear." HUD's regulations, which the Government should be aware of, clearly provide that the windfall profits test is located at Section 222(e) of LIHPRHA. See 57 Fed. Reg. 12064 (April 8, 1992) (Exhibit E hereto). Thus, the Government cannot seriously contend that it was unable to understand the reference to the windfall profits test included in Request No. 8.

concerning the impact of prepayment on the availability of affordable housing. As a result, information relating to the availability of affordable housing is critical to the issue of ripeness, and a request for admission is an appropriate tool to request this information. Again, it is disingenuous for the Government to contend that it does not understand the nature of the factual matters addressed in Request No. 9 or the language used by the Plaintiffs to obtain that information.

In sum, instead of confronting the Request directly, and "fairly meet[ing] the substance of the requested admission," the Government has asserted that the language of Request No. 9 is "vague," and otherwise generally objectionable, and denied the Request solely on the basis of those objections. Such conduct is directly at odds with the Government's duty under RCFC 36(a). The rules do not require a party to attach a dictionary to their discovery requests, or to parse the requests to satisfy the opposing party's quibbles when the language used is plain English.

## CONCLUSION

Accordingly, pursuant to RCFC 36(a) the Court should conclude that the Government's responses to Requests Nos. 8 and 9 are not sufficient, and direct the Government to provide full and sufficient responses immediately. Alternatively, the Court should enter an order pursuant to RCFC 36(a) deeming the matters set forth in Requests Nos. 8 and 9 admitted.

Dated: December 7, 2007

NIXON PEABODY LLP

s/ Harry J. Kelly
Harry J. Kelly
401 9th Street N.W., Suite 900
Washington, D.C. 20004
(202) 585-8712
Attorneys for Plaintiffs