**From:** Kelly, Harry [HKELLY@nixonpeabody.com]
**Sent:** Wednesday, December 05, 2007 4:48 PM
**To:** Harrington, David (CIV)
**Subject:** Follow-Up Re Parc Chateau Etc
David --

As you might recall, during Maurice Barry's deposition on November 16th, Mr. Barry was unable to answer questions about Parc Chateau West. In addition, he testified that he had reviewed documents related to Parc Chateau West in preparation for his deposition that were not produced to us as part of the Government's production (so far as we are aware, and if we are incorrect on that point, please advise). As the Government's 30(b)(6) witness regarding "[t]he identity of any properties that were permitted to prepay under ELIHPA and LIHPRHA, and all facts and circumstances related to those properties and the prepayment," Mr. Barry should have been able to answer question about Parc Chateau West. In addition, he should have been prepared to testify about the other two properties that have been identified on the record as properties allegedly permitted to prepay under ELIHPA and LIHPRHA - one in Madison, Wisconsin (raised by Michael WIniarski) and one in St. Louis, Missouri (raised by Kerry Mulholland). Please let us know no later than 5 p.m. tomorrow if you are willing to tender a witness or witnesses to testify as to the subject matter above, including specifically, Parc Chateau West, the property in Madison, Wisconsin and the property in St. Louis, Missouri. In addition, please let us know if you intend to produce the documents related to Parc Chateau West and, to the extent they exist, for the other properties in Wisconsin and St. Louis. I hope we can reach agreement on this matter. For the record, under Rule 30 of the RCFC, we have an obligation to confer with you in good faith prior to moving to compel answers. This is our attempt to do so.

Mr. Barry was also unable to testify substantively about several of the Thetford properties that were processed in North Carolina. Indeed, during his deposition, on four separate occasions, he testified that someone in the North Carolina Field Office, not him, would be the person to ask about the processing of the properties. Similarly, Mr. Barry was unable to fully testify about the the processing of several Indiana properties and he directed us to speak to someone in the Indiana Field Office. Again, this is our attempt to confer in good faith to see if the Government will agree to produce a witness or witnesses to address these subject matters which were plainly part of the 30(b)(6) notices served on the Government.

Please let me know no later than 5 p.m. tomorrow how you intend to proceed with regard to these subject matters. HJK

**Harry J. Kelly**
Partner

Nixon Peabody LLP
401 9th Street NW
Suite 900
Washington, DC 20004-2128
P (202) 585-8712
F (202) 585-8080
hkelly@nixonpeabody.com
www.nixonpeabody.com

To ensure compliance with IRS requirements, we inform you that any federal tax advice contained in this communication (including any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (including any attachment).

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you.