**From:** Kelly, Harry [HKELLY@nixonpeabody.com]
**Sent:** Thursday, December 06, 2007 12:09 PM
**To:** Harrington, David (CIV)
**Subject:** David Harrington

**Attachments:** David Harrington Letter Dated December 5, 2007.PDF
David --

This is the letter that should have accompanied the email message I sent you last night. I had asked for a response about the documents discussed in this letter by 5 p.m. tonight. Under the circumstances, if you could let me know by noontime tomorrow how you intend to proceed, I would appreciate it. Thanks! HJK

**Harry J. Kelly**
Partner

Nixon Peabody LLP
401 9th Street NW
Suite 900
Washington, DC 20004-2128
P (202) 585-8712
F (202) 585-8080
hkelly@nixonpeabody.com
www.nixonpeabody.com

To ensure compliance with IRS requirements, we inform you that any federal tax advice contained in this communication (including any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (including any attachment).

This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you.

NIXON PEABODY LLP
ATTORNEYS AT LAW

401 9th Street N.W.
Suite 900
Washington, DC 20004-2128
(202) 585-8000
Fax: (202) 585-8080

Harry J. Kelly
Direct Dial: (202) 585-8712
E-Mail: hkelly@nixonpeabody.com

December 5, 2007

**VIA ELECTRONIC MAIL/U.S. POSTAL SERVICE**

Mr. David Harrington
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, Room 12136
Washington, DC 20530

**Re: Anaheim/Algonquin Litigation -- Document Exceptions**

Dear David:

In your letter to me dated November 15, 2007, you asked me to provide you with a list of the documents that we believe were omitted from the Government's document production, in light of the testimony of the Government's ripeness witnesses in the weeks before Thanksgiving. Before I could do so, I needed to obtain the relevant deposition transcripts, to assist in identifying the documents. The following documents were identified during the depositions I took and should be produced by the Government, if they have not already been produced:

1. **Documents relating of impact of NYC rent stabilization law.** According to Kevin McNeely, he produced two documents that analyzed the impact of certain New York City rent stabilization laws for purposes of performing valuations of properties under the Preservation Statutes. *See* McNeely Transcript at 15 *et seq*. We have not been able to locate Mr. McNeely's documents in the materials produced to us (at least, we have not been able to locate any such documents bearing Mr. McNeely's name). To the extent that the government has not done so, please provide a copy of those documents to us.

2. **Region 9 processing database.** Mr. Vitek described a database that he maintained in his position as Program Analyst in the Region 9 Regional office from 1990 until the regional office was eliminated in May 1995. *See* Vitek Transcript at 47 et seq.

Mr. Vitek claimed that the actual computerized database does not exist, but it appeared that hard copies may be available. Please confirm whether the databases and any other documents related to the database are available.

3. **Materials relating to HUD training sessions.** Mr. Vitek described a number of ELIHPA and LIHPRHA training sessions for HUD employees that took place between the summer of 1992 and August 1994. *See* Vitek Transcript at 191 – 193. Mr. Vitek stated that, although he did not retain them, there were written materials prepared for those sessions. Please confirm whether these materials are available from another source, and if so, provide them to us.

4. **Preservation Division database/Winiarksi documents.** Mr. Winiarski described a database apparently containing records of the processing status of all properties processing under the Preservation Statutes. *See* Winiarski Transcript at 29. Mr. Winiarski stated that he turned over that database when he left the Preservation Division. *Id.* at 34. Please confirm whether this database exists in hard copy or digital form, and if so, provide a copy of the database to us and any other relevant documents. Mr. Winiarski indicated that he did not receive any request to preserve documents but passed all of his documents along to the Multifamily Housing staff when he left the Preservation Division. *Id.* at 61-62. Again, please confirm that responsive documents from these files were provided to us, and if not, please do so.

5. **Franca Hetue documents.** Ms. Hetue indicated that she had also kept a timeline for processing properties at her office and said that she produced that to attorneys in connection with the litigation. *See* Transcript at 89-90. We have been unable to locate that timeline in our files. She also indicated that she received a request to produce files related to the Parc Chateau West property. Although such documents should have been in the office files, they were no longer there. As requested in my prior email to you, please provide copies of responsive materials relating to Parc Chateau West, as well as those relating to the properties that prepaid in Madison, Wisconsin (according to Mr. Winiarski) and St. Louis, Missouri (according to Mr. Mulholland).

It is possible that some of these materials may have been produced but we have been unable to locate them in our files. If you believe they were produced, please provide the Bates ranges to locate them. To the extent that the documents have not been produced, please let us know by 5 p.m. on Thursday, December 6, 2007 whether you intent to supplement your production to provide them to us. In addition to the materials requested here, there were a number of occasions during depositions taken by Ms. Ziarno that you stated on the record that you would provide Plaintiffs with documents and/or information about documents. Please let me know by 5 p.m. on Thursday, December 6, 2007 when you intend to produce those materials.

Please call me if you have any questions.

Very truly yours,

Harry J. Kelly

cc: Alycia A. Ziarno, Esq.