**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER QUESTIONS CONCERNING DOCUMENT RETENTION AND PRODUCTION MATTERS**

Plaintiffs seek "an order compelling the Defendant to produce a witness or witnesses to fully testify regarding the document retention practices and policies of the U.S. Department of Housing and Urban Development." Pls. Mot. at 1. Because plaintiffs' motion to compel seeks testimony that exceeds the scope of plaintiffs' Rule 30(b)(6) notices, and because the Government provided a witness who was prepared to testify fully regarding the precise subject matter of the plaintiffs' Rule 30(b)(6) notices, we respectfully request that plaintiffs' motion to compel be denied.

## ARGUMENT

**1. Plaintiffs' Motion To Compel Seeks Testimony That Exceeds The Scope Of Plaintiffs' Rule 30(b)(6) Notices**

Plaintiffs' motion seeks to compel testimony beyond the scope of plaintiffs' Rule 30(b)(6) deposition notices. Plaintiffs' notices identify the following subject:

> The document retention policies of HUD, including those of any relevant field offices, and the actual steps taken to produce documents for the Plaintiffs and subject properties listed in Exhibits A and B.

Pls.' Mot., Ex. A; see also Pls.' Mot., Ex. B (requesting the same information with respect to HUD's Economic and Market Analysis Staff ("EMAS")). Thus, plaintiffs identified two topics about which they sought testimony: the "document retention policies of HUD;" and the "actual steps taken to produce documents."

With respect to the first topic, plaintiffs' deposition notice requests testimony concerning HUD's document retention policies. In contrast, plaintiffs' motion seeks to compel testimony regarding HUD's retention "practices," including its "practices at relevant field offices." Pls'. Mot. at 4. By conflating the term "practices" with "policies," as plaintiffs do throughout their motion, plaintiffs request the Court to order testimony about a subject matter that is beyond the scope of the 30(b)(6) notice itself.

A common sense understanding of the term "document retention policy" is a document that sets forth HUD's directions to its employees regarding the retention of documents. HUD has a single policy – a copy of which plaintiffs possess and used during their Rule 30(b)(6) deposition. Document retention "practices," in contrast, refer to the actual implementation of that policy by individual employees and offices. Plaintiffs clearly understand this distinction

when they state, in their motion to compel, that "the fact that HUD had a policy . . . does not explain how HUD followed – or did not follow – that policy in practice." Pls'. Mot. at 5. The fact remains that plaintiffs' deposition notice sought testimony about HUD's "policy," not the practices of individual HUD employees.[1] The Government provided a witness who testified about HUD's policy. Having provided a witness on the precise topic in plaintiffs' deposition notices, the United States satisfied its obligation under Rule 30(b)(6).

As Government counsel explained in an October 12, 2007 letter to plaintiffs' counsel, Letter from David A. Harrington to Harry Kelly, Ex. A at 3-4 (Oct. 12, 2007) (attached as Exhibit A), and again in a November 13, 2007 letter, Pls.' Mot., Ex. F, HUD's single document retention policy is set forth at Handbook 2225.6.[2] Although providing a copy of HUD's written policy would seemingly be sufficient to establish HUD policy, the United States provided a witness, Carmelita Bridges, to respond to questions about HUD's written policy document. In a letter dated October 25, 2007, plaintiffs were informed that Ms. Bridges's testimony would be limited to "HUD record retention policy." Letter from David A. Harrington to Harry Kelly at 1 (Oct. 25, 2007) (attached as Exhibit B). Ms. Bridges appropriately testified about this subject matter.

---

[1] A second Rule 30(b)(6) deposition notice served by plaintiffs in these actions sought testimony about HUD's "policies and practices concerning prepayment" under the Preservation Statutes. Plaintiffs' Revised Rule 30(b)(6) Notice of Deposition at 2 (served Oct. 19, 2007) (topic no. 1) (attached as Exhibit C). Plainly, therefore, plaintiffs recognize the distinction between policies and practices and know how to draft a deposition notice that seeks testimony about both policy and practice when that is what they intend.

[2] This document is publicly available online at http://www.hudclips.org/cgi/index.cgi through a search for document number 2225.6. It is the written document establishing HUD's record retention policies both for HUD's headquarters and field offices.

Plaintiffs were aware of the scope of Ms. Bridges's deposition testimony and the United States' understanding of the subject matter in plaintiffs' Rule 30(b)(6) deposition notice weeks before Ms. Bridges deposition occurred. Rather than serving an amended notice to broaden the scope of their deposition, plaintiffs went forward with the deposition and, now, seek to compel the Government to provide additional testimony on matters beyond the scope of their deposition notice. Plaintiffs' motion to compel should, therefore, be denied.

**2. Plaintiffs Have Had Ample Opportunity To Question Individual HUD Witnesses Regarding HUD's Actual Document Retention Practices**

As we explained in our October 12, 2007 letter, if plaintiffs wanted specific information about actions of specific HUD employees, individual depositions should be noticed. Ex. A. The court gave plaintiffs a period to conduct ripeness depositions. Plaintiffs took advantage of this opportunity to question individual HUD witnesses regarding HUD's document filing and retention practices at headquarters and certain field offices. Plaintiffs offer no adequate explanation why this subject should be reopened – particularly where plaintiffs turned down the United States' offer to make Ms. Bridges available for an additional day to answer more questions about HUD's written policy.

**3. The Government's Written Description Of Its Efforts To Produce Documents In This Litigation Satisfies Its Discovery Obligations**

Plaintiffs' Rule 30(b)(6) notices also request that the United States provide a deponent to describe the actual steps taken to produce documents in this litigation. As we explained in our October 12 letter, testimony about the efforts taken to compile and produce documents in this litigation would implicate attorney-client communications and protected work product. Indeed, the "person or persons most knowledgeable" about this topic are Department of Justice

personnel and agency counsel. Because attorney testimony on this topic is neither appropriate nor warranted, see, e.g., Sparton v. United States, 44 Fed. Cl. 557, 563 (1999) (an attorney deposition is inappropriate unless no other means exist to obtain the information, the information sought is relevant and non-privileged, and the information is crucial to the preparation of the party's case); Eschenberg v. Navistar Int'l Trans. Corp., 142 F.R.D. 296, 299-302 (E.D. Mich. 1992) (attorney depositions are sufficiently disfavored that attorney deponent does not bear the burden to seek protective order, and party seeking attorney deposition must establish need and lack of alternative means); West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (party seeking attorney's deposition bears burden to demonstrate compelling need and propriety of deposition); NFA Corp. v. Riverview Narro Fabrics, Inc., 117 F.R.D. 83, 84 (M.D.N.C. 1987) (deposing party must justify need for counsel's deposition), we stated that we were not prepared to proffer a witness to address this subject. In lieu of such testimony, we offered to supply a written description of steps taken to produce documents in this litigation. After receiving no objection from the plaintiffs to this procedure, on October 25, 2007, we provided a written description of the efforts taken by the United States to compile documents in these actions. Letter from David A. Harrington to Harry Kelly at 1-2 (Oct. 25, 2007) (attached as Exhibit D). After receiving this information, plaintiffs neither objected to the adequacy of the written description, nor indicated that deposition testimony would still be necessary. Plaintiffs' motion to compel attorney testimony about document production efforts, therefore, comes as complete surprise.

Plaintiffs' failed to broach the issue of attorney testimony after receiving (more than two months ago) a written description of steps taken by the United States to compile and produce

documents. Given that plaintiffs failed to engage in good faith discussions before filing their motion to compel, and fail to explain why the written description of steps taken to produce documents does not meet their needs, the Court should either decline to entertain plaintiff's motion or reject it on the merits.[3]

## CONCLUSION

Plaintiffs' motion to compel seeks testimony that exceeds the scope of plaintiffs' Rule 30(b)(6) notices. The Government provided a witness who was fully prepared to testify regarding the precise subject matter of the plaintiffs' Rule 30(b)(6) notices and it provided a comprehensive written summary of its efforts to produce documents in this litigation. Accordingly, plaintiffs' motion to compel should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

---

[3] Plaintiffs suggest that unspecified documents may be missing despite the fact that the United States has produced over 250,000 pages of material. However, no documents concerning prepayment by these plaintiffs are (or could be) missing.

It is undisputed that no plaintiff in these actions submitted a plan of action that sought HUD permission to prepay. Because no plan of action was submitted, no analysis of prepayment was (or could be) performed by HUD. See 12 U.S.C. § 4108 (requiring findings about the anticipated effect of the implementation of the owner's plan of action). Because no documents analyzing prepayment ever existed, such documents could not possibly be lost or destroyed.

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

December 28, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 28th day of December 2007, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER QUESTIONS CONCERNING DOCUMENT RETENTION AND PRODUCTION MATTERS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington