**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 93-655C<br>(Judge Margaret M. Sweeney) |
| ALGONQUIN HEIGHTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-582C<br>(Judge Margaret M. Sweeney) |

**DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES 24 AND 25**

Plaintiffs allege that the Emergency Low-Income Housing Preservation Act of 1987 ("ELIHPA") or the Low-Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA") (collectively, the "Preservation Statutes"), as applied to their property by Department of Housing and Urban Development ("HUD"), effected a regulatory taking. In October 2007, after receiving approval from this Court, the United States served two interrogatories asking that plaintiffs identify the dates upon which they contend that their regulatory taking claims ripened. Plaintiffs have failed to provide responsive answers.

Accordingly, pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court enter an order compelling plaintiffs to provide responsive answers to the United States' twenty-fourth and twenty-fifth interrogatories.

## BACKGROUND

On October 25, 2007, the United States filed a motion requesting a status conference in these actions because it intended to serve two interrogatories and anticipated that plaintiffs would assert objections. The United States' motion provided the Court the text of the planned interrogatories:

> The United States seeks to serve the following two interrogatories to ascertain the plaintiffs' position on ripeness in these actions:
>
> > **INTERROGATORY NO. 24:**
> >
> > For each subject property, if you contend that ELIHPA effected a regulatory taking, state the date that you contend that the claim that ELIHPA effected a regulatory taking ripened.
> >
> > **INTERROGATORY NO. 25:**
> >
> > For each subject property, if you contend that LIHPRHA effected a regulatory taking, state the date that you contend the claim that LIHPRHA effected a regulatory taking ripened.
>
> These interrogatories are simple, straightforward, and will present no burden to answer. They are timely in that they will be served more than 30 days before the close of discovery. And they are proper in that they go to the crux of the ripeness issue currently pending before the Court.

Def.'s Notice of Dispute Regarding Discovery and Mot. for Expedited Status Conference at 1-2 (Oct. 15, 2007) (citations omitted) (docket no. 168 in Anaheim; docket no. 56 in Algonquin).

Plaintiffs objected to both the interrogatories, as well as to the United States' request for a status conference. With respect to the interrogatories, plaintiffs argued that the interrogatories would exceed the permissible number of interrogatories, were duplicative, and were unduly burdensome. Pls.' Response to Def.'s Notice of Dispute Regarding Discovery and Mot. for

Expedited Status Conference at 3-5 (Oct. 16, 2007) (docket no. 169 in Anaheim; docket no. 57 in Algonquin).

At an October 17, 2007 status conference, the Court rejected plaintiffs' objections and granted the United States' request for leave to serve interrogatories 24 and 25:

> Defendant seeks additional contention interrogatories to assess plaintiffs' position regarding ripeness under ELIHPA and LIHPRHA, as it applies to each plaintiff. Plaintiffs argue that the responses to such inquiries would be burdensome and duplicative. Defendant's request for leave to serve Interrogatories twenty-four and twenty-five is GRANTED. The court admonished the parties to conduct discovery with a view toward maximum voluntary exchange of relevant information, and to keep in mind the costs to plaintiffs and defendant in time and resources.

Order of Judge Hodges at 1 (Oct. 22, 2007) (docket no. 170 in Anaheim; docket no. 58 in Algonquin). The United States served its judicially-approved interrogatories later that day. Def.'s Fourth Set of Interrogs. in Anaheim (Oct. 17, 2007) (attached as Exhibit A); Def.'s Fourth Set of Interrogs. in Algonquin (Oct. 17, 2007) (attached as Exhibit B).

Plaintiffs' responses to the interrogatories were served November 15, 2007. Pls.'s Response to Def.'s Fourth Set of Interrogs. in Anaheim (Nov. 15, 2007) (attached as Exhibit C); Pls.' Response to Def.'s Fourth Set of Interrogs. in Algonquin (Nov. 15, 2007) (attached as Exhibit D). Rather than provide a straightforward answer, plaintiffs attempted to recast the interrogatories and answer a different question. See id. at 3-4.

We promptly informed plaintiffs that their interrogatory answers were deficient. See Letter from David A. Harrington to Harry Kelly at 1-2 (Nov. 16, 2007) (attached as Exhibit E). Explaining that plaintiffs' answers were unintelligible and, therefore, not responsive, we urged plaintiffs to serve supplemental answers that provided a specific date for each property. Id. at 1.

Plaintiffs declined to do so. See Letter from Harry Kelly to David A. Harrington at 1-2 (Nov. 21, 2007) (stating that the answers were appropriate and that plaintiffs "do not intend to revise [their] responses at this time") (attached as Exhibit F).

On November 26, 2007, we again wrote to plaintiffs. Letter from David A. Harrington to Harry Kelly (Nov. 26, 2007) (attached as Exhibit G). We explained:

> Conspicuously missing from your [recent] letter is a plain statement that the dates supplied in plaintiffs' interrogatory answers are the dates upon which plaintiffs contend that the as-applied regulatory taking claims in these actions ripened. We would prefer not to file a motion to compel regarding these interrogatories. However, unless we receive supplemental interrogatory answers providing the information we requested, or an unambiguous written statement confirming that plaintiffs' answers do in fact provide this information, we will be left no alternative.

Id. at 1. On November 28, 2007, before a scheduled deposition, we raised this issue with plaintiffs' attorney, Harry Kelly. During the ensuring discussion, we urged Mr. Kelly to reconsider plaintiffs' position, explained that clarity is essential, and noted that we merely needed a clear answer providing the dates upon which plaintiffs claim that their regulatory taking claims ripened. Mr. Kelly indicated that plaintiffs would consider the United States' renewed request, but that he would be unable to turn to the issue until the following week. Over a month has passed since the discussion with Mr. Kelly and plaintiffs have not acted upon the United States' request.

Accordingly, the United States certifies that it has attempted in good faith to resolve this dispute without recourse to the Court, but that the attempt has been unsuccessful. See RCFC 37(a).

**ARGUMENT**

Interrogatories 24 and 25 ask plaintiffs to state the date upon which they contend that their respective taking claims ripened. Interrogatory 24 states as follows:

> For each subject property, if you contend that ELIHPA effected a regulatory taking, state the date that you contend that the claim that ELIHPA effected a regulatory taking ripened.

See Ex. A, at 1-2; Ex. B at 1-2. After asserting certain boilerplate objections, plaintiffs provide the following response:

> Plaintiffs interpret this request as a request for the date when Plaintiffs contend that they could or did initiate administrative processing under ELIHPA, and that date for those subject properties that proceeded under ELIHPA was after enactment of ELIHPA and either (1) on or about the date that the Initial Notice to Prepay was submitted to HUD or (2) the date of the twentieth anniversary of the subject property's mortgage, whichever was earlier. A chart of the relevant dates for the subject properties that proceeded under ELIHPA is attached hereto as Exhibit A.

Ex. C, at 3; Ex. D at 3. The United States posed an identical interrogatory with respect to LIHPRHA and plaintiffs' provide the very same response:

> Plaintiffs interpret this request as a request for the date when Plaintiffs contend that they could or did initiate administrative processing under LIHPRHA, and that date for those subject properties that proceeded under LIHPRHA was after enactment of LIHPRHA and either (1) on or about the date that the Initial Notice of Intent or Intent to Prepay was submitted to HUD or (2) the date of the twentieth anniversary of the subject property's mortgage, whichever was earlier. A chart of the relevant dates for the subject properties that proceeded under LIHPRHA is attached hereto as Exhibit B.

Ex. C at 3-4; Ex. D at 3-4.

Rather than answering the interrogatories, plaintiffs "interpret" the interrogatories in order to answer to a materially different question. The United States could hardly have served

more straightforward interrogatories. No interpretation is necessary or appropriate. Indeed, plaintiffs' interpretation merely serves to confuse matters. See Ex. C at 3-4 (interpreting the interrogatories as requesting dates the subject properties "could or did initiate" administrative processing); Ex. D at 3-4 (same). As a result, the dates provided in the charts appended to plaintiffs response are ambiguous and unusable.[1] It cannot be determined, for instance, whether charts contain the date that each project "could have" initiated administrative processing, actually "did initiate" administrative processing, submitted an "initial notice to prepay,"[2] reached "the twentieth anniversary of the project's mortgage," or some another date. In any event, the United States did not ask about any of these dates – only about the date upon which plaintiffs contend that their regulatory taking claims ripened.

By redefining the interrogatories and then providing unintelligible answers to a different question, plaintiffs have failed to provide a response as required by the Rules of this Court. RCFC 37(a)(3) ("an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond"). The Court should, therefore, order plaintiffs to serve an answer with respect to each subject property that provides the specific date upon which plaintiffs' contend that their regulatory taking claim ripened.[3]

---

[1] The charts attached to plaintiffs interrogatory answers fail to include information with respect to two projects – Holiday Town #2 and Peachtree Court – and do not give specific dates with respect to various other projects. Exs. C & D; see also Ex. E at 2 (noting plaintiffs' failure to provide this information). For this additional reason, plaintiffs answers are deficient.

[2] The term "initial notice to prepay" is itself unclear. The Preservation Statutes provided that an owner could submit a "notice of intent" followed by a "plan of action." See ELIHPA §§ 222, 223; 12 U.S.C. §§ 4102, 4107. No property in these actions submitted a plan of action that requested prepayment pursuant to the Preservation Statutes.

[3] If plaintiffs persist in refusing to provide this information for each of the properties at issue, their regulatory taking claims should be dismissed as unripe. RCFC 37(b)(2).

## CONCLUSION

For these reasons, the Court should compel plaintiffs to provide responsive answers to the United States' twenty-fourth and twenty-fifth interrogatories.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

January 3, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 3rd day of January 2008, a copy of “DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES 24 AND 25” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David A. Harrington