**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to plaintiffs' first set of interrogatories. The defendant's response is based upon its current knowledge, information, and belief after making a reasonable inquiry. The investigation in response to plaintiffs' interrogatories is ongoing and we reserve the right to modify or supplement our responses if additional information relating to these interrogatories is identified or discovered. In responding to plaintiffs' interrogatories, we reserve the right to raise objections at trial or in any subsequent proceeding, including but not limited to objections as to admissibility, authenticity, accuracy, relevance and foundation.

**OBJECTIONS**

Defendant asserts and incorporates by reference the following objections to plaintiffs' interrogatories as though they were set forth in full in each response to each interrogatory:

1. Defendant objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product immunity, the

deliberative process privilege, or any other privilege or immunity, including the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Defendant objects to each interrogatory to the extent that it seeks information prepared or developed in anticipation of litigation or for trial when plaintiffs have not shown that they have substantial need of such materials in the preparation of their case in that plaintiffs are unable, without undue hardship, to obtain the substantial equivalent of such information by other means.

3. Defendant objects to each interrogatory to the extent that it seeks information irrelevant to the issues being litigated in this case and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to those interrogatories that in whole or in part seek expert opinions.

5. Defendant objects to each and every interrogatory that, when read with the definitions and instructions, is so vague, broad, general, and all inclusive that it does not permit a proper or reasonable response and is, therefore, unduly burdensome and oppressive.

6. Defendant objects to each interrogatory that seeks the disclosure of information previously provided by plaintiff to the defendant or to any Government agency.

7. Defendant objects to plaintiffs' interrogatories as beyond the scope of RCFC 33 to the extent that they purport to direct defendant to divulge information beyond what is known by current officers or employees of the Department of Housing and Urban Development ("HUD") or obtainable from documents in the custody or control of HUD.

8. Defendant objects to the plaintiffs' definition of "subject properties" as vague and overly broad insofar as it defines "subject properties" as "a property that is subject to the claims asserted in this litigation" and seeks information concerning projects that are not listed in the plaintiffs' definition. The defendant's response to plaintiffs' interrogatories is limited to those properties specifically identified as "subject properties" in the plaintiffs' definition, i.e., "Algonquin Heights, Brandy Hill, Brookside Manor, Buckman Road Garden, Chauncey House, Country Towne Apartments, Cromwell Court, Dolly Ann Apartments, Willow Creek (Emory Grove LP), First Landmark Apartments, Forest Glen I, Forest Glen II & III, Fort Heath Apartments, Garrison Forest, Glenarden, Jodani Apartments, Cherry Branch Apartments (Kimberly Assoc.), King's Grant Apartments, Leader House, New Amsterdam, Pine Crest, Riverside Village, Suburbia Fairfax Apartments, Suehar Apartments, Tower West, Town & Country Townhomes & Apartments." These projects are referred to as the "subject properties" in the defendant's interrogatory answers below.

9. Defendant objects that plaintiffs' interrogatories are vague, overly broad and unduly burdensome in that they fail to specify any particular time or time period.

10. Defendant's objections, stated above, are hereby incorporated by reference to each interrogatory, and shall not be repeated as objections to each definition, instruction and request to which they are applicable. In addition, defendant asserts certain specific objections set forth below. By stating specific objections, defendant does not waive any of the objections incorporated herein.

## INTERROGATORIES

**Interrogatory No. 1:**

For each Subject Property that made a request to prepay its Government insured mortgage, identify all person(s) who were involved in any manner in considering, approving, or denying the request for prepayment of the Government insured mortgage on that property pursuant to the Preservation Statutes.

**Response:**

Defendant objects that this interrogatory is vague and unclear. Subject to and without waiving its objections, defendant construes the phrase "made a request to prepay its Government insured mortgage" as seeking information about those projects that submitted a plan of action that sought HUD permission to prepay the project's Government-insured mortgage pursuant to section 225(a) of ELIHPA or the section of LIHPRHA codified at 12 U.S.C. § 4108. Based upon this understanding, defendant responds as follows:

| Project Name (FHA Number) | POA to Prepay Submitted? | Persons Involved In Evaluating Request |
|---|---|---|
| Algonquin Heights (FHA No. 023-41033) | No | N/A |
| Brandy Hill Apartments (FHA No. 023-051-NI) | No | N/A |
| Brookside Manor Apartments (FHA No. 112-44206) | No | N/A |
| Buckman Road Garden Apartments (FHA No. 000-44118) | No | N/A |

| | | |
|---|---|---|
| Chauncy House (FHA No. 023-44183) | No | N/A |
| Cromwell Court Apartments (FHA No. 023-041-NI) | No | N/A |
| Country Towne Apartments (FHA No. 012-55003) | No | N/A |
| Dolly Ann Apartments (FHA No. 051-35118) | No | N/A |
| Willow Creek Apartments (FHA No. 000-55066) | No | N/A |
| Landmark Apartments (FHA No. 000-44175) | No | N/A |
| Forest Glen Apartments (Phase I) (FHA No. 044-3-NI) | No | N/A |
| Forest Glen Apartments (Phase II & III) (FHA No. 044-7-NI) | No | N/A |
| Fort Heath Apartments (FHA No. 023-41009) | No | N/A |
| Garrison Forest Apartments (Section I) (FHA Nos. 052-44064) | No | N/A |
| Garrison Forest Apartments (Section II) (FHA No. 052-44146) | No | N/A |
| Glenarden Woods Apartments (FHA No. 000-55017) | No | N/A |
| Glenreed Apartments (FHA No. 000-55023) | No | N/A |
| Jodani Associates (FHA No. 012-35091) | No | N/A |

| | | |
|---|---|---|
| Cherry Branch Townhomes (FHA No. 000-44091) | No | N/A |
| King's Grant Apartments (FHA No. 016-44035) | No | N/A |
| Leader House Apartments (FHA No. 012-11074) | No | N/A |
| New Amsterdam Apartments (FHA No. 012-11087) | No | N/A |
| Pine Crest Apartments (FHA No. 023-117-NI) | No | N/A |
| Riverside Village Apartments (FHA No. 023-020-NI) | No | N/A |
| Suburbia Fairfax Apartments (FHA No. 000-44127) | No | N/A |
| Suehar Associates (FHA No. 012-35049) | No | N/A |
| Tower West Apartments (FHA No. 012-11088) | No | N/A |
| Town & Country Apartments and Townhouses (Sections I) (FHA Nos. 051-44037) | No | N/A |
| Town & Country Apartments and Townhouses (Section II) (FHA No. 051-44125) | No | N/A |

**<u>Interrogatory No. 2</u>:**

Identify all persons currently or formerly employed by you with knowledge concerning the conditions, standards, or requirements for prepayment of Government insured mortgages pursuant to the Preservation Statutes.

**<u>Response</u>:**

Defendant objects to this interrogatory as overly broad and unduly burdensome insofar as it calls for the Defendant to "identify all persons" with certain knowledge. Further, given the general defusion of knowledge at HUD, it is not possible to identify these individuals with any certainty. A comprehensive list would likely include hundreds of current or former HUD employees, including employees who had a passing familiarity the Preservation Statutes and employees who had read decisions issued courts in this or other actions pertaining to ELIHPA or LIHPRHA.

Subject to and without waiving its objections, defendant refers plaintiffs to the persons identified in the documents produced in this action and identifies the following individuals who possess general knowledge about aspects of the preservation process:

1. Kerry Mulholland
   Acting Chief, Affordable Housing Branch (October 1994)
   Supervisory Project Manager (March 2001)

2. Bill Peters
   Asset Manager, HUD (July 1995)

3. Charles Peters
   Asset Management Preservation Branch (May 1997)

4. Daniel Sullivan
   Program Analyst, Multifamily Development (1997)

5. Kevin East

6. Nicolas P. Retsinas,
Assistant Secretary for Housing-Federal Housing Commissioner

7. Tom Vitek
Financial Analyst, San Francisco Regional Office (present)

**Interrogatory No. 3:**

For each Subject Property describe in detail all of the actions taken by Defendant pursuant to the Preservation Statutes with respect to Notices of Intent and Plans of Action ("POA") submitted for the Subject Properties, including the dates of any approval or rejection of a POA and the dates upon which funding for an approved POA was provided by Defendant.

**Response:**

Defendant objects to this interrogatory as vague, overly broad and unduly burdensome insofar as it calls for the Defendant to "describe in detail all actions" taken by HUD. Subject to and without waiving its objections, a summary of actions taken by the defendant, including the date that the plan of action for each Subject Property was approved or rejected and the date upon which funding for an approved plan of action was provided by the United States, is set forth in the table below. Additional detail about the participation of the subject properties in the administrative process established by the Preservation Statutes may be derived from the documents that have been produced in response to plaintiffs' requests for production.

| Project Name (FHA Number) | Date of NOI | Date of POA Approval/Rejection | Date of Funding Approved POA |
|---|---|---|---|
| Algonquin Heights (FHA No. 023-41033) | 12-20-90 | Approved 09-28-94 | 09-30-94 |
| Brandy Hill Apartments (FHA No. 023-051-NI) | 06-05-92 | Approved 09-27-94 | 09-30-94 |
| Brookside Manor Apartments (FHA No. 112-44206) | NOI Not Located | Approved 08-12-96 | POA Not Funded |
| Buckman Road Garden Apartments (FHA No. 000-44118) | 04-12-93<br>05-02-96 | Conditionally Approved 09-30-95 | 04-12-96 |

| | | | |
|---|---|---|---|
| Chauncy House (FHA No. 023-44183) | 10-10-93<br>03-13-95 | POA Approval Not Located | 08-11-95 |
| Cromwell Court Apartments (FHA No. 023-041-NI) | 06-05-92 | Approved 09-27-94 | 09-30-94 |
| Country Towne Apartments (FHA No. 012-55003) | 06-30-93<br>05-04-94 | Conditionally Approved 08-12-96 | POA Not Funded |
| Dolly Ann Apartments (FHA No. 051-35118) | 01-26-95<br>12-22-95 | Conditionally Approved 07-12-96 | 02-11-97 |
| Willow Creek Apartments (FHA No. 000-55066) | No NOI Located | No POA Located | N/A |
| Landmark Apartments (FHA No. 000-44175) | No NOI Located | No POA Located | N/A |
| Forest Glen Apartments (Phase I) (FHA No. 044-3-NI) | 01-30-95<br>02-09-96 | Approved 08-02-96 | POA Not Funded |
| Forest Glen Apartments (Phase II & III) (FHA No. 044-7-NI) | 02-07-95<br>06-19-96 | Approved 08-02-96 | POA Not Funded |
| Fort Heath Apartments (FHA No. 023-41009) | 12-12-90 | Approved 02-22-94 | 02-24-94 |
| Garrison Forest Apartments (Section I) (FHA Nos. 052-44064) | 03-07-94 | Approved 10-17-95 | POA Not Funded (notice 02-23-96) |
| Garrison Forest Apartments (Section II) (FHA No. 052-44146) | 03-07-94 | Approved 10-17-95 | POA Not Funded (notice 02-23-96) |
| Glenarden Woods Apartments (FHA No. 000-55017) | 11-13-92 | Approved 07-12-96 | 02-26-97 |
| Glenreed Apartments (FHA No. 000-55023) | 11-13-92<br>10-24-94 | Approved 07-12-96 | 02-26-97 |
| Jodani Associates (FHA No. 012-35091) | No NOI Located | No POA Located | N/A |

| | | | |
|---|---|---|---|
| Cherry Branch Townhomes (FHA No. 000-44091) | 12-22-94 | No POA Submitted | N/A |
| King's Grant Apartments (FHA No. 016-44035) | NOI Not Located | Approved 12-30-94 | 04-07-95 |
| Leader House Apartments (FHA No. 012-11074) | 05-03-93 | Approved 02-13-97 | POA Not Funded |
| New Amsterdam Apartments (FHA No. 012-11087) | 05-03-93 | Approved 02-13-97 | POA Not Funded |
| Pine Crest Apartments (FHA No. 023-117-NI) | No NOI Located | No POA Located | N/A |
| Riverside Village Apartments (FHA No. 023-020-NI) | 06-05-92 | Approved 09-27-94 | 09-30-94 |
| Suburbia Fairfax Apartments (FHA No. 000-44127) | 09-14-92<br>03-02-94 | Approved 09-14-96 | 09-27-96 |
| Suehar Associates (FHA No. 012-35049) | No NOI Located | No POA Located | N/A |
| Tower West Apartments (FHA No. 012-11088) | NOI Not Located | Approved 05-18-95 | 04-13-95 |
| Town & Country Apartments and Townhouses (Sections I) (FHA Nos. 051-44037) | No NOI Located | No POA Located | N/A |
| Town & Country Apartments and Townhouses (Section II) (FHA No. 051-44125) | No NOI Located | No POA Located | N/A |

**Interrogatory No. 4:**

For each Subject Property describe in detail all communications between Defendant and the Subject Property's owner, manager, representative, agent, or any other person acting on behalf of the property relating to prepayment of the property's Government insured mortgage.

**Response:**

Defendant objects to this interrogatory as vague, overly broad and unduly burdensome as it calls it calls for the defendant to "describe in detail all communications" over more than twenty years between HUD and the subject property's "owner, manager, representative, agent, or any other person acting on behalf of the property." Further, given the large number of employees who potentially had communications with project owners, the lengthy period of time over which such communications could have occurred, and the fact that a substantial proportion of HUD's employees during the late 1980 and early 1990s have retired, it is not possible to identify and describe all communications with confidence or certainty.

Subject to and without waiving its objections, defendant responds that none of the subject properties submitted a plan of action seeking HUD's permission to prepay. Further, we are unaware of any conversations, discussions or oral communications between HUD employees and project owners specifically addressing the ability of the respective projects to prepay pursuant to section 225(a) of ELIHPA or 12 U.S.C. § 4108. As described below, Maurice Berry and Guillermo Bahamon had non-specific conversations about a number of the subject properties in the course of the preservation process:

1. Maurice Barry, Project Manager: Mr. Barry was a member of the POA Team in HUD's New England Regional Office and worked on Algonquin Heights, Project No. 023-41033, Brandy

Hill Apartments, Project No. 023-051 NI, Chauncy House, Project No. 023-44183, Cromwell Court Apartments, Project No. 023-041 NI, Fort Heath Apartments, Project No. 023-41009, and Riverside Village Apartments, Project No. 023-020 NI. Mr. Barry does not recall any specific conversations with the project owners or their representatives, but does recall that the working relationships were cordial and cooperative, with Mr. Barry serving to guide the parties through the process.

2. Guillermo Bahamon, Regional Architect: Mr. Bahamon does not remember any specific conversations with project owners or their representatives and believes that if he had, it would have been small-talk during a project inspection. He had no decision-making authority, but rather analyzed and advised HUD Project Managers regarding the projects capital needs for the following projects: Algonquin Heights, Project No. 023-41033, Brandy Hill Apartments, Project No. 023-051 NI, Chauncy House, Project No. 023-44183, Cromwell Court Apartments, Project No. 023-041 NI, and Riverside Village Apartments, Project No. 023-020 NI.

To the extent that written documents reference prepayment under the Preservation Statutes, such as, for instance, where notice is given in conjunction with approval of a plan of action that the owner may become eligible to prepay under 12 U.S.C. § 4114, those documents have been produced to the plaintiffs.

**Interrogatory No. 5:**

For each Subject Property, if Defendant contends that prepayment of the Government insured mortgage pursuant to the Preservation Statutes was not futile with respect to that property, state all facts upon which Defendant bases its contention.

**Response:**

Defendant objects that this interrogatory is vague, ambiguous, and overly broad. Further, to the extent the interrogatory seeks discovery concerning defendant's legal conclusions, such information is not within the proper scope of an interrogatory. Subject to and without waiving its objections, defendant responds as follows:

The futility exception to the exhaustion of administrative remedies serves only to "'protect property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved.'" Howard W. Heck & Associates v. United States, 134 F.3d 1468, 1472 (Fed. Cir. 1998) (emphasis in original) (quoting Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 504 (9th Cir. 1990)). Before invoking "futility," a property owner must give the Government the opportunity, using its own reasonable procedures, to decide and explain the reach of the challenged regulation. The subject properties did not submit an application to prepay that was rejected by HUD and, consequently, the futility exception is inapplicable and unavailable.

Further, the Preservation Statutes allowed project owners to submit plans of action to request HUD's permission to prepay their Government-insured mortgage. See ELIHPA § 225(a); 12 U.S.C. § 4108. HUD's review of a plan of action for prepayment pursuant to the Preservation Statutes was multifaceted and discretionary. HUD's evaluation of such a plan of action would

depend upon, among other things, the details of the plan proposed by the owner, when prepayment was proposed, the nature of the housing market in the vicinity of the project, and the anticipated effect of the plan upon project's tenants. The subject properties chose not to submit a plan of action requesting permission to prepay. As a result, HUD had no occasion to analyze or evaluate a plan of action to prepay the subject properties' Government-insured mortgages under the Preservation Statutes.

Further, even if HUD had concluded that a project did not qualify to prepay pursuant to section 225(a) of ELIHPA or 12 U.S.C. § 4108, the project could still have been eligible to prepay pursuant to 12 U.S.C. § 4114. With respect to those subject properties who did not exhaust the preservation process, i.e., did not obtain a funded use agreement or consummate a sale pursuant to the Preservation Statues, prepayment pursuant to 12 U.S.C. § 4114 was a possibility.

**Interrogatory No. 6:**

Describe in detail all statements, whether official or unofficial, made by Defendant to any other person regarding prepayment of Government insured mortgages pursuant to the Preservation Statutes, including, but not limited to, statements (written or oral) made by HUD employees at conferences, to the United States Congress, to state agencies, to trade organizations, to banks and/or mortgage providers, and to owners of properties with Government insured mortgages.

**Response:**

Plaintiffs' interrogatory calls for the defendant to "describe in detail all statements" regarding prepayment made by any HUD employee or former employee during a period in excess of thirty five years. Defendant objects that plaintiffs' interrogatory is vague, overly broad and unduly burdensome.

Subject to and without waiving these objections, defendant identifies the documents listed in Exhibit A to the defendant's response to plaintiffs' first set of interrogatories in Anaheim Gardens v. United States as directives pertaining to prepayment pursuant to the Preservation Statutes.

**<u>Interrogatory No. 7</u>:**

Identify each expert upon whose testimony you intend to rely to establish that Plaintiffs' takings claims are not ripe for adjudication. For each expert, state the person's full name, the subject matter upon which the expert is expected to testify, the expert's qualifications, including but not limited to, his or her current occupation or profession, field of expertise, educational background, prior business and/or professional affiliation, and publications authored by the expert concerning the subject matter of the expert's advice and opinions, and identify the documents the expert relied on to reach his or her opinion.

**<u>Response</u>:**

Defendant objects that this interrogatory is premature. Defendant has not yet determined what individuals will be retained and called as expert witnesses in this action. Because the plaintiffs bear the burden of proof with respect to all aspects of this case, the witnesses ultimately retained and called by the Government will depend upon the nature and content of the plaintiffs' case. Defendant further objects that this interrogatory is premature to the extent it seeks information that will be provided through expert discovery.

**Interrogatory No. 8:**

Identify each person upon whose testimony you intend to rely to establish that Plaintiffs' takings claims are not ripe for adjudication. For each person, state the person's full name, the subject matter upon which the person is expected to testify, the person's current and former employer, the person's current and former residential an business addresses, and the person's current telephone number.

**Response:**

Defendant objects that this interrogatory is premature. Defendant has not yet determined which individuals will be called as witnesses should the issue of ripeness go to trial. Because the plaintiffs bear the burden of proof with respect to all aspects of this case, the witnesses ultimately identified and called by the Government will depend upon the nature and contents of the plaintiffs' case. Defendant also objects to this interrogatory to the extent that it requests information that will be provided through expert discovery. Defendant further objects to the extent this interrogatory asks for information protected by privilege.

**Interrogatory No. 9:**

For each request for admission to which you respond with anything other that an unqualified admission, describe in detail the basis for your answer.

**Response:**

Defendant incorporates by reference its response to plaintiffs' respective requests for admissions.

**Interrogatory No. 10:**

Identify each individual who assisted in preparing the answers to these Interrogatories, specifying the Interrogatory or Interrogatories as to which each such individual provided assistance.

**Response:**

Defendant identifies the following individuals who assisted in preparing defendant's answer to these interrogatories:

David A. Harrington (interrogatories 1-10)

Alice A. Peterson (interrogatories 1, 3-4)

Terri I. Roman (interrogatories 1-6, 9)

Maurice Barry (interrogatories 1, 3-4)

Erica Levin (interrogatories 1, 3-4)

Tom Massouras (interrogatory 3)

Paul Feiner (interrogatory 3)

Michael E. Winiarski (interrogatories 1-10)

The information needed to respond to plaintiffs' interrogatories was obtained principally from documents maintained by HUD that have been produced to the plaintiffs in this action.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

April 16, 2007

Attorneys for Defendant

**VERIFICATION**

I declare under penalty of perjury that I am the Deputy Director for the Organizational Policy Planning and Analysis Division of the United States Department of Housing and Urban Development; that I am signing the foregoing Defendant's Responses to Plaintiff's First Set of Interrogatories on behalf of Defendant in the case styled *Algonquin Heights, et al. v. United States* and that I am duly authorized as a HUD employee to do so; that all of the matters stated in the foregoing responses may not be within my personal knowledge, but are based upon Defendant's records, and that the facts stated in these responses are true and correct to the best of my knowledge, information, and belief as of the date stated below.

Date: April 16, 2007

Michael Winiarski
Deputy Director
Organizational Policy Planning and Analysis Division
United States Department of Housing and Urban Development

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16 day of April 2007, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Response to Plaintiffs' First Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena Goddard