# In the United States Court of Federal Claims

No. 97-582 C
(Filed: February 29, 2008)

```
***********************************
ALGONQUIN HEIGHTS, et al.,        *
                                  *
              Plaintiffs,         *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
***********************************
```

## RULING ON DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES 24 AND 25

Before the court are Defendant's Motion to Compel Answers to Interrogatories 24 and 25 ("Def.'s Mot." or "motion") and accompanying exhibits ("Def.'s Ex."), Plaintiffs' Response in Opposition to Defendant's Motion to Compel Answers to Interrogatories 24 and 25 ("Pls.' Resp." or "response") and accompanying exhibit ("Pls.' Ex."), and Defendant's Reply in Support of Its Motion to Compel Answers to Interrogatories 24 and 25 ("Def.'s Reply" or "reply"). In its motion, defendant requests that the court enter an order, pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), compelling plaintiffs to provide responsive answers to two interrogatories propounded by defendant regarding ripeness under the Emergency Low-Income Housing Preservation Act of 1987 ("ELIHPA") and the Low-Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA"). For the reasons set forth below, defendant's motion is granted.

**I.**

**A.**

On October 17, 2007, the court conducted a status conference during which it granted defendant's request for leave to serve interrogatories numbered twenty-four and twenty-five. See Order of October 22, 2007. Pursuant to RCFC 33, defendant served its fourth set of interrogatories upon plaintiffs on October 17, 2007, which contained the two interrogatories at issue here:

> **<u>INTERROGATORY NO. 24</u>:**
>
> For each subject property, if you contend that ELIHPA effected a regulatory taking, state the date that you contend that the claim that ELIPHA effected a regulatory taking ripened.
>
> **<u>INTERROGATORY NO. 25</u>:**
>
> For each subject property, if you contend that LIHPRHA effected a regulatory taking, state the date that you contend the claim that LIHPRHA effected a regulatory taking ripened.

Def.'s Ex. B.

In response to interrogatory number twenty-four, plaintiffs provided the following response:

> Plaintiffs object to this Interrogatory on the ground that [it] is vague and ambiguous. Plaintiffs further object to this Interrogatory on the ground that it is duplicative of prior interrogatory and admission requests. Subject to and without waiving these objections, Plaintiffs interpret this request as a request for the date when Plaintiffs contend that they could or did initiate administrative processing under ELIHPA, and that date for those subject properties that proceeded under ELIHPA was after enactment of ELIHPA and either (1) on or about the date that the initial Notice of Intent or Intent to Prepay was submitted to HUD or (2) the date of the twentieth anniversary of the subject property's mortgage, whichever was earlier. A chart of the relevant dates for the subject properties that proceeded under ELIHPA is attached hereto as Exhibit A.

Def.'s Ex. D. Plaintiffs' response to interrogatory number twenty-five was virtually identical:

> Plaintiffs object to this Interrogatory on the ground that [it] is vague and ambiguous. Plaintiffs further object to this Interrogatory on the ground that it is duplicative of prior interrogatory and admission requests. Subject to and without waiving these objections, Plaintiffs interpret this request as a request for the date when Plaintiffs contend that they could or did initiate administrative processing under LIHPRHA, and that date for those subject properties that proceeded under LIHPRHA was after the enactment of LIHPRHA and either (1) on or about the date that the initial Notice of Intent or Intent to Prepay was submitted to HUD or (2) the date of the twentieth anniversary of the subject property's mortgage, whichever was earlier. A chart of the relevant dates for the subject properties that proceeded under LIHPRHA is attached hereto as Exhibit B.

Id.

**B.**

Defendant certifies that it has attempted in good faith to resolve this dispute prior to filing the instant motion. Def.'s Mot. 4; see also RCFC 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer . . . ."). Plaintiffs do not state whether, in their belief, defendant engaged in a good faith effort to resolve this dispute. In a companion ruling this same date, which addressed plaintiffs' Motion to Compel Defendant to Answer Questions and to Produce Certain Documents, the court set forth the procedural and substantive requirements for a motion to compel filed pursuant to RCFC 37. As such, it need not reiterate those standards. The court finds that defendant satisfied the requirements set forth in RCFC 37(a)(2)(B). Plaintiffs' responses to defendant's interrogatories were served on November 15, 2007, see Def.'s Ex. D, and defendant's counsel contacted plaintiffs' counsel indicating that plaintiffs' answers were "unintelligible" and "not responsive" on November 16, 2007, Def.'s Ex. E; see also Def.'s Mot. 3 (noting that defendant "promptly informed plaintiffs that their interrogatory answers were deficient"). Following a response from plaintiffs dated November 21, 2007, see Def.'s Ex. F (stating that plaintiffs "make clear when we contend the owners would have been able to initiate, or actually did initiate, processing under those statutes"), defendant sent a second letter to plaintiffs on November 26, 2007, wherein it contended that plaintiffs failed to make "a plain statement that the dates supplied in plaintiffs' interrogatory answers are the dates upon which plaintiffs contend that the as-applied regulatory taking claims in these actions ripened," Def.'s Ex. G. Defendant represents that it again broached this issue with plaintiffs' counsel prior to a deposition on November 28, 2007. Def.'s Mot. 4. Since defendant's certification is sufficient under RCFC 37(a)(2)(B), the court turns to the merits of defendant's motion.

**II.**

**A.**

RCFC 26(b)(1), like its counterpart Rule 26(b)(1) of the Federal Rules of Civil Procedure ("FRCP"),[1] permits broad discovery: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." RCFC 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), and this information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence," RCFC 26(b)(1).

---

[1] The court notes that the Federal Rules of Civil Procedure were amended on December 1, 2007, "as part of the general restyling of the Civil Rules . . . ." Fed. R. Civ. P. 26 advisory committee's note (2007 Amendment). Any changes to FRCP 26 were "intended to be stylistic only," and the court therefore relies upon authorities construing the previous version of FRCP 26.

Discovery may be limited by the court if it determines that the discovery sought is unreasonably cumulative or duplicative, the requesting party had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. RCFC 26(b)(2)(C).

Under RCFC 33, a party may serve written interrogatories upon any other party. RCFC 33(a). The responding party must "provide true, explicit, responsive, complete, and candid answers." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996). Each answer must be made "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." RCFC 33(b)(1). Interrogatories "should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2177 (2d ed. 1994); see also Ruiz v. Hamburg-Am. Line, 478 F.2d 29, 33 (9th Cir. 1973) ("Misleading and evasive answers to interrogatories justify the court's viewing with suspicion the contentions of the party so answering."). An evasive or incomplete answer is treated as a failure to answer. RCFC 37(a)(3). Grounds for an objection "shall be stated with specificity," RCFC 33(b)(4), and the party propounding the interrogatories may, as is the case here, "move for an order under RCFC 37(a) with respect to any objection to or other failure to answer an interrogatory," RCFC 33(b)(5).

The party moving to compel discovery bears the burden of proving that the opposing party's answers are incomplete. Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 32 (D.D.C. 2007). The party opposing a motion to compel has the burden of "showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." Thompson v. Reg'l W. Med. Ctr., No. 8:06CV581, 2007 WL 3232603, at *2 (D. Neb. Oct. 31, 2007).

**B.**

In its motion, defendant argues that plaintiffs, "[r]ather than provid[ing] a straightforward answer, . . . attempted to recast the interrogatories and answer a different question." Def.'s Mot. 3. It maintains that plaintiffs interpreted the interrogatories "in order to answer to a materially different question," rather than answering the interrogatories propounded. Id. at 5. This interpretation, defendant argues, is neither necessary nor appropriate, and plaintiffs' response "merely serves to confuse matters." Id. at 6. Specifically, defendant indicates that plaintiffs' response makes unclear whether the dates supplied by plaintiffs represent "the date that each project 'could have' initiated administrative processing, actually 'did initiate' administrative processing, submitted an 'initial notice to prepay,' reached 'the twentieth anniversary of the project's mortgage,' or some other date."[2] Id. (footnote omitted). Consequently, according to

---

[2] Defendant also states that plaintiffs "fail to include information with respect to two projects - Holiday Town #2 and Peachtree Court - and do not give specific dates with respect to

defendant, plaintiffs' responses are ambiguous, unusable, and represent a failure to respond as defined by RCFC 37(a)(3). Id.; see also RCFC 37(a)(3) ("For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.").

Defendant also argues that "the scope of discovery is not limited to facts 'essential' to the Court's determination." Def.'s Reply 4 (quoting RCFC 26(b)(1)). Rather, defendant emphasizes that it "is entitled to discovery that enables it to fully evaluate plaintiffs['] ripeness allegations. Id. Furthermore, it notes that the court granted defendant leave to serve these two interrogatories. Were plaintiffs of the belief that these interrogatories were beyond the scope of ripeness discovery, defendant argues that plaintiffs should have addressed the issue before the court at the time defendant's motion for leave was pending or sought a subsequent protective order. Id. at 5.

Plaintiffs maintain that defendant's interrogatories are not relevant: "[t]he only relevant question is whether the claims are ripe now." Pls.' Resp. 2. Moreover, plaintiffs contend that "not one of the court decisions addressing ripeness under ELIHPA and/or LIHPRHA has required or turned on an assessment of the alleged date upon which a claim ripened in order to conclude that a claim was ripe pursuant to the administrative futility doctrine."[3] Id. Additionally, plaintiffs speculate that,

> in seeking to determine when their claims became ripe, defendant may actually be attempting to obtain information during ripeness discovery that can later be used to confine Plaintiffs in the damages phase. Alternatively, it is possible that Defendant is seeking information to use in a statute of limitations defense. When a claim initially 'ripened,' however, is not the same as asking when a claim arose for purposes of the statute of limitations.[4]

---

various other projects." Def.'s Mot. 6 n.1. Plaintiffs, however, note that defendant "has been informed several times now that the Plaintiffs intend to dismiss the claims by Holiday Town #2. Hence, the omission of an answer for this property does not render the responses provided deficient." Pls.' Resp. 6 n.4. Plaintiffs also indicate that they inadvertently omitted February 5, 1988, as the date for the Peachtree Court property. Id.

[3] Defendant maintains that the futility exception is relevant to the ripeness inquiry, Def.'s Reply 2-3, because an as-applied regulatory taking "generally ripens when 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue,'' id. at 3-4 (quoting Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001)). Thus, defendant argues, "[i]f plaintiffs['] taking claims ever ripened, they did so on a specific, fixed date." Id. at 4.

[4] Defendant acknowledges that it may be "seeking information that can be used if the Court ultimately reaches the merits of its claims or to establish a statute of limitations defense. Def.'s Reply 5 n.2. It emphasizes, however, that although the dates plaintiffs' claims ripened are

Id. at 2-3 (footnote added).

According to plaintiffs, defendant "has asked several iterations of the very same questions numerous times in the course of this litigation," and that, despite plaintiffs' inability to answer the questions as posed because "the precise date upon which a claim ripened in this case is not a fixed moment in time," plaintiffs nonetheless attempted to answer them. Id. at 2. Plaintiffs state that they have "repeatedly asked" defendant to explain what it seeks from propounding these interrogatories, but defendant "has failed to articulate an intelligible reason."[5] Id. Moreover, plaintiffs argue that the interrogatories are "impossible to answer" because they are "based upon a faulty premise - i.e., that the Court needs to know when a claim became ripe in order to determine whether it[,] in fact[, is] ripe and ready for adjudication."[6] Id. at 3. Nonetheless, plaintiffs state that they "provided very detailed and specific responses" to defendant's interrogatories, id. at 1, and that, although their responses "do not mirror Defendant's language," id. at 5, and "are not framed exactly as Defendant asked the questions," id. at 4, these responses substantively "provide the exact information requested," id. at 5.

---

relevant to the merits or defenses, "this does not somehow justify plaintiffs' failure to provide responsive answers." Id.

[5] Plaintiffs indicate that they furnished two separate charts of property names and dates because they felt

> the best way in which to approach the questions as asked was to look to which statute the Plaintiffs[] actually started processing under and then include the Plaintiff only on that chart. This seemed to be a fair interpretation . . . . If the Government seeks different or additional information, it should have articulated the questions more clearly or reviewed its own documents to figure it out.

Pls.' Resp. 4 n.1.

[6] In a letter to defendant's counsel dated November 21, 2007, plaintiffs' counsel states:

> We understood . . . that the interrogatories were not asking when plaintiffs' claims arose, but rather when those claims became ripe. As we understand the pertinent authorities, the question of 'ripeness' turns on whether it would have been futile to seek administrative relief - that is, to seek prepayment - as provided by either ELIHPA or LIHPRHA. Our responses make clear when we contend the owners would have been able to initiate, or actually did initiate, processing under those statutes, and we provided those specific dates in Exhibits A and B.

Def.'s Ex. F.

**C.**

The court disagrees with plaintiffs' position that defendant's argument is "disingenuous since [changing the questions asked in providing responses] is exactly what the Defendant did with respect to virtually every interrogatory interposed by Plaintiffs." Id. at 5; see also Pls.' Ex. (containing defendant's responses to plaintiffs' first set of interrogatories). Plaintiffs acknowledge that they "could have moved to compel if [they were] dissatisfied with the Defendant's response," but provide an example of defendant's own alleged failure to adequately respond "simply to highlight that the Government is hardly in a position to complain . . . ." Pls.' Resp. 5. Defendant, however, notes that plaintiffs never raised an issue about the sufficiency of its responses.[7] Def.'s Reply 6 n.3. If plaintiffs were dissatisfied with defendant's responses to the same degree of defendant's dissatisfaction with plaintiffs' responses, which precipitated filing of the instant motion, then they could have filed a similar motion. Regardless, the issue before the court is whether plaintiffs' responses, not those of defendant, are sufficient under the rules. A potential motion that plaintiffs could have filed, but ultimately did not based upon the reasoned judgment of counsel, is not relevant to resolving the issue before the court.

Defendant previously advised plaintiffs that "[t]here is no reason why the question[s] cannot be answered by a simple date for each property." Def.'s Ex. E. Defendant's interrogatories seek "the date," meaning one specific date upon which plaintiffs contend that their claims ripened. See Def.'s Ex. B. Notwithstanding plaintiffs' argument that "the precise date upon which a claim ripened in this case is not a fixed moment in time," Pls.' Resp. 2, they ultimately furnished, in all but five instances, a specific date on which either ELIHPA or LIHPRHA effected a regulatory taking as to a subject property. Their responses, however, reflect "the date that the initial Notice of Intent or Intent to Prepay was submitted to HUD or . . . the date of the twentieth anniversary of the subject property's mortgage, whichever was earlier." Def.'s Ex. D. As defendant notes, it is difficult to discern whether the dates supplied indicate when "each project 'could have' initiated administrative processing, actually 'did initiate' administrative processing, submitted an 'initial notice to prepay,' reached 'the twentieth anniversary of the project's mortgage,' or some other date." Def.'s Mot. 6 (footnote omitted).

The court notes that, although the parties cited case law, see Def.'s Reply 2-4, or referenced an "understanding of the law" as it relates to the issue of ripeness, Pls.' Resp. 2-3, neither party cited relevant case law on the issue before the court: whether plaintiffs' answers to defendant's interrogatories were sufficient. Indeed, several cases have determined that answers containing approximate dates adequately responded to interrogatories seeking specific dates. In Nester v. Poston, the court denied a motion to compel a further response to an interrogatory seeking the specific date on which defendant transferred an alleged kickback arrangement. 200

---

[7] Plaintiffs state that, unlike defendant, they "do not have unlimited funds, and therefore, although inadequate answers were provided to almost all of Plaintiffs['] interrogatory responses, an assessment was made that it was not worth pursuing compulsory answers to each and every interrogatory." Pls.' Resp. 5 n.3.

F.R.D. 268, 270 (W.D.N.C. 2001). There, defendant responded with a date "no later than July, 1999" and noted that greater specificity was not possible absent review of records in plaintiffs' control and custody. Id. The court found this response sufficient because "[d]efendant had already been questioned about this matter at length during his deposition." Id. Similarly, in O'Connor v. Boeing N. Am., Inc., 185 F.R.D. 272 (C.D. Cal. 1999), the court concluded that defendant provided a satisfactory answer to an interrogatory seeking "the date and location" of initial discovery "of contamination in the surrounding area" in a class action asserting personal injury and wrongful death claims. Id. at 278. The answer indicated that defendant "first became aware that releases . . . had migrated offsite in August or September 1991." Id. The court found this answer acceptable because it concluded the interrogatory "only requests information regarding defendant's first discovery of contamination, not the first discovery of contamination in the surrounding areas of each of the . . . [f]acilities." Id. (emphasis added).

Other courts, however, have concluded that failure to provide the date or dates requested by an interrogatory constituted an insufficient answer. For example, the court in Leonard v. Katsinas, granted a request to compel an answer to an interrogatory seeking "the date of and participants to any written or oral communications regarding the incident" after it found the answer provided–that "[p]laintiffs have had informal communications too numerous to list regarding the incident"–insufficient. No. 05-CV-1069, 2006 WL 1063768, at *5 (C.D. Ill. Apr. 20, 2006). One of the propounded interrogatories at issue in Int'l Fertilizer & Chem. Corp. v. Brasileiro, sought the "date on which subject shipment was accepted by respondent." 21 F.R.D. 193, 194 (S.D.N.Y. 1957). The answer furnished was that "[t]he bill of lading shows the goods were receipted for on October 31, 1950." Id. The court concluded that this response was "not an answer to the interrogatory." Id. Similarly, the court in Bailey v. Gen. Sea Foods, 26 F. Supp. 391 (D. Mass. 1939), deemed an answer, which stated "'[a]lthough I have worked since July 6, 1938, my work is of a lighter nature than that which I had been doing previous to this accident,'" insufficient because the interrogatory sought the date on which plaintiff returned to work following incurring alleged injuries. Id. at 393. The court stated that defendant was entitled to a "direct and explicit answer to this question to the extent that the plaintiff is able to state the exact date or the approximate date when he returned to work." Id.

Plaintiffs did not raise an objection on the basis of relevance when the court previously granted defendant leave to serve these two interrogatories. See Def.'s Reply 5 n.2. Although plaintiffs argue that defendant "may actually be attempting to obtain information during ripeness discovery that can later be used to confine Plaintiffs in the damages phase" or is "seeking information to use in a statute of limitations defense," Pls.' Resp. 3, these inquiries are not outside the scope of ripeness discovery because they are "relevant to the claim or defense of any party," RCFC 26(b)(1), and defendant is permitted to obtain discovery that will enable it to evaluate plaintiffs' ripeness claims. Defendant was permitted by the court to propound these interrogatories, and plaintiffs are required to provide adequate answers.

Although plaintiffs objected on the ground that these interrogatories are "vague and ambiguous," Def.'s Ex. D, they failed to state with specificity the reasons for this objection in

their answers, see RCFC 33(b)(1), (b)(4). Instead, they indicated in their response to defendant's motion that "the precise date upon which a claim ripened in this case is not a fixed moment in time." Pls.' Resp. 2. Moreover, plaintiffs' "attempt[] to answer" these interrogatories, id., should have specifically identified what each date represents, rather than furnishing generalized alternatives and referring defendant to dates whose meanings are not readily ascertainable. See Martin v. Easton Publ'g. Co., 85 F.R.D. 312, 315 (D.C. Pa. 1980) (affirming the motion to compel and stating that plaintiff "cannot escape her responsibility of providing direct, complete, and honest answers" and that defendants were "entitled to know the factual content of plaintiff's claims with a reasonable degree of precision" (emphasis added)); see also Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 64 F.R.D. 459, 463 (S.D.N.Y. 1974) (granting a motion to compel answers to interrogatories where plaintiff's responses "represent, not the detailed specificity required in the discovery process, but the type of general allegations appropriate in a pleading").

Unlike the situation in Nester, where depositions had already been taken prior to issuance of the interrogatories, defendant propounded these interrogatories while depositions remained ongoing. Moreover, the court believes that defendant's interrogatories are framed more narrowly than the one addressed in O'Connor. As such, the court finds that plaintiffs' answers resemble the answer rejected by the Bailey court. The court agrees with defendant that plaintiffs' responses are confusing, and defendant is entitled to a straightforward answer to its interrogatories. Plaintiffs shall, to the best of their ability, indicate the date upon which they contend their claims ripened. If one date is not ascertainable, then plaintiffs shall articulate any objections and the reasons for arriving at such a conclusion within the answers themselves. Because plaintiffs already demonstrated that they can provide specific dates, they shall also indicate, next to each date or approximate date for a subject property, an explanation indicating, with reasonable certainty, what that date represents. Should plaintiffs determine, following submission of their answers, that another date is more precise or that they otherwise need to amend their responses, amendment and supplementation are available to them. See RCFC 26(e)(1)-(2).

Lastly, although defendant did not expressly request sanctions, RCFC 37(a)(4)(A) provides that "the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion," unless (1) the motion was filed without the moving party first engaging in a good faith effort to obtain discovery without court intervention; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. RCFC 37(a)(4)(A). The court is not persuaded that plaintiffs' conduct justifies the imposition of sanctions at this time.

## Conclusion

Because plaintiffs' answers to the interrogatories discussed above are confusing, indirect, and incomplete, they are deemed a failure to respond pursuant to RCFC 37(a)(3). Defendant's

motion is **GRANTED**. Plaintiffs shall respond directly to the interrogatories in the manner stated above. Plaintiffs shall confer with defendant to establish a date by which their answers will be furnished and indicate this determination in the joint status report due by **March 7, 2008**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge