**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

March 6, 2008

*Via E-Mail & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.); *Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I believe the discussion we had yesterday about further proceedings in light of Judge Sweeney recent orders in the Anaheim Gardens and Algonquin Heights matters was productive. As you will recall, one of the matters we discussed concerned the scope of deposition discovery on "the processing of plaintiffs' properties under ELIHPA and LIHPRHA." See Ruling On Pls.' Mot. To Compel Def. To Answer Questions & To Produce Certain Documents at 10 (Feb. 29, 2008). I expressed my concern that the language in the Court's order was vague and could create problems. We agreed that Court's reference relates to testimony about the North Carolina and Indiana properties addressed in plaintiffs' motion to compel. See Pls. Mot. To Compel Def. To Answer Questions & To Produce Certain Documents at 7 (filed Dec. 7, 2007) (citing transcript pages). You explained that plaintiffs do not intend to invoke the Court's reference to seek discovery about other projects or about matters not raised during Mr. Barry's Rule 30(b)(6) deposition. To prevent future disputes and to facilitate the preparation of a Rule 30(b)(6) witness, I agreed to further delineate the United States' understanding of the scope of discovery contemplated by the Court's order.

Plaintiffs' motion to compel asserted that Mr. Barry was unable to offer substantive information about processing delays under ELIHPA for several properties in North Carolina. See Pls.' Mot. To Compel Def. To Answer Questions And Produce Documents at 7 (Dec. 7, 2007) (citing transcript pages). The motion cited to questions about why a particular project was asked to submit a new notice of intent (Coleridge Road) and about the general chronology of administrative processing for specific projects (Coleridge Road and Southgate). Id. (citing Barry Dep. at 308-33). Plaintiffs' motion also objected to the testimony provided with respect to several Indiana-based properties. Id. (citing Barry Dep. at 416-20). It cited questions concerning why a new notice of intent was requested in 1995 and the chronology of administrative

processing (Carriage House of Mishawaka I). Plaintiffs' reply reiterated the demand for additional testimony to "better understand what occurred" with respect to "processing for the projects related to North Carolina" and "processing of the Indiana properties." Reply at 12-13. Plaintiffs' motion and reply identified no other issues with respect to "the processing of plaintiffs' properties under ELIHPA and LIHPRHA."

The United States understands the Court to have directed the United States to prepare and provide a Rule 30(b)(6) deponent, insofar as feasible at this point in time, to respond to the questions about preservation processing that Mr. Barry was unable to fully answer at his deposition. The areas raised in plaintiffs' motion to compel concerned (1) HUD's request that the owner submit a new notice of intent with respect to the Coleridge Road and Carriage House of Mishawaka I projects, and (2) the general chronology of processing with respect to the Coleridge Road, Southgate and Carriage House of Mishawaka I projects. We will prepare a witness to address these subjects areas. You indicated during our call yesterday that plaintiffs may also seek analogous information with respect to some other Thetford-owned projects in North Carolina and Cambridge Square/Carriage House projects in Indiana.[1] It is unclear that this would be within the scope of the Court's order. We are nevertheless willing to prepare a witness to testify about such projects (i.e., the North Carolina Thetford projects and the Indiana Cambridge Square/Carriage House projects) provided that you specifically identify the additional projects about which you seek testimony. This information will enable witness preparation to proceed efficiently and minimize the likelihood of further disputes about the adequacy of Rule 30(b)(6) testimony.

During yesterday's call, we also discussed the scope of testimony that plaintiffs seek with respect to document retention policies and practices at HUD field offices.[2] You noted that you had concerns about document production with respect to particular projects. Seventeen HUD field offices managed one or more of the projects at issue in these cases. Because it is not feasible to prepare a witness to speak to the practices of multiple field offices, obtaining testimony regarding every field office will likely necessitate 17 different depositions at HUD regional offices. At your request, I agreed to provide a listing of the field offices involved and the number of projects that each office managed. You, in turn, agreed that plaintiffs would identify the particular projects about which you had concerns about the production of documents. Please provide the promised information promptly as we cannot investigate your document production concerns or adequately prepare deposition witnesses without it.

As you know, we provided you a list of the HUD field offices at issue yesterday. Upon receipt of this list, you requested that we identify specific projects handled by these field offices.

---

1 The pending litigation includes 30 Thetford-owned projects in North Carolina and an additional 11 Cambridge Square/Carriage House projects in Indiana.

2 As we previously explained, HUD has a single written document retention policy that governs its Washington office and all field offices.

An updated list providing this information is enclosed. It is our expectation that this will permit you to determine which field office document retention depositions you intend to take and enable the parties to include this information in our March 7, 2008 status report to Judge Sweeney.

Very truly yours,

David Harrington

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosure

**Anaheim Gardens/Algonquin Heights**
**HUD Offices Involved**

California

1. Los Angeles (6 projects): Anaheim, Milwood, Parthenia, Metro West, Ontario, Silverlake
2. Sacramento (1 project): 5324 Foothill Plaza
3. San Diego (2 projects): The Palomar, 620 Su Casa Por Cortez
4. San Francisco (4 projects): Cedar Gardens, Napa Park, Sierra Vista I & 825 San Tomas

District of Columbia

5. Washington (10 projects) – various Mid-Cities projects

Hawaii

6. Honolulu (2 projects): Waipahu Tower, Halawa View

Indiana

7. Indianapolis (11 projects) – Cambridge Square and Carriage House projects

Maryland

8. Baltimore (3 projects): Glenview Gardens, Garrison Forest I & II

Massachusetts

9. Boston (10 projects) – various projects

Michigan

10. Detroit (2 projects): Forest Glenn I & II
11. Grand Rapids (6 projects): Cambridge Square Grand Rapids I & II, Carriage House Muskegon, Briar Crest I & II, Briar Hills

New York

12. Buffalo (1 project): Countrytowne
13. New York (5 projects): Jodani, Suehar, New Amsterdam, Leader House, Tower West

North Carolina

14. Greensboro (30 projects) – Thetford III & IV projects

Rhode Island

15. Providence (1 project): King's Grant

Texas

16. Dallas (1 project): Brookside Manor

Virginia

17. Richmond (3 projects): Dolly Ann, Town and Country I & II