NIXON PEABODY LLP
ATTORNEYS AT LAW

401 9th Street N.W.
Suite 900
Washington, DC 20004-2128
(202) 585-8000
Fax: (202) 585-8080

Harry J. Kelly
Direct Dial: (202) 585-8712
E-Mail: hkelly@nixonpeabody.com

March 21, 2008

**VIA ELECTRONIC MAIL/U.S. POSTAL SERVICE**

Mr. David Harrington
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, Room 12136
Washington, DC 20530

**Re: Anaheim/Algonquin Litigation**
**-- Scope of Remaining Depositions**

Dear David:

This responds to your letter to me of March 6, 2008 (the "March 6 Letter"), setting forth your understanding concerning the scope of the Rule 30(b)(6) depositions concerning the processing of the Plaintiffs under ELIHPA and LIHPRHA, that were ordered by the Court in its Ruling on Plaintiffs' Motion to Compel Defendant to Answer Questions and To Produce Certain Documents (the "Order"). As explained in more detail below, while the parties appear to disagree about the reading of the Order and the scope of the depositions it requires, we believe the parties have agreed to limit the scope of the depositions, as explained in more detail below.

For the record, we do disagree with the statements contained in your letter concerning the scope of these depositions required by the Order. For example, it appears from your letter that you believe that the additional depositions directed by the Order could properly be limited to questions concerning the properties – Coleridge Road, Southgate and Carriage House of Mishawaka I – that were discussed during Mr. Barry's earlier depositions, and that "it is unclear" that testimony concerning other Thetford, Cambridge Square and Carriage House properties – or apparently any other properties – is required by the Order. March 6 Letter at 1-2.

Without belaboring the point, we believe that both Judge Hodges and Judge Sweeney have made it abundantly clear that the Government must respond fully to our Rule 30(b)(6) deposition notices, and there is nothing whatsoever in the Order that would limit the forthcoming depositions to the properties that were actually discussed during Mr. Barry's previous deposition.

10940893.1

The fact that Mr. Barry was not able to provide testimony with respect to the properties that were discussed does not mean that our examination is limited to those properties. To the extent that certain properties were discussed either in our motion or in the Order, they were cited in both cases as examples, and were not intended in either document as a limitation on the scope of the Plaintiffs' legitimate inquiries. The Order can only be construed to assure the Plaintiffs have a right to obtain testimony on the processing of all the properties in the lawsuit, if we choose to do so.

Nevertheless, we do not need to pursue the point because, irrespective of our differing views about the Order, both sides have agreed to limit the scope of the depositions that the Court has directed pursuant to the Order. As we understand your position, the Government is concerned about the "width" of the examination – that is, the number of properties about which the Plaintiffs will seek testimony. For our part, we are concerned about the "depth" of the examination – the ability to fully probe the processing history of the properties that we seek to address. Generally, I believe we are in agreement concerning the properties that we want to discuss with your witnesses. For example, you have agreed that you will produce a witness to discuss the Thetford Properties, and the Cambridge Square/Carriage House properties that were processed by the Indianapolis office (a total of 41 properties). The only additions we would make to that list are the remaining Cambridge Square/Carriage House properties that were processed in Grand Rapids (2 properties) and those that were processed in Boston (10 properties, although as explained in more detail below, we are planning to refine that list).

For several reasons, I do not believe this will present significant additional burdens to the government. First, as we discussed, many of the Thetford, Cambridge Square, and Carriage House properties were "block filed" by the plaintiffs and were processed by HUD in large blocks, according to the records we have seen. If so, then many properties will have essentially similar processing histories and it should not be difficult to prepare testimony. Second, with respect to the Boston properties, Mr. Barry, who was the government's original Rule 30(b)(6) deponent on these matters, was also the official who originally processed most of those properties and should have first hand knowledge about them already. Third, we intend to further reduce the number of Boston properties about which we intend to inquire. Review of the relevant documents and depositions has taken longer than we expected (in part due to intervening urgent business unrelated to these cases), but we will provide you that list as soon as we can, certainly no later than April 7, 2008, which is two weeks prior to the beginning of the new deposition period. If we complete our review sooner, we will let you know, and if you intend to begin preparation of your witnesses earlier than April 7, please advise us.

As noted above, our willingness to voluntarily limit the number of properties about which we will seek testimony should not be taken as agreement with your position concerning the allegedly limited scope of depositions ordered by the Court. Also, as noted, we believe the Order allows us to pursue any relevant issues relating to processing of these properties, not just the subjects that were discussed in the limited discussions during Mr. Barry's earlier deposition. Pursuant to the Joint Status Report, we would plan to conduct this deposition during the period between April 21 and May 16, 2008. We prefer to do the depositions in Washington, D.C.

We have separately addressed the question raised in the March 6 Letter concerning the offices from which we will seek deposition testimony concerning HUD's document retention policies. Our agreement with respect to those matters is incorporated into the Joint Status Report filed with the Court on March 14, 2008.

Please call me if you have any questions.

Very truly yours,

Harry J. Kelly

cc: Alycia A. Ziarno, Esq.

10940893.1