NIXON PEABODY LLP
ATTORNEYS AT LAW

**EXHIBIT A**

401 9th Street N.W.
Suite 900
Washington, DC 20004-2128
(202) 585-8000
Fax: (202) 585-8080

Harry J. Kelly
Direct Dial: (202) 585-8713
E-Mail: hkelly@nixonpeabody.com

April 4, 2008

**VIA E-MAIL AND U.S. POSTAL SERVICE**

David Harrington, Esq.
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, Room 12136
Washington, DC 20530

**Re: Anaheim/Algonquin Litigation**
**-- Prepayment Eligibility Dates for Massachusetts Properties**

Dear David:

As we discussed on Wednesday and pursuant to the letter I sent yesterday, we hope to eliminate the need to involve the Court in making a determination concerning the number and scope of the depositions to be taken by the Plaintiffs pursuant to the Court's Ruling On Plaintiffs' Motion to Compel Defendant To Answer Questions And To Produce Certain Documents (the "Order"). In an effort to do so, we are supplying a list of the 20-year prepayment eligibility dates for the Massachusetts properties in the above-referenced litigation based on our records. It is my hope that the Government will stipulate to these dates. If so, we can eliminate the need for deposition testimony on these matters which I hope will allow the parties to agree to proceed with depositions pursuant to the Order, without need for a status conference. A detailed proposal is set forth below.

As we discussed, there are ten (10) plaintiff properties in Massachusetts that were not HUD-insured, so they do not have the typical final endorsement date from which prepayment eligibility is routinely calculated. With respect to these properties, we believe the appropriate date to measure the 20-year eligibility date is the date of the final mortgage. Those dates are set forth below for the ten (10) plaintiff properties processed by the Boston office, as follows:

**EXHIBIT A**



| | |
|---|---|
| Algonquin Heights | February 23, 1992 |
| Brandy Hill | April 26, 1992 |
| Cromwell Court | June 15, 1992 |
| Fort Heath, | October 22, 1991 |
| Riverside Village, | September 1, 1991 |
| Chauncy House | October 14, 1995 |
| Church Park Apartments | February 11, 1991 |
| Pine Crest | March 23, 1993 |
| 1550 Beacon Street | December 19, 1992 |
| 100 Centre Plaza | July 1, 1990 |

To summarize, our proposal is as follows:

1. The parties will stipulate that the dates listed above are the 20-year prepayment eligibility dates for the subject properties, for all purposes related to these litigations.
2. The parties agree that the Plaintiffs may proceed with depositions pursuant to the Order with respect to the preservation processing of the following properties:
   a. The Thetford properties
   b. The Cambridge Square and Carriage House properties processed by the Indianapolis office
   c. The Cambridge Square and Carriage House properties processed by the Grand Rapids office
   d. The properties processed by the Boston office, but solely with respect to issues related to (i) rent control or stabilization laws affecting those properties and (ii) secondary financing of those properties.
3. The Government will withdraw its Motion For Expedited Status Conference To Address The Scope of Discovery Pursuant To The Court's February 29, 2008 Order.

The Government has already agreed to allow the Plaintiffs to take the depositions listed in paragraph 2(a) – (c), and we hope that by eliminating the need for testimony on eligibility dates, you will agree to depositions concerning the narrow Massachusetts-related topics listed in paragraph 2(d). I believe the Court will appreciate it if we can resolve this matter without a status conference. If these terms are acceptable to you, please let me know as soon as possible, so that we can promptly notify the Court that the parties have resolved this matter. Please let me know if you have any questions.

Very truly yours,

Harry J. Kelly

cc: Alycia Ziarno, Esq.

10969323.1