**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiffs allege that the Emergency Low-Income Housing Preservation Act ("ELIHPA") and the Low Income Housing Preservation and Resident Homeownership Act ("LIHPRHA") (collectively, the "Preservation Statutes") effected a taking of their contractual right to prepay the federally-insured mortgages on their respective properties. The mortgage documents of six properties in this action contain no contractual right to prepay. Consequently, the taking claims relating to these properties must fail and the Court should grant this motion for partial summary judgment.[1]

**STATEMENT OF THE ISSUE**

Whether the owners of Dolly Ann Apartments, Carriage House of Mishawaka Apartments, Leader House Apartments, New Amsterdam Apartments, Suehar Associates, and Town & Country Apartments Section I possessed a contractual right to prepay their HUD-insured mortgages that could be taken by the Preservation Statutes.

---

[1] On June 4, 2008, the Court directed the parties to file summary judgment motions on ripeness on or before September 22, 2008. Order of Judge Sweeney at 1 (June 4, 2008). The United States will file a separate motion addressing the issue of ripeness in accordance with the Court's order.

## STATEMENT OF THE CASE

### I. Nature of the Case

Plaintiffs own housing projects that were developed using loans insured or subsidized by the United States under housing programs administered by the Department of Housing and Urban Development ("HUD"). Plaintiffs have sued the United States alleging that the Preservation Statutes effected an as-applied, regulatory taking of the contractual right to prepay their Government-insured loans. Second Am. Compl. ¶¶ 77-78. Plaintiffs seek compensation pursuant to the Takings Clause of the Fifth Amendment. Id. ¶ 78.

### II. Statement of Facts

#### A. The Section 221(d)(3) And Section 236 Programs

Modern national housing policy began in the New Deal era with the passage of the National Housing Act of 1934. Initially, the Government provided low-income housing by subsidizing projects that were developed, owned, and managed by local public housing authorities. During the 1960's, to encourage private developers to construct, own, and manage low- and moderate-income housing, Congress enacted two programs – the section 221(d)(3) program and the section 236 program – that authorized the Federal Housing Administration, and later HUD, to provide mortgage insurance and other financial incentives.[2] See generally Cienega Gardens v. United States, 331 F.3d 1319, 1234 (Fed. Cir. 2003).

[2] Before 1968, developers received below-market mortgage interest rates through the section 221(d)(3) program. 12 U.S.C. § 1715l(d)(3). Developers subsequently received market-rate mortgages with an interest subsidy through the Section 236 program. 12 U.S.C. § 1715z-1.

Generally, when obtaining a HUD-insured mortgage to develop a project under the section 221(d)(3) and 236 programs, the owner executed a deed of trust note payable to a private lending institution. The note evidenced a loan made pursuant to an agreement between the owner and the lending institution. Payment of the indebtedness was secured by a deed of trust on the subject property. The repayment term of the loan was generally forty years and the note specified the terms on which prepayment of the loan could occur.[3] Id. at 1324.

To obtain Federal mortgage insurance, as well as other taxpayer-funded benefits, the developer entered into a "regulatory agreement" with HUD in which the owner accepted specific restrictions on the mortgaged property, including restrictions on tenant income, allowable rental rates, and cash distributions from project income. The regulatory agreement remained in force as long as the property was subject to the Government-insured mortgage. Thus, by prepaying the outstanding loan, the owner would end affordability restrictions in the property's regulatory agreement. Id. at 1234-35.

### B. The Mortgage Documents For Certain Projects In This Action Contain No Right To Prepay

#### 1. Dolly Ann Apartments (FHA No. 051-35118)

Dolly Ann Apartments LP executed a deed of trust note on May 25, 1972. DA1-4.[4] The loan evidenced by the deed of trust note was provided by Shelter Mortgage Corporation, and has

---

[3] Prepayment was further limited by Federal regulations, which prohibited prepayment of the insured debt without HUD approval for 20 years after final endorsement of the project's mortgage insurance. See, e.g., 24 C.F.R. § 221.524(a) (1970). The regulations governing prepayment were subject to amendment by HUD. See, e.g., 24 C.F.R. § 221.749 (1970).

[4] The defendant's appendix attached to this motion is cited as "DA__."

a final maturity date of July 1, 2013. DA3. The final endorsement for Federal mortgage insurance was provided by HUD on January 16, 1974. DA2.

Paragraph 2 of Attachment A of the deed of trust note concerns prepayment of the insured debt. DA3-4. The concluding sentence of this paragraph states: "Any other provisions of this Note to the contrary notwithstanding the debt evidenced by this Note may not be prepaid either in whole or in part prior to the final maturity date hereof without the prior written approval of the Federal Housing Commissioner." DA4.

**2. Carriage House of Mishawaka (FHA No. 073-44008)**

Carriage House of Mishawaka executed a mortgage and mortgage note on October 2, 1969. DA5-6. The loan evidenced by the mortgage note was provided by Mount Vernon Sales & Mortgage Corporation, and has a final maturity date of June 1, 2011. DA5. The parties deleted the following provision allowing prepayment from the mortgage note: "Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on principal next due, on the first day of any month prior to maturity on at least thirty (30) days' prior written notice to the holder." DA5; see also DA7 (showing the language deleted from the mortgage note). The mortgage note purportedly included a rider. See DA5. Plaintiffs have not produced, and the United States does not possess, a rider to the Carriage House of Mishawaka mortgage note.[5] Thus, the mortgage documents concerning Carriage House of Mishawaka fail to

---

[5] On July 18, 2008, we informed plaintiffs that we could find no document establishing a contractual right to prepay after 20 years with respect to Dolly Ann Apartments, Carriage House of Mishawaka, Leader House Apartments, New Amsterdam Apartments, Suehar Associates and Town & Country Apartments Section I. Letter from David A. Harrington to Harry Kelly at 1 (July 17, 2008) (attached as Exhibit A). We requested that plaintiffs identify (by Bates number) the contract documents establishing a right to prepay. Id. at 1-2. Plaintiffs have provided no information in response to this request.

establish that the partnership had a right to prepay that could be taken by the Preservation Statutes.

**3. <u>Leader House Apartments (FHA No. 012-11074)</u>**

The owner of Leader House Apartments executed an agreement with the City of New York acting through the New York Department of Housing Preservation and Development and the New York Housing Development Corporation on February 21, 1997. DA10-15. This agreement states that the owner of Leader House Apartments executed a mortgage and mortgage note with the City of New York on January 23, 1978. DA10 (describing the "First Mortgage Loan"). Leader House has failed to produce the January 23, 1978 mortgage documents or any prior mortgage documents. Thus, Leader House has failed to establish that it possessed a contractual right to prepay the mortgage that could be taken by the Preservation Statutes.

**4. <u>New Amsterdam Apartments (FHA No. 012-11087)</u>**

The owner of New Amsterdam Apartments executed an agreement with the City of New York acting through the New York Department of Housing Preservation and Development, and the New York Housing Development Corporation on February 21, 1997. DA16-21. This agreement states that the owner of New Amsterdam Apartments executed a mortgage and mortgage note with the City of New York on June 12, 1978. DA16 (describing the "First Mortgage Loan"). New Amsterdam has failed to produce the June 12, 1978 mortgage documents or any prior mortgage documents. Thus, New Amsterdam has failed to establish that it possessed a contractual right to prepay the mortgage that could be taken by the Preservation Statutes.

**5. Suehar Associates (FHA No. 012-35049)**

Suehar Associates has produced, and the United States possesses, no mortgage documents establishing a contractual right to prepay a deed of trust on the project. Thus, Suehar Associates has failed to establish that it possessed a contractual right to prepay a mortgage that could be taken by the Preservation Statutes.

**6. Town & Country Apartments Section I (FHA No. 051-44037)**

Town & Country Apartments Section I has produced, and the United States possesses, no mortgage documents establishing a contractual right to prepay a deed of trust on the project. Thus, Town & Country Apartments Section I has failed to establish that it possessed a contractual right to prepay a mortgage that could be taken by the Preservation Statutes.

## ARGUMENT

### I. Standard of Review

Summary judgment is "a salutary method of disposition 'designed to secure the just, speedy and inexpensive determination of every action.'" Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). It is proper when no genuine issues of material fact are in dispute and the moving party is entitled to judgment as a matter of law. RCFC 56(b); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Facts are material only if they "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. Substantive law provides the basis to identify the material facts. Embrey v. United States, 17 Cl. Ct. 617 (1989).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, which it believes demonstrate the absence of a

genuine issue of material fact. Celotex, 477 U.S. at 323. The non-moving party is then obliged to "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof . . . at trial." Id. at 322. A failure of proof concerning an essential element of the non-moving party's case entitles the moving party to a legal judgment. Id. at 323.

As the United States Court of Appeals for the Federal Circuit emphasized in Sweats Fashions: "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." 833 F.2d at 1563 (emphasis in original). Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court of Federal Claims] – that there is an absence of evidence to support the non-moving party's case." Id. (emphasis in original) (quoting Celotex, 477 U.S. at 325). The burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the non-moving party's case. Celotex, 477 U.S. at 331.

"The party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant." Barmag Barmer Maschinenfabrik AG v. Murata Mach. Ltd., 731 F.2d 831, 836 (Fed. Cir. 1984). It is well settled that self-serving conclusory statements as to the ultimate issue asserted by a party's witnesses cannot raise a genuine issue of material fact. Imperial Tobacco Limited v. Phillip Morris, Inc., 899 F.2d 1575, 1581 (Fed. Cir. 1990) (citing Sweats Fashions, 833 F.2d at 1564); RCFC 56.

In this case, the relevant facts are either not in dispute or, given the evidence presented in the appendix to this motion, not subject to a genuine dispute. Summary judgment in favor of the Government is therefore appropriate. Celotex, 477 U.S. at 325.

## II. The Court Should Grant Summary Judgment With Respect To Plaintiffs That Have No Contractual Right To Prepay

Plaintiffs allege that they entered into contracts that provide a right to prepay their respective HUD-insured mortgages after 20 years.[6] Second Am. Compl. ¶ 77. Plaintiffs further allege that the Preservation Statutes prohibited the exercise of the contractual right to prepay and, therefore, effected a regulatory taking. Id. ¶ 78.

The projects that are the subject of this motion fall into one of three categories: (1) the project's mortgage note expressly states that the owner has no right to prepay without HUD's consent; (2) the owner deleted language from the project's mortgage note that would have conferred a right to prepay without HUD's consent; or (3) the owner has failed to produce any document establishing a contractual right to prepay the project's mortgage without HUD's consent. See DA4, 5, 7. It is axiomatic that a taking claim must fail where the plaintiff does not possess the property interest allegedly taken. See, e.g., Huntleigh USA Corp. v. United States, 525 F.3d 1370, 1377 (Fed. Cir. 2008) ("only persons with a valid property interest at the time of the taking are entitled to compensation"); Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (a court must first "determine whether the claimant possessed a cognizable property

---

[6] Plaintiffs' taking count incorrectly avers that these contracts were with the United States. Second Am. Compl. ¶ 77. The only agreement between plaintiffs and the United States – the regulatory agreement – contains no prepayment right. See Cienega Gardens v. United States, 194 F.3d 1231, 1240-42 (Fed. Cir. 1998). Furthermore, this Court dismissed plaintiffs' breach of contract claim on August 16, 2000 – a ruling that plaintiffs did not appeal to the Federal Circuit. See Anaheim Gardens v. United States, 444 F.3d 1309 (Fed. Cir. 2006).

interest"). Because the owners of Dolly Ann Apartments, Carriage House of Mishawaka, Leader House Apartments, New Amsterdam Apartments, Suehar Associates and Town & Country Apartments Section I possess no contractual right to prepay, the Court should grant the United States' motion for summary judgment.

Furthermore, with respect to the Leader House and New Amsterdam projects, the owner executed a "First Mortgage Loan" during 1978. DA10, 16. Even if the mortgage documents had contained a right to prepay after 20 years (a supposition the evidence fails to support), the right could not have been exercised until 1998. Because the statutory requirement that owners obtain HUD approval to prepay was repealed in March 1996 by the Housing Opportunity Program Extension Act of 1996 (the "HOPE Act"), see Cienega Gardens v. United States, 503 F.3d 1266, 1287 (Fed. Cir. 2007), the Preservation Statutes could not have effected a taking with respect to Leader House or New Amsterdam.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant this motion for partial summary judgment and enter judgment in favor of the United States with respect to the taking claims of Dolly Ann Apartments, Carriage House of Mishawaka, Leader House Apartments, New Amsterdam Apartments, Suehar Associates and Town & Country Apartments Section I.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

August 8, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 8th day of August 2008, a copy of "DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT" and the accompanying appendix were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington