**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

July 17, 2008

*Via E-mail & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

As you are aware, the only remaining count in the Anaheim Gardens and Algonquin Heights complaints alleges an as-applied, regulatory taking of the respective owners' contractual right to prepay their Government-insured mortgages. Fourth Am. Compl. ¶¶ 80-82 (count three in Anaheim Gardens); Second Am. Compl. ¶¶ 77-78 (count one in Algonquin Heights). We have reviewed the documents produced in these actions (both HUD files and plaintiffs' documents) in order to identify contracts that contain a right to prepay. As I previously explained to you, we have been unable to identify such contracts with respect to certain projects. This letter responds to your recent inquiry about the identity of such projects. See Letter from Harry Kelly to David A. Harrington at 1 (July 11, 2008).

We have found mortgage documents for five projects – Milwood Apartments (GOV-WAS07583-86), Parthenia Manor Apartments (IRH097521-24), Market North Apartments #2 (GOV-WAS11124-25), Stewart's Creek #1 Apartments (GOV-AG51465-68), and 100 Centre Plaza (IRH02979-91, IRH03176-77) – that expressly prohibit prepayment at any time. In addition, we have been unable to find any document containing a contractual right to prepay the Government-insured mortgage on Carriage House of Mishawaka I, Dolly Ann Apartments, Willow Creek Apartments (Emory Grove), Millwood Townhouses, Hardee Street Apartments, Holiday Town #1 Apartments, Leader House Apartments, New Amsterdam Apartments, Suehar Associates, Town & Country Apartments (Section I), Tower West Apartments, Forest Glen Apartments (Phase I), and Forest Glen Apartments (Phases II & III).

It is axiomatic that the United States cannot take a contract right that does not exist. Naturally, we assume that you have a good faith basis for the allegation in the respective complaints that each plaintiff had a contractual right to prepay. Consequently, please identify the

contract document (by Bates number) that contains the right to prepay that was allegedly taken by the United States.[1]

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

[1] We are operating on the assumption that you will voluntarily dismiss claims where no documentary evidence establishes that a contractual right to prepay exists. If the parties are unable to resolve such claims, we intend to file a motion for summary judgment.