**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiffs, Dolly Ann Apartments, L.P. ("Dolly Ann"), Leader Housing Co. Inc. and Leader Housing Associates (jointly, "Leader"), New Amsterdam Houses, Inc. and New Amsterdam Associates (jointly, "New Amsterdam"), Suehar Associates ("Suehar"), Town & Country Apartments and Townhouses ("Town & Country"), and Carriage House of Mishawaka I L.P. ("Mishawaka I") respond as follows to the Defendant's proposed findings of uncontroverted fact.

1. Modern national housing policy began in the New Deal era with the passage of the National Housing Act of 1934. The Government initially provided low-income housing by subsidizing projects that were developed, owned, and managed by local public housing authorities. However, during the 1960's, to encourage private developers to construct, own, and manage low- and moderate-income housing, Congress enacted two programs — the section 221(d)(3) program and the section 236 program — that authorized the Federal Housing Administration, and later HUD, to provide mortgage insurance and other financial incentives. See Cienega Gardens v. United States, 331 F.3d 1319, 1234 (Fed. Cir. 2003).

**Response:** The proposed finding of fact is a citation to a judicial opinion, not an

assertion of a finding of fact properly supported by an affidavit, deposition testimony or other discovery response. Nonetheless, for purposes of this motion only, Plaintiffs agree with the asserted "proposed finding of fact."

2. Under the section 221(d)(3) program, developers received below-market mortgage interest rates. 12 U.S.C. § 17151(d)(3). Under the section 236 program, developers received market-rate mortgages with an interest subsidy. 12 U.S.C. § 1715z-1.

**Response:** The proposed finding of fact is a citation to law, not an assertion of a finding of fact properly supported by an affidavit, deposition testimony or other discovery response. Nonetheless, for purposes of this motion only, Plaintiffs agree with the asserted "proposed finding of fact."

3. When obtaining a HUD-insured mortgage to develop a project under the section 221(d)(3) and 236 programs, the owner generally executed a deed of trust note payable to a private lending institution. The note evidenced a loan made pursuant to an agreement between the owner and the lending institution. Payment of the indebtedness was secured by a deed of trust on the subject property. The repayment term of the loan was generally forty years and the note specified the terms on which prepayment of the loan could occur. See Cienega Gardens, 331 F.3d at 1234.

**Response:** Plaintiffs disagree with the proposed finding of fact, to the extent it is one, because it is a citation to case law, as stated. It is not true that in all cases the deed of trust note specified the terms on which prepayment of the loan could occur since HUD regulations governed prepayment rights. See, e.g., PA at 034-37, 044-46, 234-35 and 313-15.

4. Prepayment was also limited by Federal regulations, which prohibited prepayment of the insured debt without HUD approval for 20 years after final endorsement of

the project's mortgage insurance. See, e.g., 24 C F R § 221.524(a) (1970). The regulations governing prepayment were subject to amendment by HUD. See, e.g., 24 C.F.R. § 221.749 (1970).

**Response**: Plaintiffs disagree with the proposed finding of fact as stated. Prepayment of a government insured mortgage was not "limited" by § 221.524. In some cases, the cited regulation was consistent with prepayment terms stated in a mortgage note, in which case, the regulation did not "limit" anything. In other cases, the regulation was inconsistent with the language of a mortgage note, but rather than "limiting" prepayment, the regulation served to permit prepayment of the mortgage. See generally PA at 034-37 and 234-35.

In addition, the proposed finding as stated is an incomplete characterization of the regulation. It is true that the regulation prohibited prepayment of an insured debt without HUD approval for 20 years after final endorsement of a project's mortgage. However, the regulation also permitted, among other things, prepayment of an insured § 221(d)(3) mortgage any time after 20 years from the date of HUD's final endorsement of the mortgage provided that the project was not receiving rent supplement assistance. See PA at 034-37.

5. To obtain Federal mortgage insurance, as well as other taxpayer-funded benefits, the developer entered into a "regulatory agreement" with HUD in which the owner accepted specific restrictions on the mortgaged property, including restrictions on tenant income, allowable rental rates, and cash distributions from project income. The regulatory agreement remained in force as long as the property was subject to the Government-insured mortgage. See Cienega Gardens, 331 F.3d at 1234-35.

**Response**: The proposed finding of fact is a citation to a judicial opinion, not an assertion of a finding of fact properly supported by an affidavit, deposition testimony or other

discovery response. Nonetheless, for purposes of this motion only, Plaintiffs agree with the asserted "proposed finding of fact."

6. On May 25, 1972, Dolly Ann Apartments LP executed a deed of trust note. DA1-4.

**Response**: Plaintiffs agree with the proposed finding of fact as stated.

7. The loan evidenced by the deed of trust note was provided by Shelter Mortgage Corporation, and has a final maturity date of July 1, 2013. DA3.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

8. The final endorsement for Federal mortgage insurance was provided by HUD on January 16, 1974. DA2.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

9. Paragraph 2 of Attachment A of the deed of trust note concerns prepayment of the insured debt. DA3-4. The concluding sentence of this paragraph states: "Any other provisions of this Note to the contrary notwithstanding the debt evidenced by this Note may not be prepaid either in whole or in part prior to the final maturity date hereof without the prior written approval of the Federal Housing Commissioner." DA4.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

10. Carriage House of Mishawaka executed a mortgage and mortgage note on October 2, 1969. DA5-6.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

11. The loan evidenced by the mortgage note was provided by Mount Vernon Sales & Mortgage Corporation, and has a final maturity date of June 1, 2011. DA5.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

12. The parties deleted the following provision allowing prepayment from the mortgage note: "Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on principal next due, on the first day of any month prior to maturity on at least thirty (30) days' prior written notice to the holder." DA5, 7.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

13. The Carriage House of Mishawaka mortgage note purportedly included a rider. See DA5. Plaintiffs have not produced, and the United States does not possess, a rider to the Carriage House of Mishawaka mortgage note.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. The mortgage note did not "purportedly" include a rider; it did in fact include a rider as expressly stated in the mortgage note document. *See* DA at 5 ("See Rider 1 attached hereto and made a part of this Note"). Plaintiffs also disagree with the assertion that the United States does not possess the rider to the Carriage House of Mishawaka mortgage note. See PA 362-88, 384 (setting forth HUD's obligation to retain a property's mortgage documents in what is referred to as the "Washington Docket."). Plaintiffs do, however, agree that they did not, and the Government did not, locate and produce the rider to the note.

14. The owner of Leader House Apartments executed an agreement with the City of New York acting through the New York Department of Housing Preservation and Development and the New York Housing Development Corporation on February 21, 1997. DA10-15. This agreement states that the owner of Leader House Apartments executed a mortgage and mortgage note with the City of New York on January 23, 1978. DA10 (describing the "First Mortgage Loan").

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

15. Leader House has failed to produce the January 23, 1978 mortgage documents or any prior mortgage documents containing a contractual right to prepay.

**Response:** Plaintiffs agree that they could not locate and did not produce mortgage documents for Leader House. However, the Government produced to Plaintiffs copies of the mortgage documents for Leader House, and those documents contain a contractual right to prepay the mortgage. PA at 204-12.

16. Leader House had no contractual right to prepay the January 23, 1978 mortgage.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. The Government possesses, and produced to Plaintiffs, copies of mortgage documents for Leader House, and those documents contain a contractual right to prepay the mortgage. PA at 204-12.

17. The owner of New Amsterdam Apartments executed an agreement with the City of New York acting through the New York Department of Housing Preservation and Development, and the New York Housing Development Corporation on February 21, 1997. DA16-21 . This agreement states that the owner of New Amsterdam Apartments executed a mortgage and mortgage note with the City of New York on June 12, 1978. DA16 (describing the "First Mortgage Loan").

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

18. New Amsterdam has failed to produce the June 12, 1978 mortgage documents or any prior mortgage documents containing a contractual right to prepay.

**Response:** Plaintiffs agree with the proposed finding of fact as stated.

19. New Amsterdam had no contractual right to prepay the June 12, 1978 mortgage.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. New Amsterdam had a right to prepay its mortgage pursuant to HUD regulations and policies. PA at 034-37 and 234-35.

20. Suehar Associates has produced, and the United States possesses, no mortgage document containing a contractual right to prepay a deed of trust on the project.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. Suehar produced its mortgage note to the Government, the Government used that note as an exhibit at the Rule 30(b)(6) deposition of Suehar, and the note contains express language permitting prepayment. PA at 001-2.

21. Suehar had no contractual right to prepay a Government-insured mortgage on the project.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. Suehar produced its mortgage note to the Government, the Government used that note as an exhibit at the Rule 30(b)(6) deposition of Suehar, and the note contains express language permitting prepayment of the mortgage note. PA at 001-2.

22. Town & Country Apartments Section I has produced, and the United States possesses, no mortgage document containing a contractual right to prepay a deed of trust on the project.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. Plaintiffs agree that Town & Country Apartments Section I did not locate and produce its mortgage note. However, the Government did produce a copy of the mortgage note, and that note expressly permits prepayment of the mortgage twenty years after final endorsement by HUD. PA at 176-77.

23. Town & Country Apartments Section I had no contractual right to prepay a Government-insured mortgage on the project.

**Response:** Plaintiffs disagree with the proposed finding of fact as stated. The Government produced a copy of the mortgage note for Town & Country Apartments Section I, and that note expressly permits prepayment of the mortgage twenty years after final endorsement by HUD. PA at 176-77.

Dated: September 9, 2008

NIXON PEABODY LLP

/s/ Harry J. Kelly

Harry J. Kelly
401 9th Street N.W., Suite 900
Washington, D.C. 20004
P: (202) 585-8000
F: (202) 585-8080
hkelly@nixonpeabody.com

Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I certify that on the 9th day of September 2008, a copy of "PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Harry J. Kelly
Harry J. Kelly