# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., Plaintiffs, | ) | |
| v. | ) | No. 97-582C (Judge Margaret M. Sweeney) |
| THE UNITED STATES, Defendant. | ) | |

## PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the Court of Federal Claims, Plaintiffs, Dolly Ann Apartments, L.P. ("Dolly Ann"), Leader Housing Co. Inc. and Leader Housing Associates (jointly, "Leader"), New Amsterdam Houses, Inc. and New Amsterdam Associates (jointly, "New Amsterdam"), Suehar Associates ("Suehar"), Town & Country Apartments and Townhouses ("Town & Country"), and Carriage House of Mishawaka I L.P. ("Mishawaka I"), submit the following additional proposed findings of fact.

1. Suehar entered into a mortgage in 1970 as reflected by its Mortgage Note dated May 19, 1970, and that mortgage note permitted prepayment of the mortgage with thirty days written notice. See PA at 001-2.

2. Suehar entered into a rent supplement contract with HUD in 1970. See PA at 043.

3. In 1983, Suehar converted from receiving rent supplement assistance to receiving Section 8 Loan Management Set Asides ("Section 8 LMSA"). See PA at 175.

4. Town & Country received a mortgage in 1970 as reflected by a Deed of Trust Note dated May 15, 1970. See PA at 176-77.

5. Town & Country participated in the Section 236 program and it was a limited dividend mortgagor that did not receive rent supplement assistance. See PA at 177-78; see also PA at 180-87.

6. Once a project converted from rent supplement assistance to Section 8 LMSA, it was no longer subject to the 40-year prepayment lockout applicable to rent supplement properties, and became subject only to the standard 20-year prepayment restriction contained in 24 C.F.R. § 221.524. See PA at 044-046; see also PA at 056.

7. The United States Department of Housing and Urban Development ("HUD") had a policy that its prepayment regulations superseded contrary language in a mortgage note. See PA at 234-35; see also 313-15, 315.

8. Town & Country was eligible to prepay its mortgage after December 16, 1991, and on September 14, 1993, it submitted a Notice of Intent to initiate processing under LIHPRHA. See PA at 188-89.

9. On September 29, 1993, HUD sent Town & Country a letter confirming receipt of the Notice of Intent and stating that Town & Country was an "eligible project." PA at 190-92.

10. HUD approved Town & Country's LIHPRHA Plan of Action. See PA at 196-97.

11. Leader House Apartments, owned by Leader, received New York City insured financing when it was originally constructed and also participated in the Section 236 project. See PA at 198-203.

12. Leader obtained mortgages in 1970 and 1978 as reflected by a Mortgage Note dated January 23, 1978 and a Mortgage Note dated August 13, 1970. See PA at 204-12.

13. On May 3, 1993, Leader filed a Notice of Intent seeking incentives under LIHPRHA. See PA at 213-15.

14. HUD notified Leader that it was an eligible project under LIHPRHA subject to the results of the Windfall Profits Test. See PA at 216-20.

15. There was no final endorsement of the Leader mortgage by HUD, and the twenty year prepayment limitation began to run from the date that the temporary certificate of occupancy was issued in 1972 so nothing in the 1978 mortgage affected the prepayment eligibility date. See PA at 201 – 201f; 201i; and 201k

16. Dolly Ann initially received rent supplement assistance, but later converted to Section 8 LMSA. See PA at 221-25.

17. On January 26, 1995, Dolly Ann filed a Notice of Intent form pursuant to LIHPRHA. See PA at 316-17.

18. HUD stated in a letter dated February 8, 1995 that Dolly Ann was an "eligible project." See PA at 318-20.

19. On July 12, 1996, HUD approved Dolly Ann's LIHPRHA Plan of Action. See PA at 321-22

20. HUD subsequently entered into a Use Agreement with Dolly Ann dated February 12, 1997, and expressly stated in that agreement that Dolly Ann was eligible to prepay its mortgage. PA at 324-31, 324.

21. Mishawaka I initially received rent supplement assistance. See generally PA at 332-36.

22. In 1983, Mishawaka I converted and began receiving Section 8 LMSA. See PA at 338-61.

23. HUD is required to retain copies of relevant mortgage documents for Mishawaka I in its files. See PA at 362-88

24. Mishawaka I filed a second Notice of Intent under ELIHPA dated February 20, 1995. See PA at 389-91.

25. HUD acknowledged receipt of the Notice of Intent in a letter dated March 15, 1995 and stated that Mishawaka I was an eligible property under ELIHPA. PA at 392-93.

26. The 30(b)(6) representative for Mishawaka I testified that Mishawaka I possessed a right to prepay its mortgage prior to enactment of ELIHPA. See, e.g., PA at 394-03, 400.

27. The Government introduced a copy of the Mishawaka II mortgage note during the deposition of the Mishawaka I 30(b)(6) representative. See PA at 404-06.

28. New Amsterdam received mortgage insurance from New York City and also participated in the Section 236 program. See PA at 408.

29. New Amsterdam submitted a Notice of Intent pursuant to LIHPRHA on May 3, 1993. See PA at 408-09.

30. HUD processed New Amsterdam under LIHPRHA and approved New Amsterdam's Plan of Action on February 12, 1997. See PA at 410.

31. New Amsterdam was eligible to prepay its mortgage in 1991 based on the expiration of twenty years from the date that the temporary occupancy certificate was issued for the property and nothing in the 1978 mortgage affected the prepayment eligibility date. See PA at 408-14; 201-201m.

Dated: September 9, 2008

NIXON PEABODY LLP

/s/ Harry J. Kelly
Harry J. Kelly
401 9th Street N.W., Suite 900
Washington, D.C. 20004
P: (202) 585-8000
F: (202) 585-8080
hkelly@nixonpeabody.com
Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I certify that on the 9th day of September 2008, a copy of "PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Harry J. Kelly
Harry J. Kelly