# In the United States Court of Federal Claims

No. 97-582 C
(Filed: September 26, 2012)

```
*************************************
                                    *
ALGONQUIN HEIGHTS                   *
ASSOCIATES L.P., et al.,            *
                                    *
               Plaintiffs,          *
                                    *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
               Defendant.           *
                                    *
*************************************
```

*Harry J. Kelly*, Nixon Peabody LLP, Washington, D.C., for Plaintiffs.

*David A. Harrington*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION

**DAMICH**, Judge:

Pending before the court is Defendant's motion for partial summary judgment with respect to several properties in this low-income housing case.

Plaintiffs are a number of owners and developers of low-income housing projects who claim a taking of their contractual right to prepay government-insured mortgages on their respective projects after 20 years and thereby to terminate certain governmental restrictions on rents and other aspects of the use of their properties. These "affordability restrictions" were part of their bargain to provide below-market rate rents to low-income tenants in exchange for mortgage guarantees and interest subsidies from the federal government. Defendant has moved for partial summary judgment here with respect to Plaintiffs' claims concerning three projects – Carriage House of Mishawaka I Apartments, New Amsterdam Apartments, and Dolly Ann

Apartments – on the grounds that they lacked any contractual right to prepay at the time of the alleged taking.[1]

The court denies Defendant's motion as moot with respect to Carriage House of Mishawaka I Apartments, denies it as to New Amsterdam Apartments, and grants Defendant's motion as to Dolly Ann Apartments.

Plaintiffs' takings claim regarding Carriage House of Mishawaka I Apartments was previously dismissed, along with nine other properties, for lack of subject matter jurisdiction in a ruling by the United States Court of Federal Claims on September 26, 2011.[2]  Thus, Defendant's motion regarding Carriage House of Mishawaka I Apartments is moot and denied accordingly.

Defendant's motion regarding New Amsterdam Apartments is founded on its assertion that the project owner "has failed to produce any document establishing a contractual right to prepay the project's mortgage without HUD's consent." Def.'s Mot. 8.  Plaintiff initially acknowledged that the relevant mortgage documentation was lacking, but argued that HUD regulatory policy, as well as its administrative processing of New Amsterdam Apartments in relation to financial incentives, had nonetheless established the project's right to prepay.  More convincing, however, is Plaintiff's ultimate submission of a copy of the mortgage note in conjunction with a status report filed by Plaintiffs on January 28, 2011.  See "Status Report Regarding Dolly Ann Apartments, Carriage House of Mishawaka I and New Amsterdam Apartments," Docket Entry # 141.  The mortgage note provides: "Privilege is reserved to pay the debt in whole or in part in an amount equal to one or more monthly payments on principal next due, on the first day of any month prior to maturity upon at least thirty (30) days' prior written notice to the holder." *Id.*, Exh. H.  Plaintiffs' proffer of this factual evidence is certainly sufficient to put in genuine dispute, if not definitively resolve, the contractual entitlement of the project to have prepaid its mortgage.  For that reason, Defendant's motion for partial summary judgment regarding New Amsterdam Apartments is denied.

The third and last of the projects to which Defendant's motion is directed is Dolly Ann Apartments.  Plaintiffs do not dispute that Attachment A to Dolly Ann's 1972 Deed of Trust Note "states that prepayment was precluded without HUD's consent for the 40 year term of the mortgage." *Id*. at 2.  Plaintiffs make the same argument respecting Dolly Ann Apartments, however, as they initially made respecting New Amsterdam Apartments, to wit, that HUD regulatory policy, as well as its administrative processing in relation to financial incentives, had nonetheless established the project's right to prepay.

This court has addressed, and rejected, that argument in full in its contemporaneous decision in *Anaheim Gardens, et al. v. United States*, # 93-655 C, on the Government's similar motion for partial summary judgment regarding a handful of properties in that case.  For the

---

[1]  Defendant initially included three additional projects, Suehar Associates, Town & Country Apartments, and Leader House Apartments, in its motion, but withdrew its action with respect to those projects in the course of the briefing herein.

[2]  *See Algonquin Heights L.P. v. United States*, 100 Fed. Cl. 792 (2011) (Judge Sweeney).

reasons stated in part 3.A. of that decision, the court grants Defendant's motion for partial summary judgment with respect to Dolly Ann Apartments.

                                                                       s/ Edward J. Damich
                                                                       EDWARD J. DAMICH
                                                                       Judge